1

**WRIGHT, FINLAY & ZAK, LLP**
Arnold L. Graff, Esq., SBN 269170

2

4665 MacArthur Court, Suite 200
Newport Beach, CA 92660

3

Telephone: (949) 477-5050
Fax: (949) 608-9142

4

agraff@wrightlegal.net

5

Attorneys for Secured Creditor, Val-Chris Investments, Inc, a California Corporation

6

**UNITED STATES BANKRUPTCY COURT**

7

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

8

In re:

9

FOOTHILL AND TOWNE LLC,

10

    Debtor.

| | |
|---|---|
| In re: | )   Case No.:  8:25-bk-10136-SC |
| | ) |
| FOOTHILL AND TOWNE LLC, | )   Chapter: 11 |
| | ) |
| Debtor. | )   **SECRETED CREDITOR'S LIMITED** |

Case No.:  8:25-bk-10136-SC

Chapter: 11

**SECURED CREDITOR'S LIMITED OPPOSITION TO DEBTOR'S MOTION TO (1) APPROVE SALE OF PROPERTY FREE AND CLEAR OF LIENS WITH SUCH LIEN TO ATTACH TO THE PROCEEDS PURSUANT TO 11 U.S.C. § 363(b) AND (f); (2) APPROVE SALE WITHOUT OVERBID OR APPROVE OVERBID PROCEDURES; AND (3) DETERMINE THAT BUYER IS ENTITLED TO PROTECTION PURSUANT TO 11 U.S.C.§ 363(m)**

Date:   April 2, 2025
Time:   1:30 p.m.
Crtrm.:  5C
Location: United States Bankruptcy Court
      411 West Fourth Street
      Santa Ana, CA 92701

   Val-Chris Investments, Inc, a California Corporation ("VCI"), the holder of a deed of trust secured by the real property located at **700 and 704 West Foothill Blvd., Pomona, CA 91767** (the "Subject Property"), which the debtor Foothill and Towne LLC ("Debtor") is seeking permission to sell, submits this limited opposition to the Motion to (1) Approve Sale of Property

Free and Clear of Liens with such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. § 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. § 363(m)("Sale Motion")[*See* ECF # 34], filed by Debtor in the above-referenced chapter 11 bankruptcy matter.

On or about July 2, 2024, Ashley Anh Thu Nguyen ("Nguyen"), the President of Penta Pacific, Inc., which is a 100% member of Debtor, obtained a loan for Debtor from VCI in the original amount of $2,200,000.00 (the "Note"), which requires 35 monthly interest-only payments of $25,648.33 each, commencing September 1, 2024 and continuing until a final lumpsum payment of the total unpaid loan balance, plus all accrued interest, unpaid fees, costs and charges, becomes due on or about August 1, 2027 (the "Maturity Date").  A true and correct copy of the Note is attached hereto as **Exhibit 1**.  VCI secured repayment of the subject loan by recording a deed of trust against the Subject Property on July 16, 2024, in the Orange County Recorder's Office, as instrument number 20240466652 (the "First Deed of Trust"). A true and correct copy of the First Deed of Trust is attached hereto as **Exhibit 2**. VCI further secured repayment of the subject loan by recording a separate deed of trust against certain other real property located at **104 Nest Pine, Irvine, CA 92602** (the "Irvine Property") on July 16, 2024, in the Orange County Recorder's Office, as instrument number 2024000178273 (the "Second Deed of Trust").  A true and correct copy of the Second Deed of Trust is attached hereto as **Exhibit 3**.

VCI does not oppose the Sale Motion, which seeks court permission to pay off VCI's total secured claim in full from the sale proceeds, including all post-petition interest, fees and costs, from escrow upon closing.  However, VCI requests that any order granting the Sale Motion includes a provision stating that should the approved sale not pay off VCI's loan in full, pursuant to an updated total payoff demand, the sale shall have no impact upon VCI's cross collateralized lien secured upon the Irvine Property.  VCI also requests that any order granting

the Sale Motion expressly state that VCI is under no obligation to release its lien with respect to the Irvine Property unless and until VCI's loan is paid off in full, pursuant to an updated total payoff demand.

The estimated total amount required to pay off VCI's loan, when the Bankruptcy commenced on January 17, 2025, was approximately $2,363,000.00, which amount is quickly increasing, as no payments are being made, and bankruptcy attorney's fees and costs continue to be incurred. VCI shall provide an updated total payoff demand to escrow and to Debtor's counsel prior to the hearing on the Sale Motion.

**WHEREFORE**, VCI requests that any order granting the Sale Motion include a provision providing for VCI to be paid in full directly from the close of escrow pursuant to an updated payoff, and if VCI is not paid in full, its lien shall remain in full force and effect with respect to the cross collateralized real property located at 104 Nest Pine, Irvine, CA 92602.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: March 21, 2025                    By: */s/ Arnold L. Graff, Esq.*
                                                      Arnold L. Graff, Esq.
                                                      Attorneys for Secured Creditor.

**EXHIBIT "1"**

# NOTE SECURED BY A DEED OF TRUST

Loan Number:             Date: **07/02/2024**                                    Irvine, California
**104 Nest Pine Irvine CA 92602; 700 & 704 East Foothill Boulevard Pomona CA 91767**

Property Address

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. **$2,200,000.00** (this amount will be called "principal"), plus interest, to the order of **Val-Chris Investments, Inc., a California Corporation** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

**2. INTEREST**

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **07/09/2024**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar monthly before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

**3. PAYMENTS**

My payments are ☒ Interest Only   ☐ Fully Amortized   ☐ Other

I will make my payments each monthly as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 35 | Monthly beginning 09/01/2024 | 13.990% | $25,648.33 |
| 1 | 08/01/2027 | 13.990% | $2,225,648.33 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **08/01/2027** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **Val-Chris Investments, Inc., 2601 Main Street, Suite 400 Irvine CA 92614**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **ten (10)** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.00%** of my overdue payment or U.S. **$5.00**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than **ten (10)** days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include without limitation, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests. I understand that any advances including Future Advances made will bear interest at the stated Note rate herein, or the Default Rate, as applicable.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE – PREPAYMENT PENALTIES**

CERTIFIED TO BE A TRUE AND EXACT
COPY OF THE ORIGINAL HEREOF

*(signature)* D. Cockwell

Exhibit 1

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **The undersigned Borrower/Trustor agrees to the Beneficiary named herein the first three ( 3 ) months of prepaid interest payments ( $76,944.99 ) There is no prepayment penalty after 6 months. The undersigned Borrower/ Trustor agrees to Guarantee the Beneficiary named herein six ( 6 ) months accrued interest on subject loan.**

**6.   NEGOTIATED RATE - INTEREST ON DEFAULT**
    **IF BORROWER IS IN DEFAULT UNDER THIS NOTE, OR IS IN DEFAULT UNDER ANY OTHER CLAUSE OF THE SECURITY INSTRUMENT, OR ANY OTHER INSTRUMENTS AND AGREEMENTS REQUIRED TO BE EXECUTED BY BORROWER OR ANY GUARANTOR IN CONNECTION WITH THE NOTE (COLLECTIVELY, ALONG WITH THE NOTE, THE "LOAN DOCUMENTS"), THEN THE ENTIRE UNPAID PRINCIPAL BALANCE ALONG WITH ANY ADVANCES MADE BY LENDER OR AGENT OF THE LENDER UNDER THIS NOTE SHALL AUTOMATICALLY BEAR AN ANNUAL INTEREST RATE (INSTEAD OF THE RATE SPECIFIED IN PARAGRAPH 3) EQUAL TO THE LESSER OF (A) SIX PERCENTAGE POINTS (6%) PER ANNUM ABOVE THE RATE OF INTEREST OTHERWISE APPLICABLE HEREUNDER, OR (B) THE MAXIMUM INTEREST RATE ALLOWED BY LAW (T HE "NEGOTIATED RATE") AND SUCH NEGOTIATED RATE WILL CONTINUE UNTIL EARLIER OF THE DATE UPON WHICH LENDER AGREES, IN WRITING, TO REINSTATE THE LOAN OR THE DATE THE AMOUNTS DUE UNDER THIS NOTE ARE PAID IN FULL. IF THE UNPAID PRINCIPAL
BALANCE, ADVANCES, AND ALL INTEREST ARE NOT PAID IN FULL ON THE MATURITY DATE, THE UNPAID PRINCIPAL BALANCE, ADVANCES AND ALL ACCRUED INTEREST SHALL BEAR INTEREST FROM THE MATURITY DATE AT THE NEGOTIATED RATE, INCLUDING ANY ACCELERATION OF THE NOTE DUE TO TITLE TRANSFER, FORECLOSURE OR ANY OTHER REASON FOR ACCELERATION. THIS CLAUSE, HOWEVER, SHALL NOT BE CONSTRUED AS AN AGREEMENT OR PRIVILEGE TO EXTEND THE DATE OF THE PAYMENT OF THE DEBT, NOR AS A WAIVER OF ANY OTHER RIGHT OR REMEDY ACCRUING TO LENDER BY REASON OF THE OCCURRENCE OF ANY EVENT OF DEFAULT. INTEREST AT THE NEGOTIATED RATE MAY NOT BE CALCULATED UNTIL A PAYOFF DEMAND IS REQUESTED, AT THE LENDER'S SOLE AND ABSOLUTE DISCRETION. LENDER IS NOT REQUIRED TO GIVE BORROWER ADDITIONAL NOTICE OF THE ACCRUAL OF INTEREST AT THE NEGOTIATED RATE. INTEREST AT THE NEGOTIATED RATE IS CHARGED OR ACCRUED AT THE LENDER'S SOLE AND ABSOLUTE DISCRETION.**

**BORROWER ACKNOWLEDGES AND AGREES THAT IT WOULD BE EXTREMELY DIFFICULT OR IMPRACTICAL TO DETERMINE, PRIOR TO SIGNING THE NOTE, THE ACTUAL DAMAGES WHICH WOULD BE SUFFERED BY LENDER IF BORROWER FAILS TO REMIT TIMELY PAYMENTS HEREUNDER OR FROM BORROWER'S FAILURE TO PAY THE PRINCIPAL, ACCRUED INTEREST AND OTHER SUMS DUE ON THE MATURITY DATE, AND THAT LENDER'S DAMAGES WOULD INCLUDE, WITHOUT LIMITATION,**

**(1) THE LENDER TO INCUR EXTRA COST IN SERVICING THE LOAN; (2) THE LENDER'S LOSS OF USE OF THE MONEY IT WOULD OTHERWISE HAVE RECEIVED FROM THE BORROWER AND ALSO MONEY THAT THE LENDER MUST EXPEND IN ADVANCES PAID ON BEHALF OF BORROWER, WHICH HAMPERS THE LENDER'S ABILITY TO MEET ITS OTHER OBLIGATIONS AND DEPRIVES THE LENDER OF AVAILING THEMSELVES OF OTHER INVESTMENT OPPORTUNITIES; (3) A MATERIAL INCREASE IN THE RISK OF NONPAYMENT OF THE NOTE, FOR WHICH ADDITIONAL RISK THE LENDER SHOULD BE COMPENSATED, (4) A LOSS OF GOODWILL WITH INVESTORS RESULTING IN AN INCREASE IN THE LENDER'S COST OF CAPITAL, AND (5) A REDUCTION IN THE LENDER'S ABILITY TO FUND OTHER LOANS DUE TO AN INABILITY TO SELL THE DEFAULTED LOAN AT PAR VALUE**

**BORROWER THEREFORE AGREES THAT THE FOREGOING RATE OF INTEREST, THE NEGOTIATED RATE, PLUS LATE CHARGES, IS NOT A PENALTY BUT A REASONABLE ESTIMATE OF THE LOSS THAT MAY BE SUSTAINED BY THE NOTE HOLDER BASED ON BORROWER'S DEFAULT AND SAID AMOUNT CONSTITUTES REASONABLE DAMAGES PAYABLE TO LENDER UNDER THE CIRCUMSTANCES EXISTING AT THE TIME THIS CONTRACT WAS MADE.**

**ANY REFERENCE TO "DEFAULT RATE" IN THIS NOTE, IN THE DEED OF TRUST OR IN OTHER LOAN DOCUMENTS SHALL REFER TO THE NEGOTIATED RATE SET FORTH IN THIS PARAGRAPH.**

**7.  INTEREST ON INTEREST/INTEREST ON ADVANCES**

Exhibit 1

If any interest payment under this Note is not paid when due, the unpaid interest shall be added to the principal of this Note, shall become and be treated as principal, and shall thereafter bear like interest.

If the Note Holder or its agent makes any financial advances hereunder I agree to pay a **three percent (3%)** advance fee charge for each applicable advance made along with interest on said advance(s) as more fully described under paragraph 4(c) of this Note.

## 8. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 9. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 10. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

_Ashley Nguyen_     7/2/2024
Borrower     Ashley Anh Thu Nguyen     Date

Exhibit 1

**EXHIBIT "2"**

**This page is part of your document - DO NOT DISCARD**



## 20240466652

Pages:
0008

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/16/24 AT 08:00AM**

|          |       |
|----------|-------|
| FEES:    | 65.00 |
| TAXES:   | 0.00  |
| OTHER:   | 0.00  |
| PAID:    | 65.00 |

**L E A D S H E E T**

**SEQ:**
**02**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

Exhibit 2

Priority Title

Recording Requested By
Val-Chris Investments, Inc., A California
Corporation

**When Recorded Mail To**
Val-Chris Investments, Inc., A California
Corporation
2601 Main Street, Suite 400
Irvine  CA  92614

Title Order No.

Space above this line for recorder's use

# DEED OF TRUST

Loan No.

This Deed of Trust, made this **2nd** day of **July 2024**, among the Trustor, **Ashley Anh Thu Nguyen, an Unmarried Woman,** **whose mailing address is 104 Nest Pine, Irvine, CA 92602** (herein "Borrower"), **Worldwide Lenders, Inc., a Delaware** **Corporation** (herein "Trustee"), and the Beneficiary, **Val-Chris Investments, Inc., a California Corporation Val-Chris** **Investments, Inc., a California Corporation** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

**BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers,** **conveys and assigns to Trustee, in trust, with power of sale, the following described property: See addendum attached**(herein "Property Address");    *See Exhibit A*

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **07/02/2024**, in the principal sum of U.S. **$2,200,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:
   **1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.
   **2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium

## Exhibit 2

installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take

Applied Business Software, Inc. (800) 833-3343
Deed of Trust edited

Exhibit 2

such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Val-Chris Investments, Inc., 2601 Main Street, Suite 400 Irvine CA 92614** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property

Exhibit 2

and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

**26. Waiver of Marshalling; Other Waivers.** To the extent permitted by law, Borrower waives: (i) the benefit of all present or future laws providing for any appraisal before sale of any portion of the Property; (ii) all rights of redemption, valuation, appraisal, stay of execution, notice of election to mature or declare due the whole of the indebtedness and marshalling in the event of foreclosure of the lien created by this Security Instrument; (iii) all rights and remedies which Borrower may have or be able to assert by reason of the laws of the State of California pertaining to the rights and remedies of sureties; (iv) the right to assert any statute of limitations as a bar to the enforcement of the lien of this Security Instrument or to any action brought to enforce the Note or any other obligation secured by this Security Instrument; and (v) any rights, legal or equitable, to require marshalling of assets or to require upon foreclosure sales in a particular order, including any rights under California Civil Code §§ 2899, 2924g and 3433. For clarification, it is required under this security instrument to sell all properties secured by this security instrument at one trustee sale until such time Lender withdraws said requirement. Lender shall have sole rights to withdraw this requirement.

Exhibit 2

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

_Ashley Nguyen_       7/2/2024
Borrower    Ashley Anh Thu Nguyen         Date

Ashley Anh Thu Nguyen

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Orange

On July 02nd, 2024 before me, Sugey Bernal, Notary Public,
personally appeared Ashley Anh Thu Nguyen

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____                    (Seal)

SUGEY BERNAL
COMM. # 2429637
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
COMM. EXPIRES JAN. 2, 2027

### REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this** Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____    _____    _____    _____
Signature of Beneficiary (the "LENDER")    Date    Signature of Beneficiary (the "LENDER")    Date

When recorded, mail to
Att: _____

Exhibit 2

**Property Information for Loan Number:**

**Property #2**
Address: 700 & 704 East Foothill Boulevard Pomona CA 91767
County:  Los Angeles, State of California
Legal Description: See legal description attached "Exhibit A"
APN: 8367-003-024 and 8367-003-023

Exhibit 2

## Exhibit "A"

### LEGAL DESCRIPTION

PARCEL 1:

THAT PORTION OF LOT 2 OF SECTION 8, TOWNSHIP 1 SOUTH, RANGE 8 WEST, SAN
BERNARDINO BASE AND MERIDIAN, IN THE CITY OF POMONA, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF,
DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE CENTER LINE OF FOOTHILL BOULEVARD
(100.00 FEET WIDE) AS SHOWN ON RECORD OF SURVEY FILED IN BOOK 82, PAGE 27
OF RECORD OF SURVEYS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY, WITH THE NORTHERLY PROLONGATION OF THE WESTERLY LINE OF
PARCEL 3 OF SAID RECORD OF SURVEY; THENCE ALONG SAID PROLONGATION
SOUTH 0° 20' 15" EAST 30.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE
PARALLEL WITH SAID CENTER LINE OF FOOTHILL BOULEVARD NORTH 89° 09' 25"
WEST TO THE NORTHERLY PROLONGATION OF A CERTAIN COURSE IN THE EASTERLY
LINE OF TRACT 22678, AS PER MAP RECORDED IN BOOK 602, PAGES 62 TO 65
INCLUSIVE OF MAPS, SAID CERTAIN COURSE HAVING A BEARING LENGTH OF NORTH
0° 20' 15" WEST 75.90 FEET THENCE SOUTH 0° 20' 15" EAST ALONG SAID LAST
MENTIONED PROLONGATION AND ALONG SAID CERTAIN COURSE TO THE MOST
SOUTHERLY TERMINUS OF SAID CERTAIN COURSE; THENCE NORTH 89° 41' 30" EAST
ALONG THE NORTHERLY LINE OF SAID TRACT 22678 TO THE SOUTHWESTERLY
CORNER OF SAID PARCEL 3; THENCE NORTH 0° 20' 15" WEST ALONG SAID
WESTERLY LINE OF SAID PARCEL 3 AND ITS NORTHERLY PROLONGATION TO THE
TRUE POINT OF BEGINNING.

PARCEL 2:

PARCELS 2 AND 3, IN THE CITY OF POMONA, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS SHOWN ON RECORD OF SURVEY MAP FILED IN BOOK 82, PAGE 27
OF RECORD OF SURVEYS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

PARCEL 2A:

AN EASEMENT FOR INGRESS, EGRESS, PUBLIC UTILITIES AND SEWER PURPOSES
OVER THE WEST 10.00 FEET OF PARCEL 1, IN THE CITY OF POMONA, AS SHOWN ON
RECORD OF SURVEY MAP FILED IN BOOK 82, PAGE 27 OF RECORD OF SURVEYS, IN
THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 8367-003-024 and 8367-003-023

Exhibit 2

**EXHIBIT "3"**

103.00

*SR00150464437S*

2024000178273 8:00 am 07/16/24

371 NC-5 D11   7

0.00 0.00 0.00 0.00 18.00 0.00 0.000.0075.00 3.00

*Recording Requested By*
Val-Chris Investments, Inc., A California
Corporation

**When Recorded Mail To**
Val-Chris Investments, Inc., A California
Corporation
2601 Main Street, Suite 400
Irvine  CA  92614

Title Order No.

Space above this line for recorder's use

# DEED OF TRUST

Loan No.

This Deed of Trust, made this **2nd** day of **July 2024**, among the Trustor, **Ashley Anh Thu Nguyen, an Unmarried Woman,**
**whose mailing address is 104 Nest Pine, Irvine, CA 92602** (herein "Borrower"), **Worldwide Lenders, Inc., a Delaware**
**Corporation** (herein "Trustee"), and the Beneficiary, **Val-Chris Investments, Inc., a California Corporation Val-Chris**
**Investments, Inc., a California Corporation** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more
than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or
foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or
other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from
foreclosure or receipt of a deed in lieu of foreclosure.

### GRANT IN TRUST

**BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers,**
**conveys and assigns to Trustee, in trust, with power of sale, the following described property: See addendum attached(herein**
"Property Address"); *See Exhibit A*

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents
(subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas
rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which,
including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust;
and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred
to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **07/02/2024**, in the principal sum of U.S.
**$2,200,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith
to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b)
repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein
"Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions,
modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest;
and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the
**Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend**
generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:
**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the
indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any
Future Advances secured by the Deed of Trust.
**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to
Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein
"Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments,
if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium

Exhibit 3

installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take

Exhibit 3

such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Val-Chris Investments, Inc., 2601 Main Street, Suite 400 Irvine CA 92614** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property

Exhibit 3

and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

**26. Waiver of Marshalling; Other Waivers.** To the extent permitted by law, Borrower waives: (i) the benefit of all present or future laws providing for any appraisal before sale of any portion of the Property; (ii) all rights of redemption, valuation, appraisal, stay of execution, notice of election to mature or declare due the whole of the indebtedness and marshalling in the event of foreclosure of the lien created by this Security Instrument; (iii) all rights and remedies which Borrower may have or be able to assert by reason of the laws of the State of California pertaining to the rights and remedies of sureties; (iv) the right to assert any statute of limitations as a bar to the enforcement of the lien of this Security Instrument or to any action brought to enforce the Note or any other obligation secured by this Security Instrument; and (v) any rights, legal or equitable, to require marshalling of assets or to require upon foreclosure sales in a particular order, including any rights under California Civil Code §§ 2899, 2924g and 3433. For clarification, it is required under this security instrument to sell all properties secured by this security instrument at one trustee sale until such time Lender withdraws said requirement. Lender shall have sole rights to withdraw this requirement.

Exhibit 3

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

_Ashley Nguyen_ _7/2/2024_

Borrower    Ashley Anh Thu Nguyen    Date

Ashley Anh Thu Nguyen

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California

County of _Orange_

On _July 02nd, 2024_ before me, _Sugey Bernal Notary Public_ ,

personally appeared _Ashley Anh Thu Nguyen_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____    (Seal)

SUGEY BERNAL
COMM. # 2429637
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
COMM. EXPIRES JAN. 2, 2027

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this** Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Signature of Beneficiary (the "LENDER")    Date        Signature of Beneficiary (the "LENDER")    Date

When recorded, mail to
Att: _____

Exhibit 3

**Property Information for Loan Number:**

**Property #1**
Address: 104 Nest Pine Irvine CA 92602
County:  Orange, State of California
Legal Description: See legal description attached "exhibit A"
APN:  527-404-16

Exhibit 3

# Exhibit "A"

## LEGAL DESCRIPTION

LOT 138 OF TRACT MAP NO. 17746, IN THE CITY OF IRVINE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 962, PAGES 1 THROUGH 36, INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING FROM THE LAND, ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR, AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND, AS RESERVED BY THE IRVINE COMPANY, A DELAWARE CORPORATION IN THE GRANT DEED RECORDED NOVEMBER 30, 2005 AS INSTRUMENT NO. 2005000953645 OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM ALL WATER RIGHTS, INCLUDING RIGHTS CLASSIFIED AS OVERLYING, RIPARIAN, APPROPRIATIVE OR OTHER CLASSIFICATION, DERIVED FROM USAGE, EXTRACTION OR DIVERSION UPON OR OTHERWISE PERTAINING TO THE ABOVE LAND AS CONVEYED TO IRVINE RANCH WATER DISTRICT BY QUITCLAIM DEED RECORDED JUNE 21, 2006 AS INSTRUMENT NO. 2006000416403 OF OFFICIAL RECORDS.

APN: 527-404-16

Exhibit 3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4665 MacArthur Court, #200, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*):  Limited Opposition to the Motion to (1) Approve Sale of Property Free and Clear of Liens with such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. §363(b) and (f) (2) Approve Sale Without Overbid or Approve Overbid Procedures; & (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. § 363(m) with Proof of Service of Document
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/21/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  03/21/2025_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/21/2025 | JACKIE POWELL | /s/ Jackie Powell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Foothill and Towne LLC | | |
| | Debtor(s). | CASE NO.:  8:25-bk-10136-SC |

**ADDITIONAL SERVICE INFORMATION** (if needed):

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Jess R Bressi    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
Arnold L Graff    agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
Kenneth Misken    Kenneth.M.Misken@usdoj.gov
Michael J Peng    mpeng@stonesalluslaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Stephen R Wade    srw@srwadelaw.com, reception@srwadelaw.com
Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com

SERVED BY UNITED STATES MAIL:

DEBTOR:
Foothill and Towne LLC
104 Nest Pine
Irvine, CA 92602

DEBTOR'S COUNSEL:
Stephen R Wade
The Law Offices of Stephen R Wade
5150 E Pacific Coast Hwy Ste 210
Long Beach, CA 90804

UNITED STATES TRUSTEE:
United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

COUNSEL FOR UNITED STATES TRUSTEE:
Office of the United States Trustee - DOJ
Attn: Kenneth Misken
411 W. Fourth St, #7160
Santa Ana, CA 92701