LAW OFFICES OF STEPHEN R. WADE
Stephen R. Wade CBN 79219
5150 E. Pacific Coast Hwy. Ste. 210
Long Beach, CA 90804
Telephone (909) 575-7597
srw@srwadelaw.com
Attorneys for: DEBTOR

**FILED & ENTERED**

APR 29 2025

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte     DEPUTY CLERK**

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

In re:

FOOTHILL AND TOWNE, LLC, a California limited liability company,
                    DEBTOR

Case No.: 8:25-bk-10136-SC

Hon. Scott C. Clarkson

CHAPTER 11

**ORDER GRANTING MOTION TO (1) APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF DISPUTED LIEN WITH SUCH LIEN TO ATTACH TO THE PROCEEDS PURSUANT TO 11 U.S.C. 363(b) AND (f); (2) APPROVE SALE WITHOUT OVERBID OR APPROVE OVERBID PROCEDURES; AND (3) DETERMINE THAT BUYER IS ENTITLED TO PROTECTION PURSUANT TO 11 U.S.C. 363(m)**

HEARING:
Date: April 2, 2025
Time: 1:30 p.m.
Place: Courtroom 5C
        Ronald Reagan Federal Building
        411 West 4th Street
        Santa Ana, California 92701

5540033V1 | 101531-0005

The Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant To 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m) (the "Motion") [docket No. 34] filed by Debtor Foothill and Towne, LLC, a California limited liability company aka Foothill & Towne, LLC ("Debtor," "Foothill" or "Seller") came on for regular hearing on April 2, 2024, the Honorable Scott C. Clarkson, United States Bankruptcy Judge presiding.

Stephen R. Wade appeared on behalf of the Debtor Foothill. Jess Bressi of Dentons US LLP appeared on behalf of the proposed buyer, Foothill Place, LLC ("Buyer"). Other parties appeared as reflected on the Court's record.

The Court, having considered the Motion, the Declarations of Ashley Nguyen, Gene Tsair, and Jordan Gardner in support of the Motion, the oppositions and replies filed thereto, the arguments and representations of counsel, and the record in this case, and having found that proper notice has been given; and that the Debtor has engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Property under the circumstances of this case, and good cause having been shown, the Court finds and orders as follows:

1.      The Motion is GRANTED.

2.      Pursuant to Bankruptcy Code §§ 363(b) and 363(f), Debtor Foothill is authorized to sell its interest in the real and personal property commonly known as 700 and 704 West Foothill Boulevard, in the City of Pomona, County of Los Angeles, State of California (the "Property") to Buyer Foothill Place, LLC, a Delaware limited liability company, successor

5540033V1 | 101531-0005

ORDER GRANTING MOTION TO SELL
PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS
2

US_ACTIVE\130026312\V-1

by assignment to G3 Urban, for the sum of $6,200,000.00. The Property is legally described as follows:

Parcel 1: That portion of Lot 2 of Section 8, Township 1 South, Range 8 West, San Bernardino Base and Meridian, in the City of Pomona, County of Los Angeles, State of California, according to the Official Plat thereof, described as follows:

Beginning at the intersection of the center line of foothill Boulevard (100.00 feet wide) as shown on record of survey filed in Book 82, Page 27 of record of surveys, in the Office of the County recorder of said County, with the Northerly prolongation of the Westerly line of Parcel 3 of said record of survey; thence along said Prolongation South 0° 20' 15" East 30.00 feet to the true point of beginning; thence Parallel with said center line of foothill boulevard North 89° 09' 25" West to the Northerly prolongation of a certain course in the Easterly line of Tract 22678, as per Map recorded in Book 602, Pages 62 to 65 inclusive of Maps, said certain course having a bearing length of North 0° 20' 15" West 75.90 feet thence South 0° 20' 15" East along said last mentioned prolongation and along said certain course to the most Southerly terminus of said certain course; thence North 89° 41' 30" East along the Northerly line of said Tract 22678 to the Southwesterly corner of said Parcel 3; Thence North 0° 20' 15" West along said Westerly line of said Parcel 3 and its Northerly prolongation to the true point of beginning.

Parcel 2: Parcels 2 and 3, in the City of Pomona, County of Los Angeles, State of California, as shown on record of survey Map filed in Book 82, Page 27 of record of surveys, in the Office of the County recorder of said County.

Parcel 3: An easement for ingress, egress, public utilities and sewer purposes over the West 10.00 feet of Parcel 1, in the City of Pomona, as shown on record of survey Map filed in Book 82, Page 27 of record of surveys, in the Office of the County recorder of said County.

APN Nos. 8367-003-024 and 8367-003-023

3.     The sale of the Property to the Buyer shall be on the terms and conditions as set forth in the pre-petition "Vacant Land Purchase Agreement and Joint Escrow Instructions," dated February 7, 2024, Exhibit 1 to the Nguyen Declaration, as modified by the First Amendment of Existing Agreement Terms No. 1, dated November 27, 2024, a copy of which was attached to the Nguyen Declaration as Exhibit 2, and the Second Amendment to the PSA dated as of January 14, 2025, a copy of which was attached to the Nguyen Declaration as Exhibit 3 (Exhibits 1, 2, and 3, collectively, the "PSA"). Debtor is authorized to use Orange Coast Title Company as the escrow company for the transaction approved by this Order (the "Escrow

5540033V1 | 101531-0005

ORDER GRANTING MOTION TO SELL
PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS
3

US_ACTIVE\130026312\V-1

Holder").

4.      The sale of the Property to the Buyer shall be free and clear of all liens, claims and encumbrances pursuant to Bankruptcy Code § 363(f). Specifically, the sale of the Property to the Buyer shall be free and clear of the following liens on the Property:

i.      Defaulted Real Property Taxes to the County Los Angeles for 2023/2024 for $11,186.43 as of March, 2025 plus accrued interest;

Defaulted Real Property Taxes to the County Los Angeles for 2023/2024 for $19,457 as of March, 2025 plus accrued interest;

ii.     A Deed of Trust in favor of Pacific Loan Works in favor of RJS Financial, Inc. securing an obligation in the original principal amount of $1,950,000 recorded on March 7, 2023, as document #2023-143596 in the Official Records of Los Angeles County, California (the "Pacific Loan Works Deed of Trust");

iii.    A Deed of Trust in favor of Green Lotus Group securing a purported obligation in the original amount of $1,000,000 recorded April 3, 2023 as document #2023-209904 in the Official Records of Los Angeles County, California (the "Green Lotus Deed of Trust");

iv.     The City of Pomona's Right to Purchase contained in a Grant Deed recorded June 13, 2017, as Document # 2017-700485 in the Official Records of Los Angeles County, California;

v.      A Memorandum of Sale Agreement between Foothill & Towne, LLC and G3 Urban recorded on April 2, 2024, as document #2024-0213763 in the Official Records of Los Angeles County, California;

vi.     An instrument entitled "notice of building(s) structures(s) or premises classified as either hazardous substandard or a nuisance recorded July 8, 2024, as document # 2024-0443387 in the Official Records of Los Angeles County, California;

vii.    A Deed of Trust to secure an indebtedness in the original principal sum of $2,200,000 by Ashley Ahn Tu Nguyen in favor of Val-Chris Investments Inc., recorded July 16, 2024 as document # 2024-0466652, in the Official Records of Los Angeles County, California (the "Val Chris Deed of Trust"); and

5540033V1 | 101531-0005

ORDER GRANTING MOTION TO SELL
PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS
4

US_ACTIVE\130026312\V-1

viii.   A "floating" restrictive covenant agreed to be released by the City of Pomona, recorded May 24, 1974, as Instrument No. 1974-3566, in the Official Records of Los Angeles County, California.

5.   Pursuant to § 363(f)(1) of the Bankruptcy Code, the sale of the Property under the terms and conditions set forth in the PSA shall be free and clear of the liens, claims, encumbrances, and other interests of any kind or nature whatsoever (an "Interest") of the items listed above in subparagraphs 4 (i), (ii), (iv), (v), (vi), (vii), and (viii). The written approvals by the holders of the Interests listed in subparagraphs 4 (ii) and (vii) above as to the amounts of their respective payoffs will be obtained prior to the close of escrow.

6.   In the event Val-Chris Investments consents to accept less than a full payoff of its Deed of Trust on the Property upon closing, Val-Chris shall retain its separate deed of trust lien against the real property located at 104 Nest Pine, in the City of Irvine, County of Orange, State of California (the "Irvine Property"), recorded on July 16, 2024  as instrument No. 2024000178273 in the Official Records of the County of Orange, California. Val-Chris' separate deed of trust lien shall remain in full force and effect with respect to the Irvine Property unless and until the full remaining balance on its obligation has been paid in full pursuant to an updated total payoff demand.

7.   The sale free and clear of the lien of Green Lotus Group listed in subparagraph 4 (iii) above will be made pursuant to 11 U.S.C. 363(f)(4) with the sum of $1,500,000 being held at close by the Client Trust Account of Stephen R. Wade, counsel for the Debtor in Possession, pending further Order of the Bankruptcy Court provided that any such Interest shall attach to the funds retained with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Property, subject to any claims, defenses, or challenges that the Debtor, any successors to the Debtor, or other party-in-interest may possess with respect thereto. Any such Interest asserted by Green Lotus Group shall be transferred and attach to the proceeds of the sale with the same validity and priority, and

subject to the same claims, defenses and challenges that such lien had against the Property immediately prior to the closing of the transaction provided for in this Order.

8.      Debtor Foothill is authorized, and empowered to: (i) perform under, consummate, and implement the PSA, (ii) execute any and all additional instruments and documents that may be reasonably necessary or desirable to implement the PSA and the transactions contemplated by the PSA, (iii) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, or transferring the Property as contemplated by the PSA, and (iv) take such other and further steps as are contemplated by the PSA or reasonably required to fulfill the Seller's obligations under the PSA, all without further order of the court.

9.      The Escrow Holder shall pay via wire transfer or other electronic means of payment (unless payment by electronic means cannot be reasonably accomplished) the following items from the Property's sale proceeds at the time of the closing on the sale of the Property directly from escrow:

a.      Unpaid and due real property taxes;

b.      Escrow fees, transfer taxes and other ordinary costs of sale to be paid and divided between parties as provided for in the PSA;

c.      $100,000 to the City of Pomona pursuant to the Settlement Agreement between Seller and the City of Pomona relating to the termination of the City's right to repurchase;

d.      The funds due the City of Pomona relating to the nuisance abatement and related charges;

e.      The claims of secured creditors' (i) RJS Financial, Inc. (administered by Pacific Loan Works) and (ii) Val-Chris Investments Inc., pursuant to the demands received from said secured creditors (which payments shall be made by wire transfer or other electronic means at close); and

5540033V1 | 101531-0005

ORDER GRANTING MOTION TO SELL
PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS

6

US_ACTIVE\130026312\V-1

f.      The sum of One Million Five Hundred Thousand and 00/00 ($1,500,000) from the proceeds of the sale which shall be deposited into the Client Trust Account of Stephen R. Wade, with the disputed lien of Green Lotus Holdings, LLC to attach to such Client Trust Account pending further order of this Court or an agreement of the parties approved by the Court.

10.      The Buyer is a good faith purchaser pursuant to Bankruptcy Code § 363(m) and, as such, is entitled to all protections afforded under Bankruptcy Code § 363(m).

11.      This court retains jurisdiction to (i) enforce and implement the terms and provisions of the PSA, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection with the sale of the Property; (ii) compel delivery and payment of the consideration provided for under the sale transaction; (iii) resolve any disputes, controversies or claims arising out of or relating to the sale transaction; and (iv) interpret, implement, and enforce the provisions of this order.

12.      The validity of the sale approved hereby shall not be affected by the appointment of a trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code. The terms and provisions of the PSA and this Order will inure to the benefit of the Debtor, its bankruptcy estate, its creditors, the Buyer and all agents, representatives, affiliates, and permitted successors and assigns of the Buyer, and any other affected third parties, including all persons asserting any interests or claims in the Property to be sold to the Buyer pursuant to the PSA, notwithstanding any subsequent appointment of any trustee(s), party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or other fiduciary such terms and provisions likewise will be binding.

5540033V1 | 101531-0005

ORDER GRANTING MOTION TO SELL
PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS

US_ACTIVE\130026312\V-1

The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this chapter 11 case pursuant to Bankruptcy Rule 9014. To the extent that any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

#      #      #      #

Date: April 29, 2025

Scott C. Clarkson
United States Bankruptcy Judge

5540033V1 | 101531-0005

ORDER GRANTING MOTION TO SELL
PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS

8

US_ACTIVE\130026312\V-1