Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS, LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: (949) 851-7450
Facsimile: (949) 851-6926

General Bankruptcy Counsel for
Karen Sue Naylor, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FOOTHILL AND TOWNE, LLC,<br><br>Debtor. | Case No. 8:25-bk-10136-SC<br><br>Chapter 7 Proceeding<br><br>**NOTICE OF MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING COMPROMISE AND SETTLEMENT WITH CLAIMANT VAL-CHRIS INVESTMENTS, INC. FOR DISTRIBUTION OF SEGREGATED FUNDS IN FULL SATISFACTION OF DISPUTED SECURED CLAIM**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Karen Sue Naylor, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the Debtor, *Foothill and Towne, LLC* (the "Debtor"), has moved the Court (the "Motion") for an order approving a compromise and settlement (the "Proposed Settlement") with disputed secured creditor Val-Chris Investments, Inc. ("Val-Chris") resolving the claim of Val-Chris against the Estate, including its claim to funds segregated following the sale of the real property of the Estate located at 700-704 West[1], Pomona, CA (the "Foothill Property").

---

[1] In some instances, the location of the Foothill Property has been reflected as 700-704 East Foothill Boulevard, Pomona, CA. In others, the location has been reflected as 700 and 704 East Foothill Boulevard.

# SUMMARY OF MOTION

## A. Case Background.

The Debtor commenced a Chapter 11 bankruptcy proceeding on January 17, 2025 (the "Petition Date") styled *In re Foothill and Towne LLC*, Case No. 8:25-bk-10136-SC, before the United States Bankruptcy Court, Central District of California, Santa Ana Division (the "Court").

On July 1, 2025 (the "Conversion Date"), the Court entered an *Order Converting Case to Chapter 7* [Dkt. No. 68].

On July 2, 2025, Karen Sue Naylor was appointed as acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate") [Dkt. No. 72].

## B. Penta Pacific and Ashley Nguyen.

The 100% member of the Debtor is Penta Pacific, Inc. ("Penta Pacific") [Dkt. No. 3]. The Trustee is informed and believes that Ashley Nguyen ("Nguyen") is the president and sole shareholder of Penta Pacific.

Nguyen filed an individual Chapter 11 bankruptcy proceeding on February 25, 2024 styled *In re Ashley Nguyen*, Case No. 8:24-bk-10451-SC (the "Nguyen Bankruptcy Case"). On June 21, 2024, Nguyen filed in the Nguyen Bankruptcy Case a *Notice of Motion and Motion for an Order: (1) Approving the Borrowing of Funds by the Debtor Secured by Property of the Estate (11 U.S. 364 (c); (2) Waiving the 14 Day Stays of FRBP 6004(H) and 6004(D)* (the "Motion to Borrow") [Nguyen Bankruptcy Case Dkt. No. 75], seeking authority to borrow funds from Val-Chris, to be secured by her primary residence located at 104 Nest Pine, Irvine, California (the "Nguyen Irvine Property"). An order approving the proposed borrowing was entered on June 28, 2024 (the "Borrowing Order") [Nguyen Bankruptcy Case Dkt. No. 94].

On July 11, 2024, Nguyen and SO-Capital, Inc. ("SO-Capital"), the then holder of the second priority deed of trust encumbering the Nguyen's Irvine Property, submitted to the Court in the Nguyen Bankruptcy Case a *Stipulation to Amend Order Granting Motion Approving Borrowing by the Debtor in Possession Secured by a Lien on Property of the Estate* (the "Stipulation to Amend Borrowing Order") [Nguyen Bankruptcy Case Dkt. No. 94]. By this stipulation, Nguyen and SO-Capital requested an amended Borrowing Order providing that the intended loan from Val-Chris be secured by the Nguyen Irvine Property, as well as the Foothill Property. The stipulation was approved by order entered July 12, 2024 (the "Stipulated Borrowing Order") [Dkt. No. 95]. Based upon the Trustee's review of the Nguyen Bankruptcy Case docket, she is informed and believes that the Motion to Borrow was served on all creditors in the Nguyen Bankruptcy Case. The Stipulation to Amend Borrowing Order was served only on ECF parties, and one additional person via mail who appears to be a broker involved in the loan transaction.

Val-Chris funded the loan to Nguyen on or about July 15, 2024, recording deeds of trust against the Nguyen Irvine Property and the Foothill Property on July 16, 2024.

## C. The Sale of the Foothill Property and Segregation of Net Proceeds.

As of the Petition Date and the Conversion Date, the primary asset of the Estate was the Foothill Property. Post-petition on March 11, 2025, prior to the Trustee's appointment, the Debtor filed its *Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* (the "Sale Motion") [Dkt. No. 34]. The Sale Motion relates to the Foothill Property.

On March 21, 2025, Val-Chris filed its *Secured Creditor's Limited Opposition to Debtor's Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* [Dkt. No. 44], based upon its secured claim asserted against the Foothill Property.

The *Order Granting Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* (the "Sale Order") was entered by the Court on April 29, 2025 [Dkt. No. 55]. The Sale Order provided for the sale of the Foothill Property free and clear of the disputed Val-Chris claim, among others, with the proviso that the Val-Chris claim be paid through escrow pursuant to a demand to be submitted by Val-Chris.

As of the time of the Trustee's appointment, escrow was pending regarding the proposed sale of the Foothill Property. Given changed circumstances relating to the Foothill Property and the Sale Order, on July 18, 2025 the Trustee caused to be filed a *Stipulation re: Amendment of Order Granting Motion to (1) Approve Sale of Real Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* [Dkt. No. 79], which stipulation, at Recital I, proposed to modify the terms of the Sale Order to provide as follows:

> "The sale free and clear of the lien of Val-Chris Investments listed in subparagraph 4 (vii) above will be made pursuant to 11 U.S.C. 363(f)(4) with the sum of $141,268.26 to be distributed to Val-Chris Investments through escrow on account of its claim, with the balance of the net sale proceeds from the sale of the Property, after payment of the items listed in paragraph 9 a, b, c, d, e, f, g, and the $141,268.26 referenced herein, being held at close by the Chapter 7 Trustee, pending further Order of the Bankruptcy Court, provided that any such secured Interest shall attach to the funds retained with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Property, subject to any claims, defenses, or challenges that the Debtor, any successors to the Debtor, or other party-in-interest may possess with respect thereto. Any such secured Interest asserted by Val-Chris shall be transferred and attach to the proceeds of the sale with the same validity and priority, and subject to the same claims, defenses and challenges that such lien had against the Property immediately prior to the closing of the transaction provided for in this Order. Val-Chris shall retain its separate deed of trust lien against the real property located at 104 Nest Pine, in the City of Irvine, County of Orange, State of California (the "Irvine Property"), recorded on July 16, 2024 as instrument No. 2024000178273 in the Official Records of the County of Orange, California. Val-Chris' separate deed of trust lien shall remain in full force and effect with respect to the Irvine Property unless and until the full remaining balance on its obligation has been paid in full."

The stipulation was approved by order entered July 18, 2025 [Dkt. No. 83], with an *Amended Order Granting Motion to (1) Approve Sale of Real Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* [Dkt. No. 82] entered the same day (the "Amended Sale Order"). The Amended Sale Order includes the language in Recital I above

regarding the Val-Chris disputed secured claim.  The sale of the Foothill Property thereafter closed on July 24, 2025 (see, *Trustee's Report of Sale Pursuant to Federal Rules of Bankruptcy Procedure 6004(f)(1)* [Dkt. No. 94]), with the sum of $141,268.26 paid to Val-Chris through escrow, and the sum of $1,596,433.66[2] thereafter segregated by the Trustee from the sale proceeds for the benefit of creditor Val-Chris (the "Segregated Funds").

**D.   The Estate's Claims Against Val-Chris and Negotiation of the Proposed Settlement.**

Subsequent to the sale of the Foothill Property, the Trustee has investigated the facts and circumstances regarding the disputed Val-Chris claim, and believes that the Estate has valid claims against Val-Chris, including but not limited to pursuant to 11 U.S.C. Sections 548 and 550 (the "Claims").   Specifically, beyond the distribution to Val-Chris through escrow for the sale of the Pomona Property, the Trustee finds no evidence of value or consideration given to the Debtor in exchange for the encumbrance of the Pomona Property with a lien in excess of $2,200,000.00.  Val-Chris has advised the Trustee that it strongly disputes the validity of the Claims, and has provided to the Trustee its analysis of the value Val-Chris believes it provided to the Debtor.

Against this backdrop, the Trustee and Val-Chris have engaged in discussions over the past several months in an effort to resolve the disputed Claims without the need for the commencement of a formal adversary proceeding.  The Proposed Settlement is the result of those discussions.

**E.   The Terms of the Proposed Settlement.**

As summarized in the proposed settlement agreement attached to the Naylor Declaration as Exhibit "1" (the "Settlement Agreement") filed in support of the Motion, the Trustee has agreed to seek Court approval of a settlement whereby[3]:

(a)   The Trustee shall disburse to Val-Chris from the Segregated Funds, within five (5) business days of entry of a final order of the Court approving the Settlement, the sum of $700,000.00 (Seven Hundred Thousand Dollars and No Cents) (the "Settlement Amount");

(b)   Upon receipt of the Settlement Amount, the remaining portion of Val-Chris's lien shall be deemed avoided and preserved by and for the Estate pursuant to 11 U.S.C. Section 550.  Val-Chris shall be deemed to have released its lien upon the remaining Segregated Funds, with such remaining balance of the Segregated Funds deemed to be an asset of the Estate, free and clear of all liens, claims, and encumbrances. Further upon receipt of the Settlement Amount, Val-Chris shall be deemed to have released any and all claims against the Estate, and any and all rights to any further distribution from the Estate, with the parties entering into mutual releases;

(c)   It is the intention of the Parties that the Settlement Agreement shall have no impact upon the separate deed of trust lien maintained by Val-Chris against the Nguyen Irvine Property, recorded on July 16, 2024 as instrument No. 2024000178273 in the Official Records of the County of Orange, California.  Consistent with the provisions of the Amended Sale Order, Val-Chris' separate deed of trust lien shall remain in full force and effect with respect to the Nguyen Irvine Property unless and until the full remaining balance on its obligation has been paid in full; and,

---

[2] This sum represents the net sale proceeds after payment of Court-approved costs of sale and liens.  Interest has accrued on this balance subsequent to the deposit of the Segregated Funds, with the approximate sum of $1,598,000 on deposit as of the date hereof.
[3] The following is a summary of the material terms of the Settlement Agreement.  In the event of a conflict between the summary and the Settlement Agreement, the terms of the Settlement Agreement are controlling.

(d) It is expressly agreed that the Parties shall each bear their own attorneys' fees and costs.

By the Motion, the Trustee seeks approval of the Settlement Agreement. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Court may approve reasonable settlements and compromises of claims. Here, the Trustee has evaluated the likelihood of success in seeking to enforce the Estate's Claims against Val-Chris in light of its articulated defenses, and further considered the dynamics between this Bankruptcy Case and the Nguyen Bankruptcy Case. The Trustee is pursuing an adversary action against another disputed secured creditor and, if such action is successful, it is likely that a distribution will be made to Penta Pacific, and that a portion of any such funds could flow through to the Nguyen Bankruptcy Case. The Trustee, through counsel, has remained in communication with the Chapter 7 trustee appointed in the Nguyen Bankruptcy Case in an effort to coordinate administration efforts between the two estates. The Trustee is informed and believes that a reduction in the Val-Chris claim, which claim is cross-collateralized against Nguyen's residence, will provide value to the Nguyen estate.

Based upon the foregoing, the Trustee is informed and believes that the proposed Settlement Amount of $700,000.00 is fair and reasonable under the circumstances, and avoids the risk to the Estate that prosecution of the Claims against Val-Chris could result in a far higher recovery by Val-Chris.

The parties now desire to resolve their dispute regarding the Val-Chris claim, on the terms and conditions set forth in the Settlement Agreement. If approved by the Court, consummation of the Settlement Agreement will result in the balance of the Segregated Funds, after payment of the Settlement Amount to Val-Chris, being deemed free and clear funds of the Estate, in addition to the release by Val-Chris of any further right to a claim or a distribution from the Estate.

**IF YOU DO NOT OPPOSE THE MOTION,** you need take no further action.

**IF YOU WISH TO OPPOSE THE MOTION,** Local Bankruptcy Rule 9013-1(f)(1), requires you to file and serve a written Response and Request for Hearing within fourteen (14) days from the date of service of this Notice. You must serve a copy of your Response and Request for a Hearing upon the Trustee's counsel, Nanette D. Sanders, at Ringstad & Sanders LLP, located at 23101 Lake Center Drive, Suite 355, Lake Forest, California 92630, and upon the Office of the United States Trustee, located at 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701. Any Response and Request for Hearing must also be timely filed (with a duplicate copy) with the Clerk of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, CA 92701. Pursuant to Local Bankruptcy Rule 9013-1(f)(2), any opposition or other response to the Motion must contain "a complete written statement of all reasons in opposition thereto or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities." Failure to timely file and serve such a Response and Request for Hearing may result in the Court granting the Motion without any hearing. **SEE LOCAL BANKRUPTCY RULE 9013-1.**

Dated: February 2, 2026                    Respectfully Submitted,

RINGSTAD & SANDERS LLP

By:  */s/ Nanette D. Sanders*
      Nanette D. Sanders
General Bankruptcy Counsel for
Karen Sue Naylor, Chapter 7 Trustee

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 23101 Lake Center Drive, Suite 355, Lake Forest, CA 92630

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING COMPROMISE AND SETTLEMENT WITH CLAIMANT VAL-CHRIS INVESTMENTS, INC. FOR DISTRIBUTION OF SEGREGATED FUNDS IN FULL SATISFACTION OF DISPUTED SECURED CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 2, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jess R Bressi**   jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **David I Brownstein**   david@brownsteinfirm.com
- **Arnold L Graff**   agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net   - *Attorneys for Val-Chris Investments, Inc.*
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Karen S Naylor (TR)**   alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **Nanette D Sanders**   becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Stephen R Wade**   srw@srwadelaw.com, reception@srwadelaw.com
- **Gerrick Warrington**   gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 2, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy: Honorable Scott C. Clarkson, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Suite 5130, Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 2, 2026 | Arlene Martin | /s/ Arlene Martin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:25-bk-10136-SC
Central District of California
Santa Ana
Mon Feb  2 13:10:27 PST 2026

Foothill and Towne LLC
104 Nest Pine
Irvine, CA 92602-1885

Hahn Fife & Co., LLP
1055 E Colorado Blvd 5th Floor
Pasadena, CA 91106-2371

VIA NEF TO COUNSEL
Val-Chris Investments, Inc, a California Cor
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA 92665 United States 92660-1811

Anthony Altieri
4001 Elsie Drive
Yorba Linda, CA 92886-6102

Daniel Dulac
26982 Baker Canyon Rd.
Silverado, CA 92676-9703

Encore Construction
4770 Eureka Ave.
Yorba Linda, CA 92885-1400

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

Irene Kiang
308 Evergreen Dr.
Brea, CA 92821-2110

DUPLICATE
Phuk Hai Lu Huynh
11917 Royal Road
Unit B
El Cajon, CA 92021-1357

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

VIA NEF TO COUNSEL
RJS Financial, Inc.
c/o Frandzel Robins Bloom & Csato
1000 Wilshire Blvd. 19th Floor
Los Angeles, CA 90017-2457

~~Santa Ana Division~~
~~411 West Fourth Street, Suite 2030,~~
~~Santa Ana, CA 92701-4500~~

Bankruptcy Estate of Ashley Nguyen, Case No.
c/o Jeffrey I. Golden, Esq.
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626-3067

Don Nguyen
57 Zen Garden
Irvine, CA 92620-3554

FitzGerald Kreditor Bolduc Risbrough LLP
2 Park Plaza, Ste 850
Irvine, CA 92614-2521

VIA NEF TO COUNSEL
GE Urban
19750 S. Vermont Avenue
Ste 120
Torrance, CA 90502-1114

Penta Pacific Inc
104 Nest Pine
Irvien, CA 92602-1885

VIA NEF TO COUNSEL
RJS Financial, a California corporation
Frandzel Robins Bloom & Csato, L.C.
Attn: Gerrick M. Warrington
1000 Wilshire Boulevard, 19th Floor
Los Angeles California 90017-2457

VIA NEF TO COUNSEL
Foothill Place, LLC & G3 Urban
Dentons US LLP
4675 MacArthur Court, Suite 1250
Newport Beach, CA 92660-8803

VIA NEF TO COUNSEL
GREEN LOTUS GROUP, LLC
Stone & Sallus, LLP
2235 Campus Drive
El Segundo, CA 90245-0001

VIA NEF
Ringstad & Sanders LLP
23101 Lake Center Dr Ste 355
Lake Forest, CA 92630-6813

ACE Silverado LLC
27900 Baker Canyon Road
Silverado, CA 92676-9704

Christine Dang
3100 Gardenia Ln
Yorba Linda, CA 92886-1878

DUPLICATE
Don Nguyen
57 Zen Gdn
irvine, CA 92620-3554

DUPLICATE
Fountain Valley, CA 92702
Phuk Hai Lu Huynh
11917 Royal Road
Unit B
El Cahon, CA 92021-1357

VIA NEF TO COUNSEL
Green Lotus Group, LLC
17272 Newhope St.
Ste. K
Fountain Valley, CA 92708-4210

Phuc Hai Lu Huynh
11917 Royal Road
Unit B
El Cajon, CA 92021-1357

Trang Nguyen
3934 Irvine Blvd.
#1013
Irvine, CA 92602

VIA NEF
United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

VIA NEF TO COUNSEL
Val Chris Investments
2601 Main Street
Ste. 400
Irvine, CA 92614-4213

Weneta M.A. Kosmala, Chapter 7 Trustee, Case
c/o Jeffrey I. Golden, Esq.
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626-3067

VIA ECF
(p)KAREN S NAYLOR  TR
23101 LAKE CENTER DRIVE SUITE 355
LAKE FOREST CA 92630-6813

VIA NEF
Stephen R Wade
The Law Offices of Stephen R Wade
5150 E Pacific Coast Hwy Ste 210
Long Beach, CA 90804-3312


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Karen S Naylor (TR)
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630




The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtesy NEF

(u)Ge Urban
19750 S. Vermont Avenue
Ste 120

(u)Green Lotus Group, LLC


(d)Irene Kiang
308 Evergreen Dr.,
Brea, CA 92821-2110

(u)Torrance, CA 90502
Green Lotus Group, LLC
17272 Newhope St.
Ste. K

End of Label Matrix
Mailable recipients    34
Bypassed recipients     5
Total                  39