Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Karen Sue Naylor,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:25-bk-10136- SC |
| FOOTHILL AND TOWNE, LLC, | Chapter 7 Proceeding |
| Debtor. | **OBJECTION TO ALLOWANCE OF CLAIM OF ANTHONY ALTIERI; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF KAREN SUE NAYLOR AND NANETTE D. SANDERS** |
| | **[Claim No. 14]** |
| | <u>Hearing</u>:<br>Date: May 5, 2026<br>Time: 11:00 a.m.<br>Place: Courtroom 5C - Via ZoomGov<br>411 West Fourth Street<br>Santa Ana, California 92701 |

Ringstad & Sanders
L.L.P.
23101 Lake Forest Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ANTHONY ALTIERI, AND ALL OTHER INTERESTED PARTIES:**

Karen Sue Naylor, the duly appointed and acting Chapter 7 trustee (the "Trustee") in the above-captioned bankruptcy case of *In re Foothill and Towne, LLC* (the "Debtor"), hereby objects to the claim asserted by Anthony Altieri against the Debtor's bankruptcy estate (the "Estate"), as evidenced by Claim No. 14 on the claims register maintained by the Clerk of the Court (the "Objection").

By Claim No. 14, Mr. Altieri asserts an unsecured claim in the amount of $150,000.00, purportedly arising out of "money loaned" to the Debtor.  Claim No. 14 is a "face page" proof of claim with no documentation or evidence attached thereto.  The Trustee has requested on three occasions that Mr. Altieri provide support documentation for his claim, but he has failed to respond to her requests.

The Debtor has not scheduled Mr. Altieri as a creditor in its initial Schedules [Dkt. No. 23], or its Amended Schedule E/F [Dkt. No. 118].

Based upon her investigation to date, the Trustee is informed and believes that Claim No. 14 is not *prima facie* valid and should be disallowed absent the provision by Mr. Altieri of competent evidence as to the validity and amount of the claim.

This Objection is based on the attached Memorandum of Points and Authorities, the supporting Declarations of Karen Sue Naylor and Nanette D. Sanders, and the exhibits attached thereto, and such other and further evidence as may be presented to the Court in connection with this Objection and the hearing hereon.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

1.      Disallowing Claim No. 14 in its entirety absent provision of competent evidence to establish the validity of the claim; and,

///

///

///

- 2 -

Ringstad & Sanders
L.L.P.
23101 Lake Forest Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

2.      Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,
RINGSTAD & SANDERS LLP

Dated: March 13, 2026                    By:        */s/   Nanette D. Sanders*
                                                Nanette D. Sanders
                                         General Bankruptcy Counsel for Karen Sue Naylor,
                                         Chapter 7 Trustee

Ringstad & Sanders
L.L.P.
23101 Lake Forest Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

**A.** **Relevant General Case Background.**

The Debtor commenced a Chapter 11 bankruptcy proceeding on January 17, 2025 (the "Petition Date") styled *In re Foothill and Towne LLC*, Case No. 8:25-bk-10136-SC, before the United States Bankruptcy Court, Central District of California, Santa Ana Division (the "Court").

On July 1, 2025 (the "Conversion Date"), the Court entered an *Order Converting Case to Chapter 7* [Dkt. No. 68].

On July 2, 2025, Karen Sue Naylor was appointed as acting Chapter 7 Trustee of the Estate [Dkt. No. 72].

On July 16, 2025, the Clerk of the Court issued its *Notice of Possible Dividend and Order Fixing Time to File Claims* [Dkt. No. 77-1], establishing a general claims bar date (the "Bar Date") of October 20, 2025.

On September 8, 2025, the Trustee filed her *Motion to Set Chapter 11 Administrative Claim Bar Date* [Dkt. No. 105], which was granted by way of *Order Granting Motion to Set Chapter 11 Administrative Claim Bar Date* [Dkt. No. 110], establishing December 15, 2025 as the Chapter 11 Administrative Claim Bar Date.

On October 24, 2025, the Debtor filed an Amended Schedule E/F [Dkt. No. 118], scheduling additional general unsecured creditors.

Mr. Altieri was not scheduled as a creditor in the Debtor's Initial Schedules or Amended Schedule E/F.

On November 25, 2025, Mr. Altieri filed Claim No. 14, a true and correct copy of which is attached as Exhibit "1" to the supporting Declaration of Karen Sue Naylor.

**B. Claim No. 14:**

By Claim No. 14, Mr. Altieri asserts a general unsecured claim in the amount of $150,000.00, not including interest or other charges, purportedly arising out of "money loaned" to

Ringstad & Sanders
L.L.P.
23101 Lake Forest Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

- 4 -

the Debtor.  Claim No. 14 consists of three pages, which is the official judicial Form 410.  There are no attachments to the claim to substantiate that funds were in fact loaned to the Debtor, when the funds were loaned, whether any payments were ever received from the Debtor, or otherwise evidence the terms of such loan.

The Trustee, through counsel, has requested on three occasions that Mr. Altieri provide support documentation for his claim, but he has failed to respond to such requests.  True and correct copies of the email requests to Mr. Altieri, directed to the email address provided in Claim No. 14, are attached collectively as Exhibit "2" to the supporting Declaration of Nanette D. Sanders.

## II.

## LEGAL AUTHORITY AND ARGUMENT

### A.    The Claimant Bears the Burden of Establishing the Merits of its Claim.

A proof of claim is deemed allowed unless a party in interest objects.  11 U.S.C. § 502 (a). If a party in interest objects, the bankruptcy court must determine the validity and amount of the claim.  11 U.S.C. § 502(b).

The burden of proof under Section 502 (a) rests on different parties at different times. *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995).  Initially, the claimant must allege facts sufficient to support the claim.  *Id*.  If the averments in the claim meet this standard of sufficiency, it is *prima facie* valid; a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  *Id*.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the claim.  *Id*.  The objector must produce evidence equal in force to the *prima facie* case; the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  *Id*.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by the preponderance of the evidence.  *Id*.  The burden of persuasion is always on the claimant.  *Id*.

Ringstad & Sanders
L.L.P.
23101 Lake Forest Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

As detailed in the factual sections of this Objection above, no documentation has been provided by Mr. Altieri to support Claim No. 14, notwithstanding the Trustee's requests that such information be provided.  The Trustee submits that the "face page" Claim No. 14 is not sufficient to establish the *prima facie* validity of a claim against the Debtor.

### III.

### **CONCLUSION**

Considering the foregoing, the Trustee respectfully requests that the Court enter an order:

1.    Disallowing Claim No. 14 in its entirety absent provision of competent evidence to establish the validity of the claim; and,

2.    Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

RINGSTAD & SANDERS LLP

Dated: March 13, 2026          By:    _/s/   Nanette D. Sanders_
                                                  Nanette D. Sanders
                                                  General Bankruptcy Counsel for Karen Sue Naylor,
                                                  Chapter 7 Trustee

- 6 -

**DECLARATION OF KAREN SUE NAYLOR**

I, Karen Sue Naylor, declare as follows:

1.    I am an adult over the age of eighteen years.  I am the duly appointed and acting chapter 7 Trustee for this bankruptcy estate (the "Estate").  The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify thereto.  I submit this declaration in support of my objection to the claim filed by Anthony Altieri, Claim No. 14.

2.    I am informed and believe that the Debtor commenced a Chapter 11 bankruptcy proceeding on January 17, 2025 (the "Petition Date") styled *In re Foothill and Towne LLC*, Case No. 8:25-bk-10136-SC, before the United States Bankruptcy Court, Central District of California, Santa Ana Division (the "Court").

3.    On July 1, 2025 (the "Conversion Date"), the Court entered an *Order Converting Case to Chapter 7* [Dkt. No. 68].  On July 2, 2025, I was appointed as acting Chapter 7 Trustee of the Estate [Dkt. No. 72].

4.    On July 16, 2025, the Clerk of the Court issued its *Notice of Possible Dividend and Order Fixing Time to File Claims* [Dkt. No. 77-1], establishing a general claims bar date (the "Bar Date") of October 20, 2025.

5.    On September 8, 2025, I caused to be filed a *Motion to Set Chapter 11 Administrative Claim Bar Date* [Dkt. No. 105], which was granted by way of *Order Granting Motion to Set Chapter 11  Administrative Claim Bar Date* [Dkt. No. 110], establishing December 15, 2025 as the Chapter 11 Administrative Claim Bar Date.

6.    On October 24, 2025, the Debtor filed an Amended Schedule E/F [Dkt. No. 118], scheduling additional general unsecured creditors.

7.    Based upon my review of the Debtor's Schedules, Mr. Altieri was not scheduled as a creditor in the Debtor's Initial Schedules or Amended Schedule E/F.

///

///

///

Ringstad & Sanders
L.L.P.
23101 Lake Forest Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

- 7 -

8. On November 25, 2025, Anthony Altieri filed Claim No. 14, a true and correct copy of which is attached hereto as Exhibit "1."

I declare under penalty of perjury that the foregoing is true and correct. Executed March 12, 2026 at _____Mission Viejo_____, California.

_____
Karen Sue Naylor, Chapter 7 Trustee,
*Foothill and Towne, LLC*

Ringstad & Sanders
L.L.P.
23101 Lake Forest Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

- 8 -

**DECLARATION OF NANETTE D. SANDERS**

I, Nanette D. Sanders, declare as follows:

1.      I am an individual over the age of eighteen years.  I am a member of Ringstad & Sanders LLP, counsel of record for Karen Sue Naylor in her capacity as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of *In re Foothill and Towne, LLC*.  The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify thereto.  I submit this declaration in support of the Trustee's *Objection To Allowance of Claim of Anthony Altieri*, which is Claim No. 14 on the claims register maintained by the Clerk of the Court.

2.      I am informed and believe that Mr. Altieri filed Claim No. 14 on November 25, 2025.  On November 26, 2025, I sent an email to Mr. Altieri at the email address included on Claim No. 14 – nhra2000@aol.com – requesting that he provide any support documentation for the claim, "including, but not limited to, any promissory note executed by the Debtor, copies of checks or wire transfers of the loaned funds, and a schedule of any interest or principal payments made by the Debtor."  I further advised that the information could be submitted directly to my attention rather than amending the claim to include the support documentation.

3.      When no response was received from Mr. Altieri, I sent a follow-up email to him on December 8, 2025.  A second follow-up email was sent on January 5, 2026.  True and correct copies of my emails to Mr. Altieri are attached hereto collectively as Exhibit "2."

4.      The November 26, 2025, December 8, 2025, or January 5, 2026 emails I sent to Mr. Altieri were not returned to me as undeliverable.

I declare under penalty of perjury that the foregoing is true and correct.  Executed March 13, 2026 at Bozeman, Montana.

/s/  *Nanette D. Sanders*
Nanette D. Sanders

Ringstad & Sanders
L.L.P.
23101 Lake Forest Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
</table>

Debtor 1    Foothill and Towne LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Central District of California**

Case number:  **25−10136**

**FILED**

**U.S. Bankruptcy Court**
**Central District of California**

11/25/2025

**Kathleen J. Campbell, Clerk**

Official Form 410
# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Anthony Altieri

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Anthony Altieri

Name

4001 Elsie Drive
Yorba Linda, CA 92886

Contact phone _____ +1 (714) 350−8998 _____

Contact email _____ nhra2000@aol.com _____

Uniform claim identifier (if you use one):
_____

Where should payments to the creditor be sent? (if different)

Name

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ 150000.00     **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>money loaned |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**     $ _____<br>**Amount of the claim that is secured:**     $ _____<br>**Amount of the claim that is unsecured:**     $ _____     (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**     $ _____<br><br>**Annual Interest Rate** (when case was filed)     _____ %<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                        Proof of Claim                        page 2

Exhibit "1"
Page 11

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    11/25/2025

MM / DD / YYYY

/s/  Anthony Altieri

Signature

Print the name of the person who is completing and signing this claim:

Name    Anthony Altieri

First name    Middle name    Last name

Title

Company

Identify the corporate servicer as the company if the authorized agent is a servicer

Address    4001 Elsie Drive

Number   Street

Yorba Linda, CA 92886

City   State   ZIP Code

Contact phone    +1 (714) 350−8998    Email    nhra2000@aol.com

Official Form 410    Proof of Claim    page 3

| | |
|---|---|
| **From:** | Nanette Sanders |
| **Sent:** | Wednesday, November 26, 2025 9:47 AM |
| **To:** | nhra2000@aol.com |
| **Subject:** | Foothill & Towne, LLC |
| **Attachments:** | 14 Anthony Altieri.pdf |

Mr. Altieri,

This office represents Karen Sue Naylor, the Chapter 7 Trustee for the bankruptcy estate of Foothill & Towne, LLC (the "Debtor").

We are in receipt of the attached proof of claim that you have filed, asserting a claim in the amount of $150,000.00. The claim does not include any support documentation evidencing the "money loaned" to the Debtor, as required by Bankruptcy Rule 3001(c) (See #8 of the proof of claim form). Please provide such support documentation including, but not limited to, any promissory note executed by the Debtor, copies of checks or wire transfers of the loaned funds, and a schedule of any interest or principal payments made by the Debtor.

The information can be submitted directly to my attention rather than amending the claim to include the support documentation.

Regards,



Nanette D. Sanders, Esq.
23101 Lake Center Dr., Ste. 355
Lake Forest, CA 92630
949-851-7450
nanette@ringstadlaw.com

1

| | |
|---|---|
| **From:** | Nanette Sanders |
| **Sent:** | Monday, December 8, 2025 7:39 PM |
| **To:** | nhra2000@aol.com |
| **Subject:** | FW: Foothill & Towne, LLC |
| **Attachments:** | 14 Anthony Altieri.pdf |

Mr. Altieri,

Following up on the email below.  Please provide documentation in support of your claim at your earliest convenience.

Regards,



Nanette D. Sanders, Esq.
23101 Lake Center Dr., Ste. 355
Lake Forest, CA 92630
949-851-7450
nanette@ringstadlaw.com

**From:** Nanette Sanders
**Sent:** Wednesday, November 26, 2025 9:47 AM
**To:** 'nhra2000@aol.com' <nhra2000@aol.com>
**Subject:** Foothill & Towne, LLC

Mr. Altieri,

This office represents Karen Sue Naylor, the Chapter 7 Trustee for the bankruptcy estate of Foothill & Towne, LLC (the "Debtor").

We are in receipt of the attached proof of claim that you have filed, asserting a claim in the amount of $150,000.00.  The claim does not include any support documentation evidencing the "money loaned" to the Debtor, as required by Bankruptcy Rule 3001(c) (See #8 of the proof of claim form).  Please provide such support documentation including, but not limited to, any promissory note executed by the Debtor, copies of checks or wire transfers of the loaned funds, and a schedule of any interest or principal payments made by the Debtor.

The information can be submitted directly to my attention rather than amending the claim to include the support documentation.

Regards,



Nanette D. Sanders, Esq.
23101 Lake Center Dr., Ste. 355
Lake Forest, CA 92630
949-851-7450
nanette@ringstadlaw.com

2

| | |
|---|---|
| **From:** | Nanette Sanders |
| **Sent:** | Monday, January 5, 2026 11:00 AM |
| **To:** | nhra2000@aol.com |
| **Subject:** | FW: Foothill & Towne, LLC |
| **Attachments:** | 14 Anthony Altieri.pdf |

Mr. Altieri,

This is a second follow up to my email of November 26 requesting documentation in support of the attached claim you have filed against the Foothill & Towne, LLC bankruptcy estate.

Please provide documentation in support of your claim at your earliest convenience.

Regards,



Nanette D. Sanders, Esq.
23101 Lake Center Dr., Ste. 355
Lake Forest, CA 92630
949-851-7450
nanette@ringstadlaw.com

**From:** Nanette Sanders
**Sent:** Monday, December 8, 2025 7:39 PM
**To:** nhra2000@aol.com
**Subject:** FW: Foothill & Towne, LLC

Mr. Altieri,

Following up on the email below.  Please provide documentation in support of your claim at your earliest convenience.

Regards,



1

Nanette D. Sanders, Esq.
23101 Lake Center Dr., Ste. 355
Lake Forest, CA 92630
949-851-7450
nanette@ringstadlaw.com

---

**From:** Nanette Sanders
**Sent:** Wednesday, November 26, 2025 9:47 AM
**To:** 'nhra2000@aol.com' <nhra2000@aol.com>
**Subject:** Foothill & Towne, LLC

Mr. Altieri,

This office represents Karen Sue Naylor, the Chapter 7 Trustee for the bankruptcy estate of Foothill & Towne, LLC (the "Debtor").

We are in receipt of the attached proof of claim that you have filed, asserting a claim in the amount of $150,000.00.  The claim does not include any support documentation evidencing the "money loaned" to the Debtor, as required by Bankruptcy Rule 3001(c) (See #8 of the proof of claim form).  Please provide such support documentation including, but not limited to, any promissory note executed by the Debtor, copies of checks or wire transfers of the loaned funds, and a schedule of any interest or principal payments made by the Debtor.

The information can be submitted directly to my attention rather than amending the claim to include the support documentation.

Regards,



Nanette D. Sanders, Esq.
23101 Lake Center Dr., Ste. 355
Lake Forest, CA 92630
949-851-7450
nanette@ringstadlaw.com

2

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
23101 Lake Center Drive, Suite 355, Lake Forest, CA 92630

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO ALLOWANCE OF CLAIM OF ANTHONY ALTIERI; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF KAREN SUE NAYLOR AND NANETTE D. SANDERS [Claim No. 14]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 13, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jess R Bressi**    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Arnold L Graff**    agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Karen S Naylor (TR)**    alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Paul J. Sievers**    psievers@psieversapc.com, psievers@fkbrlegal.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Stephen R Wade**    srw@srwadelaw.com, reception@srwadelaw.com
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On  March 13, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Anthony Altieri - Proof of Claim No. 14**
Claimant Address on Proof of Claim:
Anthony Altieri
4001 Elsie Drive
Yorba Linda, CA 92886

**Judge's Copy**
Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth St., Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2026 | Arlene Martin | */s/ Arlene Martin* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**