Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS, LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: (949) 851-7450
Facsimile: (949) 851-6926

General Bankruptcy Counsel for
Karen Sue Naylor, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

FOOTHILL AND TOWNE, LLC,

Debtor.

Case No. 8:25-bk-10136-SC

Chapter 7 Proceeding

**MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING COMPROMISE AND SETTLEMENT WITH GREEN LOTUS GROUP, LLC; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF KAREN SUE NAYLOR IN SUPPORT THEREOF**

Hearing:

Date: August 25, 2026
Time: 11:00 a.m.
Ctrm: Courtroom 5C (Via ZoomGov)
411 West Fourth Street
Santa Ana, California 92701

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**TABLE OF CONTENTS**


MEMORANDUM OF POINTS AND AUTHORITIES 4

I. STATEMENT OF FACTS 4

A. Case Background 4
B. Claims Asserted Against the Estate 6
C. The Terms of the Proposed Settlement 6

II. LEGAL AUTHORITY AND ARGUMENT 7

A. With Court Approval, a Trustee May Compromise Claims of the Estate 7
B. The Settlement Agreement Should Be Approved 8

1. The Probability of Success in the Litigation 9
2. The Difficulties to be Encountered in the Matter of Collection 10
3. Complexity of the Litigation and Subsequent Expense, Inconvenience, and Delay 10
4. The Paramount Interest of Creditors, and Proper Deference to their Reasonable Views 11

III. CONCLUSION 12

DECLARATION OF KAREN SUE NAYLOR 13

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

## TABLE OF AUTHORITIES

**Cases:**


| | |
|---|---|
| *Burton v. Ulrich (In re Schmitt),* 215 B.R. 417, 421 (9th Cir. BAP 1997) | 8, 9 |
| *In re West Pointe Properties, LP,* 249 B.R. 273, 281 (Bankr.E.D. Tenn 2000) | 9 |
| *Martin v. Kane (In re A&C Properties),* 784 F.2d 1377, 1380-81 (9th Cir. 1986) *cert. denied sub nom Martin v. Robinson,* 479 U.S. 854 (1986) | 8, 9, 12 |
| *Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968) | 8 |
| *U.S. v. Alaska Nat'l Bank (In re Walsh Constr., Inc.),* 669 F.2d 1325, 1328 (9th Cir. 1982) | 8 |
| *Woodson v. Fireman's Fund Insurance Company (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988) | 8, 9 |


**Statutes:**


| | |
|---|---|
| 11 U.S.C. Section 548 | 5 |
| Federal Rules of Bankruptcy Procedure, Rule 2002 | 8 |
| Federal Rules of Bankruptcy Procedure, Rule 9019 | 7 |
| Federal Rules of Bankruptcy Procedure, Rule 9019(a) | 7 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, AND OTHER INTERESTED PARTIES:**

By this motion (the "Motion"), Karen Sue Naylor, Chapter 7 Trustee (the "F&T Trustee") of the bankruptcy estate (the "F&T Estate") of *In re Foothill and Towne, LLC,* (the "Debtor"), seeks approval of a compromise and settlement (the "Proposed Settlement") with Green Lotus Group, LLC ("Green Lotus"), resolving the adversary proceeding styled *Karen Sue Naylor v. Green Lotus Group, LLC*, Adversary Proceeding No. 8:26-ap-01026-SC (the "Adversary Proceeding"), as well as the disputed secured claim asserted by Green Lotus by way of Claim No. 2-1.

The F&T Trustee believes that the Proposed Settlement is in the best interests of the F&T Estate and its creditors as it resolves the matters at issue in the Adversary Proceeding, as well as the disputed secured claim asserted by Green Lotus against the F&T Estate, and permits the F&T Trustee to immediately proceed with final case administration and distributions to creditors in satisfaction of their claims. As detailed in the Motion, the Proposed Settlement is submitted to the Court for approval concurrently with a motion to approve a related settlement in the case of *In re Ashley Nguyen*, Case No. 8:24-bk-10451-SC (the "Ashley Bankruptcy Case"), resolving the disputed claim of Green Lotus against that estate.

This Motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Karen Sue Naylor (the "Naylor Declaration"), the separate Notice of the Motion, all pleadings, papers and records on file with the Court and such other evidence, oral or documentary, as may be presented to and considered by the Court at the time of the hearing.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

1. Approving the Proposed Settlement and authorizing the F&T Trustee to execute such documents as are reasonably necessary, if any, to effectuate the Proposed Settlement, including the proposed Settlement Agreement; and,

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

2. Granting such other and further relief as the Court deems appropriate.

DATED: August 4, 2026

Respectfully submitted,

RINGSTAD & SANDERS LLP

By: */s/ Nanette D. Sanders*
Nanette D. Sanders
General Bankruptcy Counsel for
Karen Sue Naylor, Chapter 7 Trustee

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. Case Background.

The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on January 17, 2025 (the "Petition Date"), in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court"). Penta Pacific Partners, LLC ("Penta Pacific") is the holder of 100% of the membership interests of the Debtor, which is a California limited liability corporation. Penta Pacific is owned 100% by Ashley Nguyen ("Ashley"), who is the debtor in the Ashley Bankruptcy Case. Weneta Kosmala is the Chapter 7 trustee of the Ashley bankruptcy estate (the "Ashley Estate').

Pre-petition, the Debtor purchased that certain "Vacant Land approx. 2.66 acres located at 700 & 704 East Foothill Blvd." (the "Property") [Dkt. No. 23]. On or about April 3, 2023, Green Lotus recorded in the official records of Los Angeles County that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "DOT"). The DOT purportedly vested Green Lotus with a lien on the Property, securing repayment of a purported loan in the amount of $1,000,000.00 from Green Lotus, as lender, to the Debtor, as borrower.

The F&T Trustee is informed and believes that no money was actually loaned by Green Lotus to the Debtor, and it is her position that no consideration was paid by Green Lotus for the security interest purportedly granted to it by the DOT. Green Lotus alleges, among other things, that the Debtor received reasonable equivalent value and that the lien and claim are valid and enforceable. On or about May 7, 2024, the Debtor demanded that Green Lotus reconvey the DOT. Green Lotus refused to do so, and on June 18, 2024, the Debtor commenced litigation in the Superior Court for the County of Los Angeles, Case No. 24STCV15235, seeking to recover damages against Green Lotus for slander of title and to cancel the DOT (the "State Court Litigation"). On November 21, 2024, the Debtor advised Green Lotus that the Property was under contract to be sold to a third party. The Debtor made demand again upon Green Lotus to reconvey the DOT. Again, Green Lotus failed to do so.

Immediately following the commencement of the Bankruptcy Case, the Debtor sought authority to sell the Property free and clear of the DOT with the funds ordered to be set aside subject to resolution of the dispute between Green Lotus and the Debtor. The Debtor's motion was granted, but before the sale could be consummated, the case was converted to a proceeding under Chapter 7 and the F&T Trustee was appointed. Following her appointment, the F&T Trustee obtained a modified sale order given the changed circumstances since entry of the initial sale order (the "Modified Sale Order"). The sale of the Property was closed by the F&T Trustee on July 24, 2025, and $1,500,000 of the sale proceeds were deposited into a segregated account subject to a lien in favor of Green Lotus pursuant to Section 363 (the "Segregated Funds"), pursuant to the terms of the Modified Sale Order.

The F&T Trustee is informed and believes that the sale of the Property by the F&T Estate generated a taxable event to Penta Pacific given that the Debtor is a pass-through entity for tax purposes. The F&T Trustee has caused informational returns to be filed with the Internal Revenue Service and the California Franchise Tax Board, reporting the Property sale information.

On June 5, 2025, Green Lotus filed proof of claim No. 2-1 against the Estate asserting a secured claim as of the date of the bankruptcy filing in the amount of $1,187,779.28 (the "Claim").

On March 11, 2026, the F&T Trustee filed an adversary complaint (the "Complaint") against Green Lotus commencing the Adversary Proceeding. By the Complaint, Plaintiff alleges that the Claim asserted by Green Lotus is voidable pursuant to 11 U.S.C. Section 548, seeks to quiet title as to the Property, and requests a determination that Green Lotus has no valid claim against the Estate.

On June 12, 2026, Green Lotus filed a proof of claim against the Ashley Estate asserting a general unsecured claim, based upon a disputed guaranty claim arising out of the same purported loan as that asserted against the F&T Estate.

On July 10, 2026, the F&T Trustee, Green Lotus, the Ashley Trustee, and Ashley Nguyen participated in a formal mediation in an effort to resolve all disputed claims asserted by Green Lotus against the F&T and Ashley Estates. After having examined information and documents

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

provided formally or informally by all the parties, and having participated in the full-day mediation, the F&T Trustee and Green Lotus have come to the conclusion that a consensual resolution of the claims and defenses alleged by the F&T Estate and Green Lotus in the Adversary Proceeding, and of the claims asserted by Green Lotus against the Ashely Estate, in the best interests of all parties.

**B. Claims Asserted Against the Estate.**

On July 16, 2025, the F&T Trustee filed a *Notice of Asset Case* [Dkt. No. 77], with the Clerk of the Court thereafter issuing its *Notice of Potential Dividend and Order Fixing Time to File Claims* [Dkt. No. 84], establishing October 20, 2025 as the general claims bar date. In addition to the disputed secured Claim filed by Green Lotus, total claims have been filed as follows:

| | |
|---|---|
| Chapter 7 Administrative Claims | $ 800.00 |
| Priority Claims | $ 4,239.20 |
| General Unsecured Claims | $449,293.45 |

Also, on September 8, 2025, the F&T Trustee filed her *Motion to Set Chapter 11 Administrative Claim Bar Date* [Dkt. No. 105], which motion was granted by order entered September 30, 2025 [Dkt. No. 110] setting December 15, 2025 as the Chapter 11 Administrative Claim Bar Date. No Chapter 11 administrative claims were timely filed.

**C. The Terms of the Proposed Settlement.**

A true and correct copy of the proposed Settlement Agreement is attached to the Naylor Declaration as Exhibit “1,” the terms of which can be summarized as follows:[1]

- Green Lotus shall be allowed a general unsecured claim against the F&T Estate in the amount of $350,000.00;
- Upon entry of a final order approving the Proposed Settlement, the F&T Trustee will proceed with final administration of the F&T Estate by commencing what is

[1] The following description of the terms of the proposed Settlement Agreement is intended to summarize the material terms of the Proposed Settlement for the convenience of the reader. For the full agreement, any interested party is directed to review the Settlement Agreement attached as Exhibit “1” to the Naylor Declaration. In the event of any inconsistency between the summary and the actual terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

commonly referred to as the "closing process;"

- Upon entry of the Final Order approving the Proposed Settlement, the lien of Green Lotus on the Segregated Funds will be deemed released, with such funds to thereafter be unencumbered assets of the Estate;
- The parties will execute mutual, general releases, which will be effective upon distribution to Green Lotus, through the final report process, of the allowed amount of its claim; and,
- It is the intention of the F&T Trustee, Green Lotus, and the Ashley Trustee that the necessary motions pursuant to Federal Rules of Bankruptcy Procedure Rule 9019 for the Bankruptcy Court to consider approval of each settlement shall be held concurrently as the effectiveness of each proposed settlement is conditioned upon the approval of the other unless Green Lotus agrees otherwise in writing, or so advises the Bankruptcy Court at the time of the hearing on this Motion.

By the Motion, the F&T Trustee seeks approval of the Proposed Settlement and related Settlement Agreement. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Court may approve reasonable settlements and compromises of claims. Here, the F&T Trustee has evaluated the merits of the claims of the F&T Estate against Green Lotus, the defenses asserted by Green Lotus, and participated in a formal mediation, reaching the informed conclusion that the Proposed Settlement is a reasonable resolution of the claims of the F&T Estate and Green Lotus, and in the best interests of the creditors of the F&T Estate. If approved by the Court, consummation of the Settlement Agreement will result in the release of the Segregated Funds to the F&T Estate, an allowed general unsecured claim for Green Lotus, and permit the F&T Trustee to complete final administration of the F&T Estate so as to effectuate a distribution to creditors as soon as possible.

## II.

## LEGAL AUTHORITY AND ARGUMENT

### A. With Court Approval, a Trustee May Compromise Claims of the Estate.

Federal Rule of Bankruptcy Procedure 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Accordingly, upon appropriate notice, the Court may approve a compromise or settlement. In the instant case, the entire Notice of Motion and Motion will be served on Ashley, the Ashley Trustee, Green Lotus, all parties requesting special notice, and the United States Trustee. A separate Notice of the Motion and opportunity to oppose the Motion, will be served on all creditors and other parties in interest entitled to notice.

**B. <u>The Settlement Agreement Should Be Approved</u>.**

The Ninth Circuit has stated that, "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A&C Properties)* 784 F.2d 1377, 1380-81 (9th Cir. 1986) *cert. denied sub nom, Martin v. Robinson* 479 U.S. 854 (1986) ("A&C Properties"). The Bankruptcy Court has great latitude in approving a compromise so long as it finds that the compromise is fair and equitable. *Id.* at 1382; *see also*, *Woodson v. Fireman's Fund Insurance Company (In re Woodson)* 839 F.2d 610, 620 (9th Cir. 1988) ("Woodson"); *Burton v. Ulrich (In re Schmitt)* 215 B.R. 417, 421 (9th Cir. BAP 1997) ("Burton v. Ulrich").

Moreover, in approving a settlement the Court is not required to conduct an exhaustive investigation into the validity of the merits of the claims sought to be compromised as a precondition to approving the Agreement. *U.S. v. Alaska Nat'l Bank (In re Walsh Constr., Inc.),* 669 F.2d 1325, 1328 (9th Cir. 1982). The Court need only find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *In re A&C Properties, supra,* 784 F.2d at 1381; *see also Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (establishing "fair and equitable" standard for approval of compromises in bankruptcy).

The Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel for the Ninth Circuit have consistently held that a Bankruptcy Court must consider four factors in determining whether to approve a compromise:

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

(a) The probability of success in the litigation;

(b) The difficulties, if any, to be encountered in the matter of collection;

(c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and

(d) The paramount interest of the creditors and a proper deference to their reasonable views.

*A&C Properties, supra* at 1381; *In re Woodson, supra* at 620; *Burton v. Ulrich, supra,* at 421.

When evaluating the four *A&C Properties* factors, "courts need not rule upon disputed facts and questions of law, but rather only canvass the issues…. A mini-trial on the merits is not required." *Burton v Ulrich, supra,* at 423. While the court must make an independent determination, the judgment of the trustee deserves some deference. *In re West Pointe Properties, LP* 249 B.R. 273, 281 (Bankr. E.D. Tenn. 2000).

In this case, an analysis of the four *A&C Properties* factors with respect to the Agreement reveals the following:

**1. <u>The Probability of Success in the Litigation</u>.**

As detailed hereinabove, the Debtor commenced the State Court Litigation against Green Lotus pre-petition, and the F&T Trustee initiated the Adversary Proceeding following her appointment. Based upon discovery conducted by the Debtor pre-petition, and information gathered by the F&T Trustee post-appointment, either through her investigation of the assets and liabilities of the F&T Estate, or information provided through the meet and confer and mediation process in the Adversary Proceeding, the F&T Trustee is informed and believes that she is highly likely to prevail on the claims asserted against Green Lotus by way of the Adversary Proceeding. Green Lotus has asserted fact intensive defenses to the claims of the F&T Estate, and as such continued prosecution of the Adversary Proceeding is likely to require extensive discovery involving both the F&T Estate and the Ashley Estate. The time that will be required to fully undertake discovery causes the F&T Trustee to believe that it would likely be another full year before the parties are ready to proceed to trial in the Adversary Proceeding.

The F&T Trustee is informed and believes that the F&T Estate is likely to be an excess

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

estate, with funds distributed through the final report process to Penta Pacific. With the Ashley Estate holding 100% of the membership interests of Penta Pacific, the F&T Trustee is informed and believes that the Ashley Trustee will utilize some portion of the excess F&T Estate proceeds to satisfy claims asserted against the Ashley Estate, including the claim of Green Lotus. Notwithstanding the belief of the F&T Trustee that Green Lotus does not have a valid or enforceable claim or lien against the F&T Estate, she has agreed to the Proposed Settlement in part at the request of the Ashley Trustee so that the excess funds anticipated to be distributed from the F&T Estate to Penta Pacific can be utilized in the near term by the Ashley Estate. Excess funds would still be distributed to Penta Pacific if the F&T Trustee pursued the Adversary Proceeding through trial, but the cost of prosecuting the Adversary Proceeding is anticipated to be high given the fact intensive defenses asserted by Green Lotus, and the delay in getting the matter to trial will be considerable.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

In light of such cost and delay to the F&T Estate and its creditors, as well as to the Ashley Estate through Penta Pacific, the Trustee believes that the Proposed Settlement constitutes a reasonable compromise of the disputed matters. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

**2. <u>The Difficulties to be Encountered in the Matter of Collection</u>.**

The F&T Trustee is in possession of the Segregated Funds which are being held pending resolution of the disputed Claim of Green Lotus. If the F&T Trustee proceeds to trial in the Adversary Proceeding and obtains a favorable determination, she anticipates that the Segregated Funds would be returned to the F&T Estate with the disputed lien of Green Lotus arising out of the DOT extinguished. As such, the F&T Trustee does not believe that this factor is applicable to the facts at hand.

**3. <u>The Complexity of the Litigation and Subsequent Expense, Inconvenience, and Delay</u>.**

The F&T Trustee does not believe that the claims asserted against Green Lotus by way of the Adversary Proceeding are complex, however the defenses asserted by Green Lotus are fact intensive and intertwined with the claim asserted by Green Lotus against the Ashley Estate. The

F&T Trustee is informed and believes that prosecution of the Adversary Proceeding, through discovery and then trial will be expensive, requiring multiple depositions and discovery from third parties, with a trial estimated to take not less than 2 days. The F&T Trustee further estimates that it will take another year to have the matter prepared for trial and a trial actually conducted.

If approved, by the Proposed Settlement the F&T Estate will recover the Segregated Funds, free and clear of the disputed lien of Green Lotus, and the F&T Trustee will proceed to immediately complete final estate administration by commencing the final report process. This will result in creditors receiving a distribution on account of their allowed claims as quickly as the final report process can be completed. The Proposed Settlement will therefore provide a near term benefit to the creditors of the F&T Estate and to Penta Pacific/the Ashley Estate, and minimize the expense and delay associated with continued prosecution of the Adversary Proceeding.

Given these circumstances, the F&T Trustee believes that this factor weighs in favor of approving the Agreement.

**4. <u>The Paramount Interest of Creditors, and Proper Deference to their Reasonable Views</u>.**

The F&T Trustee does not anticipate creditors will oppose the Proposed Settlement given that it provides the Estate with free and clear funds, avoids the expense and delay associated with continued prosecution of the Adversary Proceeding, and will allow the F&T Trustee to complete final estate administration. The F&T Trustee is informed and believes that Ashley may oppose the Proposed Settlement given her fervent position that Green Lotus is not a creditor of the F&T Estate, or the Ashley Estate. Notwithstanding this position, the F&T Trustee believes that resolving the Adversary Proceeding on the terms set forth in the proposed Settlement Agreement is of overall benefit to the creditors of the F&T Estate, as well as Penta Pacific/the Ashley Estate. The F&T Trustee has specifically confirmed that the Ashley Trustee does not oppose the Proposed Settlement.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Given the foregoing, the F&T Trustee believes that the Proposed Settlement is of benefit to the F&T Estate and its creditors, satisfies the *A&C* factors, and requests that it be approved by the Court.

**III.**

**CONCLUSION**

The F&T Trustee submits that the Proposed Settlement is a fair and reasonable compromise of the claims asserted by the F&T Estate against Green Lotus by way of the Adversary Proceeding, as well as the disputed Claim of Green Lotus against the F&T Estate, is in the best interests of the F&T Estate and its creditors, and should be approved by the Court. The F&T Trustee respectfully requests that the Court enter an order granting the Motion, approving the Proposed Settlement, and authorizing the F&T Trustee to take such other actions as may be necessary to consummate the Proposed Settlement for the benefit of the creditors of the F&T Estate.

Dated: August 4, 2026

Respectfully Submitted,

RINGSTAD & SANDERS LLP

By: *__/s/ Nanette D. Sanders__*
Nanette D. Sanders
General Bankruptcy Counsel for
Karen Sue Naylor, Chapter 7 Trustee

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**DECLARATION OF KAREN SUE NAYLOR**

I, Karen Sue Naylor, declare as follows:

1. I am an adult over the age of eighteen years. I am the duly appointed and acting Chapter 7 trustee for the bankruptcy estate ("Estate") of *Foothill & Towne, LLC* (the "Debtor"). The matters set forth herein are personally known to me to be true, except those matters set forth on information and belief; and as to those matters, I am informed and believe them to be true. If called upon to do so, I could and would competently testify as to the truth of the matters set forth herein.

2. I make this declaration in support of my *Motion for Order Approving Compromise and Settlement with Green Lotus Group, LLC* (the "Motion"), which Motion relates to the pending adversary proceeding styled *Karen Sue Naylor v. Green Lotus Group, LLC*, Adversary Proceeding No. 8:26-ap-01026-SC (the "Adversary Proceeding"), as well as the disputed secured claim asserted by Green Lotus by way of Claim No. 2-1 (the "Claim").

**Case Background.**

3. I am informed and believe that the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on January 17, 2025 (the "Petition Date"), in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court"). Penta Pacific Partners, LLC ("Penta Pacific") is the holder of 100% of the membership interests of the Debtor, which is a California limited liability corporation. Penta Pacific is owned 100% by Ashley Nguyen ("Ashley"), who is the debtor in the Chapter 7 proceeding styled *In re Ashley Nguyen*, Case No. 8:24-bk-10451-SC (the "Ashley Bankruptcy Case"). Weneta Kosmala is the Chapter 7 trustee (the "Ashley Trustee") of the Ashley bankruptcy estate (the "Ashley Estate').

4. I am further informed and believe that pre-petition, the Debtor purchased that certain "Vacant Land approx. 2.66 acres located at 700 & 704 East Foothill Blvd." (the "Property") [Dkt. No. 23]. On or about April 3, 2023, Green Lotus recorded in the official records of Los Angeles County that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "DOT"). The DOT purportedly vested Green Lotus

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

with a lien on the Property, securing repayment of a purported loan in the amount of $1,000,000.00 from Green Lotus, as lender, to the Debtor, as borrower.

5. I am informed and believe that no money was actually loaned by Green Lotus to the Debtor, and it is my belief that no consideration was paid by Green Lotus for the security interest purportedly granted to it by the DOT. Green Lotus alleges, among other things, that the Debtor received reasonable equivalent value and that the lien and claim are valid and enforceable. I have been advised by Ashley and her counsel that on or about May 7, 2024, the Debtor demanded that Green Lotus reconvey the DOT. Green Lotus refused to do so, and on June 18, 2024, the Debtor commenced litigation in the Superior Court for the County of Los Angeles, Case No. 24STCV15235, seeking to recover damages against Green Lotus for slander of title and to cancel the DOT (the "State Court Litigation"). On November 21, 2024, the Debtor advised Green Lotus that the Property was under contract to be sold to a third party. The Debtor made demand again upon Green Lotus to reconvey the DOT. Again, Green Lotus failed to do so.

6. The case docket reflects that immediately following the commencement of the Bankruptcy Case, the Debtor sought authority to sell the Property free and clear of the DOT with the funds ordered to be set aside subject to resolution of the dispute between Green Lotus and the Debtor. The Debtor's motion was granted, but before the sale could be consummated, the case was converted to a proceeding under Chapter 7 and I was appointed. Following my appointment, I obtained a modified sale order given the changed circumstances since entry of the initial sale order (the "Modified Sale Order"). I closed the sale of the Property on July 24, 2025, and $1,500,000 of the sale proceeds were deposited into a segregated account subject to a lien in favor of Green Lotus pursuant to Section 363 (the "Segregated Funds"), pursuant to the terms of the Modified Sale Order.

7. I am informed and believe that the sale of the Property by the F&T Estate generated a taxable event to Penta Pacific given that the Debtor is a pass-through entity for tax purposes. I have caused informational returns to be filed with the Internal Revenue Service and the California Franchise Tax Board, reporting the Property sale information.

8. On June 5, 2025, Green Lotus filed its Claim against the F&T Estate asserting a secured claim as of the date of the bankruptcy filing in the amount of $1,187,779.28.

9. On March 11, 2026, I caused to be filed an adversary complaint (the "Complaint") against Green Lotus commencing the Adversary Proceeding, alleging that the Claim asserted by Green Lotus is voidable pursuant to 11 U.S.C. Section 548, seeking to quiet title as to the Property, and a determination that Green Lotus has no valid claim against the F&T Estate.

10. I am informed and believe that on June 12, 2026, Green Lotus filed a proof of claim against the Ashley Estate asserting a general unsecured claim, based upon a disputed guaranty claim arising out of the same purported loan as that asserted against the F&T Estate.

11. On July 10, 2026, Green Lotus, the Ashley Trustee, Ashley Nguyen and I participated in a formal mediation in an effort to resolve all disputed claims asserted by Green Lotus against the F&T and Ashley Estates. After having examined information and documents provided formally or informally by all the parties, and having participated in the full-day mediation, Green Lotus, the Ashley Trustee, and I have come to the conclusion that a consensual resolution of the claims and defenses alleged by the F&T Estate and Green Lotus in the Adversary Proceeding, as well as the claim asserted by Green Lotus against the Ashley Estate, is in the best interest of all parties.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**Claims Asserted Against the Estate.**

12. On July 16, 2025, I caused to be filed a *Notice of Asset Case* [Dkt. No. 77], with the Clerk of the Court thereafter issuing its *Notice of Potential Dividend and Order Fixing Time to File Claims* [Dkt. No. 84], establishing October 20, 2025 as the general claims bar date. In addition to the disputed secured Claim filed by Green Lotus, total claims have been filed as follows:

| | |
|---|---|
| Chapter 7 Administrative Claims | $ 800.00 |
| Priority Claims | $ 4,239.20 |
| General Unsecured Claims | $449,293.45 |

Also, on September 8, 2025, I caused to be filed a *Motion to Set Chapter 11 Administrative Claim Bar Date* [Dkt. No. 105], which motion was granted by order entered September 30, 2025 [Dkt. No. 110] setting December 15, 2025 as the Chapter 11 Administrative Claim Bar Date. No

Chapter 11 administrative claims were timely filed.

**The Proposed Settlement.**

13. A true and correct copy of the proposed Settlement Agreement is attached hereto as Exhibit "1." By the Motion, I request approval of the Proposed Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

14. It is my understanding that in requesting Court approval of a proposed settlement, the requesting party is to satisfy what are referred to as the "*A&C Properties*" factors. Addressing these factors, I represent to the Court as follows:

**The Probability of Success in the Litigation.**

15. As set forth in the Motion, I am informed and believe that the Debtor commenced the State Court Litigation against Green Lotus pre-petition, and I thereafter initiated the Adversary Proceeding following my appointment. Based upon discovery conducted by the Debtor pre-petition, and information I gathered post-appointment, either through my investigation into the assets and liabilities of the F&T Estate, or information provided through the meet and confer and mediation process in the Adversary Proceeding, I am informed and believe that I am highly likely to prevail on the claims asserted against Green Lotus by way of the Adversary Proceeding. Green Lotus has asserted fact intensive defenses to the claims of the F&T Estate, and as such continued prosecution of the Adversary Proceeding is likely to require extensive discovery involving both the F&T Estate and the Ashley Estate. The time that will be required to fully undertake discovery causes me to believe that it would likely be another full year before the parties are ready to proceed to trial in the Adversary Proceeding.

16. I am informed and believe that the F&T Estate is likely to be an excess estate, with funds distributed through the final report process to Penta Pacific. With the Ashley Estate holding 100% of the membership interests of Penta Pacific, I am informed and believe that the Ashley Trustee will utilize some portion of the excess F&T Estate proceeds to satisfy claims asserted against the Ashley Estate, including the claim of Green Lotus. Notwithstanding my belief that Green Lotus does not have a valid or enforceable claim or lien against the F&T Estate, I have agreed to the Proposed Settlement in part at the request of the Ashley Trustee so that the

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

excess funds anticipated to be distributed from the F&T Estate to Penta Pacific can be utilized in the near term by the Ashley Estate. Excess funds would still be distributed to Penta Pacific if I proceeded on behalf of the F&T Estate to pursue the Adversary Proceeding through trial, but the cost of prosecuting the Adversary Proceeding is anticipated to be high given the fact intensive defenses asserted by Green Lotus, and the delay in getting the matter to trial will be considerable.

17. At the July 10, 2026 mediation, I had requested that the Ashley Trustee approve and execute the proposed Settlement Agreement to evidence her support for the Proposed Settlement given that it reduces the excess F&T Estate funds to be distributed to Penta Pacific. On the day of the filing of this Motion, I learned for the first time that the Ashley Trustee declined to approve the form and content of the proposed Settlement Agreement. My counsel has confirmed with counsel for Green Lotus that Green Lotus has authorized the submission of the proposed Settlement Agreement as Exhibit "1" with the signature block for the Ashley Trustee stricken. My counsel has further confirmed with counsel for the Ashley Trustee, in writing, that she does not oppose the Proposed Settlement or this Motion.

18. In light of the cost and delay to the F&T Estate and its creditors, as well as to the Ashley Estate through Penta Pacific, from proceeding with the Adversary Proceeding, I believe that the Proposed Settlement constitutes a reasonable compromise of the disputed matters. Accordingly, I believe that this factor weighs in favor of approving the Settlement Agreement.

**The Difficulties to be Encountered in the Matter of Collection.**

19. I am in possession of the Segregated Funds which are being held pending resolution of the disputed Claim of Green Lotus. If I proceed to trial in the Adversary Proceeding and obtain a favorable determination on behalf of the F&T Estate, I anticipate that the Segregated Funds would be returned to the F&T Estate with the disputed lien of Green Lotus arising out of the DOT extinguished. As such, I do not believe that this factor is applicable to the facts at hand.

**The Complexity of the Litigation and Subsequent Expense, Inconvenience, and Delay.**

20. I do not believe that the claims asserted against Green Lotus by way of the Adversary Proceeding are complex, however the defenses asserted by Green Lotus are fact

intensive and intertwined with the claim asserted by Green Lotus against the Ashley Estate. I am informed and believe that prosecution of the Adversary Proceeding, through discovery and then trial, will be expensive, requiring multiple depositions and discovery from third parties, with a trial estimated to take not less than 2 days. I further estimate that it will take another year to have the matter prepared for trial and a trial actually conducted.

21. If approved, by the Proposed Settlement the F&T Estate will recover the Segregated Funds, free and clear of the disputed lien of Green Lotus, and I will proceed to immediately complete final estate administration by commencing the final report process. This will result in creditors receiving a distribution on account of their allowed claims as quickly as the final report process can be completed. The Proposed Settlement will therefore provide a near term benefit to the creditors of the F&T Estate and to Penta Pacific/the Ashley Estate, and minimize the expense and delay associated with continued prosecution of the Adversary Proceeding.

22. Given these circumstances, I believe that this factor weighs in favor of approving the Agreement.

**<u>The Paramount Interest of Creditors, and Proper Deference to their Reasonable Views</u>.**

23. I do not anticipate creditors will oppose the Proposed Settlement given that it provides the F&T Estate with free and clear funds, avoids the expense and delay associated with continued prosecution of the Adversary Proceeding, and will allow me to complete final estate administration. I am informed and believe that Ashley may oppose the Proposed Settlement given her fervent position that Green Lotus is not a creditor of the F&T Estate, or the Ashley Estate. Notwithstanding this position, I believe that resolving the Adversary Proceeding on the terms set forth in the proposed Settlement Agreement is of overall benefit to the creditors of the F&T Estate, as well as Penta Pacific/the Ashley Estate.

24. Through counsel, I have received written confirmation that the Ashley Trustee does not oppose the Proposed Settlement, and is in support of such settlement and this Motion.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

25. Given the foregoing, I believe that the Proposed Settlement is of benefit to the F&T Estate and its creditors, satisfies the *A&C* factors, and respectfully request that it be approved by the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of August, 2026, at Lake Forest, California.

Karen Sue Naylor, Trustee

Karen Sue Naylor,
Chapter 7 Trustee

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

# SETTLEMENT AGREEMENT

A. Parties.

The parties to this settlement agreement (the "Settlement Agreement" or "Agreement") are Karen Sue Naylor, the duly appointed and acting Chapter 7 Trustee (the "Plaintiff" or the "F&T Trustee") of the bankruptcy estate (the "F&T Estate") of *In re Foothill and Towne, LLC* (the "Debtor"), United States Bankruptcy Court for the Central District of California, Case No. 8:25-bk-10136-SC (the "F&T Bankruptcy Case"), and Green Lotus Group, LLC ("Green Lotus"), a disputed creditor of the Estate and defendant in the pending adversary proceeding entitled *Karen Sue Naylor, Chapter 7 Trustee, v. Green Lotus Group, LLC*, Adv. Proc. No. 8:26-ap-01026 SC (the "Adversary Proceeding"). The F&T Trustee and Green Lotus are collectively referred to herein as the "Parties" in the plural and as "Party" in the singular.

Although not formally a party to this Settlement Agreement, this proposed settlement is entered into concurrently with a proposed settlement between Green Lotus and Weneta Kosmala, the duly appointed and acting Chapter 7 Trustee (the "Ashley Trustee") of the bankruptcy estate of *In re Ashley Nguyen* (the "Ashley Estate"), United States Bankruptcy Court for the Central District of California, Case No. 8:24-bk-10451-SC (the "Ashley Bankruptcy Case"). It is the intention of the Parties and the Ashley Trustee that the necessary motions pursuant to Federal Rules of Bankruptcy Procedure Rule 9019 for the Bankruptcy Court to consider approval of each settlement shall be held concurrently as the effectiveness of each proposed settlement is conditioned upon the approval of the other unless Green Lotus agrees otherwise in writing, or so advises the Bankruptcy Court at the time of the hearing to approve this Settlement Agreement.

B. Compromise Purpose.

This Agreement is made and entered into by the Parties, without any Party admitting any liability or fact that has been or is at issue in the Bankruptcy Case or any adversary proceeding, contested matter, or pending state court litigation in which the Plaintiff, on the one hand, and Green Lotus, on the other hand, have been or are adverse to each other, and without any Party conceding any claim, defense, or question of law. This Agreement is intended as, and for the purpose of entering into, an accord, satisfaction, compromise and settlement of the claims, differences, causes of action and defenses between the Plaintiff and Green Lotus as and to the extent set forth in the Releases herein, subject to and contingent upon satisfaction of the Conditions Precedent set forth below and based upon the following disputed and undisputed facts.

i. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on January 17, 2025 (the "Petition Date"), in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court"). Penta Pacific Partners, LLC ("Penta Pacific") is the holder of 100% of the membership interests of the Debtor, which is a California limited liability corporation. The Ashley Estate is the holder of 100% of the membership interests of Penta Pacific.

ii. Pre-petition, the Debtor purchased that certain "Vacant Land approx. 2.66 acres located at 700 & 704 East Foothill Blvd." (the "Property"). On or about April 3, 2023, Green Lotus recorded in the official records of Los Angeles County that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "DOT"). The DOT purportedly vested Green Lotus with a lien on the Property, securing repayment of a purported loan in the amount of $1,000,000.00 from Green Lotus, as lender, to the Debtor, as borrower.

iii. The Trustee alleges that no money was actually loaned by Green Lotus to the Debtor, and it is the position of the Trustee that no consideration was paid by Green Lotus for the security interest purportedly granted to it by the DOT. Green Lotus alleges, among other things, that Debtor received reasonable equivalent value and that the lien and claim are valid and enforceable. On or about May 7, 2024, the Debtor demanded that Green Lotus reconvey the DOT. Green Lotus refused to do so, and on June 18, 2024, the Debtor commenced litigation in the Superior Court for the County of Los Angeles, Case No. 24STCV15235, seeking to recover damages against Green Lotus for slander of title and to cancel the DOT (the "State Court Litigation"). On November 21, 2024, the Debtor advised Green Lotus that the Property was under contract to be sold to a third party. The Debtor made demand again upon Green Lotus to reconvey the DOT. Again, Green Lotus failed to do so.

iv. Immediately following the commencement of the Bankruptcy Case, the Debtor sought authority to sell the Property free and clear of the DOT with the funds ordered to be set aside subject to resolution of the dispute between Green Lotus and the Debtor. The Debtor's motion was granted, but before the sale could be consummated, the case was converted to a proceeding under Chapter 7 and the F&T Trustee was appointed. Following her appointment, the F&T Trustee obtained a modified sale order given the changed circumstances since entry of the initial sale order (the "Modified Sale Order"). The sale of the Property was closed by the F&T Trustee on July 24, 2025, and $1,500,000 of the sale proceeds were deposited into a segregated account subject to a lien in favor of Green Lotus pursuant to Section 363 (the "Segregated Funds"), pursuant to the terms of the Modified Sale Order.

v. The F&T Trustee is informed and believes that the sale of the Property by the F&T Estate generated a taxable event to Penta Pacific given that the Debtor is a pass-through

entity. The F&T Trustee has caused informational returns to be filed with the Internal Revenue Service and the California Franchise Tax Board, reporting the Property sale information.

vi. On June 5, 2025, Green Lotus filed a proof of claim against the Estate asserting a secured claim as of the date of the bankruptcy filing in the amount of $1,187,779.28 (the "Claim").

vii. On March 11, 2026, the Plaintiff filed an adversary complaint (the "Complaint") against Green Lotus commencing the Adversary Proceeding. By the Complaint, Plaintiff alleges that the claim asserted by Green Lotus is voidable pursuant to 11 U.S.C. Section 548, seeks to quiet title as to the Property, and requests a determination that Green Lotus has no valid claim against the Estate.

viii. On June 12, 2026, Green Lotus filed a proof of claim against the Ashley Estate asserting a general unsecured claim, based upon a disputed guaranty claim arising out of the same purported loan as that asserted against the F&T Estate.

ix. On July 10, 2026, the F&T Trustee, Green Lotus, the Ashley Trustee, and Ashley Nguyen participated in a formal mediation in an effort to resolve all disputed claims asserted by Green Lotus against the F&T and Ashley Estates. After having examined information and documents provided formally or informally by all the Parties, and having participated in the full-day mediation, the F&T Trustee, Green Lotus, and the Ashley Trustee have each come to the conclusion that a consensual resolution of the claims and defenses alleged by the Plaintiff and Green Lotus in the Adversary Proceeding is in the best interests of the Parties to this Settlement Agreement. In an effort to avoid the need for further litigation between the Parties to resolve the Adversary Proceeding, and to avoid the substantial costs, uncertainty and delay to the Parties that would result from further litigation of the Adversary Proceeding, the Parties enter into this

Settlement Agreement, which Agreement shall take effect upon the Bankruptcy Court's approval of this Agreement, and the concurrent approval of the proposed settlement of Green Lotus' claim against the Ashley Estate unless Green Lotus agrees otherwise in writing, or so advises the Bankruptcy Court at the time of the hearing to approve this Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:**

1. Conditions Precedent. This Agreement is contingent upon the following, and if any of the following conditions precedent are not met, this Agreement shall be void and of no force and effect:

a. The filing of a motion by the F&T Trustee seeking approval of the terms of this Agreement in accordance with Federal Rules of Bankruptcy Procedure 9019 (the "Rule 9019 Motion"). The F&T Trustee agrees to serve all documents pertaining to the Rule 9019 Motion in accordance with the Federal Rules of Bankruptcy Procedure and applicable Local Bankruptcy Rules for the Central District of California;

b. The entry by the Bankruptcy Court of a final, non-appealable order granting the Rule 9019 Motion (the "Approval Order"), which occurs when either (i) no appeal has been filed within the time for filing a notice of appeal under Rule 8002, or (ii) any timely appeals taken of the Approval Order have been fully exhausted and the Approval Order remains intact, and the time for entry of any further appeal has expired (the "Final Order");

c. The entry by the Bankruptcy Court of a final, non-appealable order granting a Rule 9019 motion to be filed by the Ashley Trustee in the Ashley Bankruptcy Case, approving the proposed settlement negotiated by the Ashley Trustee and Green Lotus at the July 10, 2026 mediation unless Green Lotus agrees otherwise in writing that

it wishes to proceed with the F&T Trustee, or so advises the Bankruptcy Court at the time of the hearing to approve this Settlement Agreement; and,

d. In the event the aforementioned conditions precedent are not satisfied, this proposed Settlement Agreement shall be of no force and affect as between the Parties.

2. Effective Date of Agreement. This Agreement shall be effective immediately upon the Approval Order becoming a Final Order (the "Effective Date").

3. Settlement Terms between the F&T Estate and Green Lotus:

a. Green Lotus shall be allowed a general unsecured claim against the F&T Estate in the amount of $350,000.00.

b. Upon execution of this Settlement Agreement, the F&T Trustee shall proceed to file the 9019 Motion to obtain Bankruptcy Court approval of this proposed Settlement. It is anticipated that the F&T Trustee will use August 25, 2026 as the hearing date for the 9019 Motion based upon the information available on the court's self-calendaring website. If this date is not available, the F&T Trustee shall proceed to obtain the next available date to allow sufficient notice in accordance with Bankruptcy and Local Rules.

c. Upon entry of the Final Order approving the proposed Settlement, the F&T Trustee will proceed with final administration of the F&T Estate by commencing what is commonly referred to as the "closing process."

d. Upon entry of the Final Order approving the proposed Settlement, the lien of Green Lotus on the Segregated Funds will be deemed released, with such funds to thereafter be unencumbered assets of the Estate.

4. Releases.

4.01 General Release by the F&T Trustee of Green Lotus.

This General Release becomes effective upon entry of the Final Order approving the proposed Settlement, Green Lotus' execution of the necessary stipulation to dismiss the Adversary Proceeding and the State Court Litigation, and the releases of Green Lotus as set forth in Sections 4.02 and 5 herein becoming effective. Excepting only the express obligations of Green Lotus under this Settlement Agreement, the F&T Trustee, solely in her capacity as the duly appointed and acting Chapter 7 Trustee in the F&T Bankruptcy Case, and on behalf of any successor Chapter 7 Trustee, the Debtor, and each and all of the F&T Trustee's and/or the Debtor's agents, servants, employees, proprietors, general partners, limited partners, members, members' members, managers, joint venturers, officers, directors, shareholders, subsidiaries, corporate parents, affiliates, attorneys, predecessors, successors, and assigns and all other persons claiming through or under the F&T Trustee, or the Debtor, or who could have claimed through or under the Trustee, or the Debtor (collectively, the "F&T Trustee General Releasors"), hereby releases and forever discharges Green Lotus, and each and all of its respective agents, servants, employees, directors, members, partners, joint venturers, corporate and non-corporate affiliates, attorneys, predecessors, successors and assigns and all other persons claiming through or under Green Lotus, or who could have claimed through or under Green Lotus, including, but not limited to, Thong Huu Nguyen and Van Thi Duong (collectively, the "Settling Green Lotus Releasees") from any and all liability, acts, actions, causes of action, claims for relief, counts, suits, proceedings, debts, dues, sums of money, accounts, accountings, reckonings, bonds, bills, covenants, contracts, controversies, claims of indemnity, conveyances, leases, assignments, agreements, promises, representations, trespasses, damages, judgments, executions, claims and

demands, or any combination of same, of any nature whatsoever, whenever arising, whether known or unknown, suspected or unsuspected, matured or unmatured, fixed or contingent, liquidated or unliquidated, whether at law or in equity, which any F&T Trustee General Releasor ever had, now has, or may, shall or can hereafter have against any Settling Green Lotus Releasee for or by reason of anything whatsoever, for the period up to and including the Effective Date of this Agreement, relating to, arising from or under or in connection with, or which may arise from or under or in connection with, the F&T Estate, the Debtor and the F&T Bankruptcy Case including, but not limited to, the Adversary Proceeding and the State Court Litigation.

4.02 General Release by Green Lotus of the F&T Trustee and the F&T Estate.

This General Release becomes effective upon entry of the Final Order approving the proposed Settlement, the Trustee's execution of the necessary stipulations to dismiss the Adversary Proceeding and the State Court Litigation, the releases of the Trustee as set forth in Sections 4.01 and 5 herein becoming effective, and the receipt by Green Lotus of the sum of $350,000 on account of its allowed claim. Excepting only the express obligations of the Trustee and the Estate under this Settlement Agreement, Green Lotus, on behalf of itself, its respective agents, servants, employees, members, partners, corporate and non-corporate affiliates, attorneys, predecessors, insurers and reinsurers, successors and assigns and all other persons claiming through or under it, or who could have claimed through or under it, including, but not limited to, Thong Huu Nguyen and Van Thi Duong (collectively, the "Settling Green Lotus General Releasors"), hereby releases and forever discharges the F&T Trustee in her capacity as the duly appointed and acting Chapter 7 Trustee in the Bankruptcy Case, the F&T Estate, the Debtor, and each and all of the F&T Trustee's, the F&T Estate's and the Debtor's respective agents, servants, employees, proprietors, general partners, limited partners, members, members' members,

manager, venturers, officers, directors, shareholders, subsidiaries, corporate parents, affiliates, attorneys, predecessors, successors and assigns, and all other persons claiming through or under the F&T Trustee, the F&T Estate or the Debtor, or who could have claimed through or under the F&T Trustee, the F&T Estate or the Debtor (collectively, the "F&T Trustee General Releasees") from any and all liability, acts, actions, causes of action, suits, proceedings, debts, dues, sums of money, accounts, accountings, reckonings, bonds, bills, covenants, contracts, controversies, claims of indemnity, conveyances, leases, assignments, agreements, promises, representations, trespasses, damages, judgments, executions, claims and demands, or any combination of same, of any nature whatsoever, whenever arising, whether known or unknown, suspected or unsuspected, matured or unmatured, fixed or contingent, liquidated or unliquidated, whether at law or in equity, which any Settling Green Lotus General Releasor ever had, now has, or may, shall, or can hereafter have against any F&T Trustee General Releasee for or by reason of anything whatsoever, for the period up to and including the Effective Date of this Settlement Agreement, relating to or arising from or under or in connection with, or which may arise from or under or in connection with, the F&T Estate, the Debtor and the F&T Bankruptcy Case including, but not limited to, the Claim, the Adversary Proceeding, and the State Court Litigation.

4.03. This release is not intended in any way to waive, modify, or release any claims Green Lotus has against third parties not a party to this Agreement, including, but not limited to, Minh Tuong Nguyen, Darren Nguyen, Tiffany Nguyen or their related or other non-related entities, including, but not limited to, Advance Estate Realty, ADK Bancorp, and Adore Escrow, Inc. For the avoidance of doubt, Green Lotus can continue to pursue said parties or other related parties in the Superior Court of California, County of Orange, Case Number 30-2024-01384569

(the "Orange County Action") or in any related bankruptcy, if applicable, subject to any limitations of applicable State or Federal Law, including Bankruptcy Law.

5. General Release of Unknown Claims. It is the intent of the Parties to mutually release, waive, and discharge each other from and any and all claims, of any nature whatsoever, both known and unknown, which have existed or may exist, from the beginning of time to the date hereof, with the exception of Green Lotus's general unsecured claim in the amount of $350,000 against the F&T Estate as provided by this Agreement. The Parties warrant, represent and agree that they are aware that certain jurisdictions may limit the general release of unknown claims, such as, for example, California Civil Code Section 1542 (set forth below), about which the Parties have each been advised by their respective legal counsel and which they knowingly hereby waive so they may affect the mutual general release that they hereby intend to grant:

> CAL. CIV. CODE SEC. 1542. GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

By executing this Agreement, the Parties hereby waive and relinquish every right or benefit that they have or might have under California Civil Code Section 1542 or any other similar or equivalent federal provision, provision of California state law, provision of any other State in the United States, provision of common law, or otherwise to the fullest extent permitted under any such law with the exception of Green Lotus's allowed general unsecured claim in the amount of $350,000 against the F&T Estate as provided by this Agreement. The Parties acknowledge that they are aware that they might later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention hereby fully, finally and forever to settle and release all

matters, known or unknown, suspected or unsuspected, which now exist, might exist, or previously existed between the Parties related to the claims alleged or that could have been alleged against another Party as described in the Releases set forth above. Nothing contained in the Releases or the release of unknown claims herein shall negate or impair the Parties' rights to enforce this Agreement.

6. Dismissals with Prejudice. Within seven (7) business days of entry of the final Approval Order, the F&T Trustee shall file a stipulation dismissing the Adversary Proceeding with prejudice, and without costs. The F&T Trustee shall prepare and circulate for the approval of Green Lotus the necessary stipulation to properly request that the Bankruptcy Court dismiss the Adversary Proceeding with prejudice. The F&T Trustee shall further request dismissal, with prejudice, of the State Court Litigation commenced pre-petition by the Debtor against Green Lotus. In addition, Green Lotus shall proceed to take the necessary steps to dismiss, with prejudice, the Debtor from the Orange County Action.

7. Understanding of the Settlement Agreement. As noted hereinabove in Paragraph 1(b), this Settlement Agreement is expressly conditioned upon the issuance of the Approval Order by the Bankruptcy Court and such order becoming a Final Order. The Parties agree, however, that upon execution of this Settlement Agreement they are bound by the terms hereof, subject only to entry of the Final Order. All the Parties agree that none shall conduct any discovery or take any further substantive action to prosecute or defend the Adversary Proceeding pending the occurrence of the Effective Date, understanding that if this Settlement Agreement is not approved by the Bankruptcy Court, then the Parties shall jointly request that the Bankruptcy Court restore the Parties to their procedural posture as of the date of the signing hereof, and the Parties hereby waive any right to object to approval of the Settlement Agreement by the

Bankruptcy Court. The Parties acknowledge that this Settlement Agreement is the result of good faith negotiations between them through their respective counsel, and following formal mediation.

As further noted hereinabove in Paragraph 1(c), this Settlement Agreement is expressly conditioned upon the issuance of a final order of the Bankruptcy Court in the Nguyen Bankruptcy Case, approving the 9019 Motion to be filed by the Nguyen Trustee, approving the proposed settlement negotiated by the Ashley Trustee and Green Lotus at the July 10, 2026 mediation unless Green Lotus agrees otherwise in writing that it wishes to proceed with the settlement with the F&T Trustee, or so advises the Bankruptcy Court at the time of the hearing to approve this Agreement.

8. Reliance. Except as set forth herein, the Parties acknowledge that they have relied solely upon their own judgment, belief, and knowledge of the existence, nature, and extent of each claim, demand, cause of action or right that each of the Parties may have against the other, and that each of the Parties has not been influenced to any extent in entering into this Settlement Agreement by any representation or statement regarding any such claim, demand, cause of action or right made by any other Party hereto.

9. Execution of Additional Documents. The Parties agree that they will execute any and all additional documents and take all additional steps which may be necessary, convenient or appropriate to consummate this Settlement Agreement and accomplish the purposes thereof.

10. Counterparts. This Settlement Agreement may be executed in any number of original, facsimile, copied, or electronic counterparts, and all counterparts shall be considered together as one Agreement. A faxed, copied, or electronic counterpart shall have the same force and effect as an original signed counterpart. Each of the Parties hereby expressly forever waives

any and all rights to raise the use of a facsimile machine or email to deliver a signature, or the fact that any signature or Settlement Agreement or instrument was transmitted or communicated through the use of a facsimile machine or email, as a defense to the formation of a contract.

11. Authority. Each of the signatories to this Settlement Agreement warrants that he or she or it has the authority to sign on behalf of the corresponding Party to this Settlement Agreement and that no other signature is required.

12. Mutually Drafted. This Settlement Agreement is to be interpreted without regard to the draftsperson. The terms and intent of this Settlement Agreement, with respect to the rights and obligations of the Parties, shall be interpreted and construed on the assumption that the Parties participated equally in its drafting.

13. Binding. This Settlement Agreement shall be binding on the Parties hereto when each such Party has executed at least one counterpart, subject only to the Bankruptcy Court's entry of the Approval Order and such order becoming the Final Order, in addition to the entry by the Bankruptcy Court of a final, non-appealable order granting a Rule 9019 motion to be filed by the Ashley Trustee in the Ashley Bankruptcy Case, approving the proposed settlement negotiated by the Ashley Trustee and Green Lotus at the July 10, 2026 mediation unless Green Lotus agrees otherwise in writing that it wishes to proceed with the F&T Trustee, or so advises the Bankruptcy Court at the time of the hearing to approve this Agreement.

14. Successors and Assigns. The provisions of this Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their heirs, executors, administrators, agents, representative, successors, participants, and assigns.

15. Governing Law. This Settlement Agreement is made pursuant to and shall be governed by and construed in accordance with the laws of the State of California and, to the extent applicable, federal law.

16. Jurisdiction of the Bankruptcy Court. Should any dispute arise regarding this Agreement, the Approval Order, or the Final Order, the Bankruptcy Court or any successor court shall have exclusive jurisdiction to determine, construe, interpret and enforce the terms and conditions of this Settlement Agreement.

17. F&T Trustee's Capacity. The F&T Trustee is signing this Settlement Agreement in her capacity solely as Chapter 7 Trustee of the F&T Estate. Nothing contained herein shall in any way impute liability to the Trustee, personally or as a member of any professional organization or anyone acting on her behalf, including but not limited to her law firm, Ringstad & Sanders LLP, and her special counsel, Fitzgerald, Kreditor, Bolduc Risbrough LLP.

18. No Admission of Liability. It is understood and agreed by the Parties hereto that this Settlement Agreement and the consideration therefor is a full, final and complete compromise and settlement any and all claims, unknown or unknown, including but not limited those asserted in the Adversary Proceeding and by Green Lotus by way of its Claim. This Settlement Agreement is not to be construed as an admission of liability on the part of any of the Parties. While agreeing to this Agreement, the Green Lotus denies any liability to the F&T Trustee, the F&T Estate, the Debtor, or otherwise and further denies that it or any of the other settling parties, or any of their attorneys, have violated any federal, state or local statute, rule or ordinance, or any common law principle, in connection with the disputed claims asserted in the Adversary Proceeding or any other claims or proceedings. Neither this Settlement Agreement, nor any of its terms, nor any negotiations or proceedings in connection with this Settlement

Agreement, shall constitute or be construed as or be deemed to be evidence of an admission on the part of any Party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any Party; nor shall this Settlement Agreement, or any of the terms hereof, nor any negotiations or proceedings in connection herewith, nor any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any Party, or used in any proceeding for any purpose whatsoever, except with respect to the effectuation, interpretation, and enforcement of this Settlement Agreement. Notwithstanding the foregoing, the Parties agree that this provision is not intended to be a confidentiality provision or a non-disparagement provision. The F&T Trustee may file this Settlement Agreement as evidence in support of the Rule 9019 Motion and for any other purpose whatsoever that is related to or connected with the F&T Estate, the F&T Bankruptcy Case, or the Adversary Proceeding.

19. Voluntary Agreement. This Settlement Agreement is freely and voluntarily executed by the Parties. Each Party represents, warrants, covenants, and agrees that he, she, or it: (a) has carefully and thoroughly read this Settlement Agreement; (b) has obtained the advice of counsel of his, her or its own choosing with respect to the Settlement Agreement and its legal interpretation and implications; (c) fully understands the terms and conditions of this Settlement Agreement and their significance; (d) has had a full and complete opportunity to review this Settlement Agreement and to make suggestions or changes; and (e) has bargained for this Settlement Agreement in arms-length negotiations and without acting under duress.

20. Attorneys' Fees and Costs. The Parties shall each bear their own attorneys' fees and expert fees, and costs with regard to or relating to all past and pending matters between the Parties, the Adversary Proceeding, and this Settlement Agreement.

21. Time is of the Essence. Time is of the essence in the performance of all obligations under this Settlement Agreement.

22. Survival of Representations and Warranties. The Parties agree that all representations and warranties made by them in this Settlement Agreement shall survive the execution of this Settlement Agreement.

23. Headings. Headings in this Settlement Agreement are for convenience or reference only and shall not limit or otherwise affect the meaning hereof.

Karen Sue Naylor, Chapter 7 Trustee
Karen Sue Naylor, Chapter 7 Trustee,
*In re Foothill and Towne, LLC*

8-4-26
Date

Green Lotus Group, LLC

Van thi Duong
By Van thi Duong,
It's Managing Member

8/3/26
Date

Thong Huu Nguyen

8/3/26
Date

Van thi Duong
Van Thi Duong

8/3/26
Date

APPROVED AS TO FORM AND CONTENT:

~~Weneta M.A. Kosmala,~~
~~Chapter 7 Trustee, *In re Ashley Nguyen*~~

Date

[Signatures Continued on Following Page]

SCHEER LAW GROUP, LLP

______________________________ 8/3/26
Joshua Scheer Date
Counsel for Green Lotus Group, LLC

KREDITOR BOLDUC RISBROUGH LLP

______________________________ ________________
Paul Johnson Sievers Date
Counsel for Karen Sue Naylor,
Chapter 7 Trustee, Plaintiff

SCHEER LAW GROUP, LLP

______________________________ ________________
Joshua Scheer Date
Counsel for Green Lotus Group, LLC

KREDITOR BOLDUC RISBROUGH LLP

Paul Sievers 8/3/26
______________________________ ________________
Paul Johnson Sievers Date
Counsel for Karen Sue Naylor,
Chapter 7 Trustee, Plaintiff

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 23101 Lake Center Drive, Suite 355, Lake Forest, CA 92630

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING COMPROMISE AND SETTLEMENT WITH GREEN LOTUS GROUP, LLC; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF KAREN SUE NAYLOR IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 4, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jess R Bressi** Jess.Bressi@gmail.com, kimberly.sigismondo@dentons.com
- **Jeffrey I Golden** jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Arnold L Graff** agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Karen S Naylor (TR)** alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **Nanette D Sanders** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Joshua L Scheer** jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Paul J. Sievers** psievers@psieversapc.com, psievers@fkbrlegal.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Stephen R Wade** srw@srwadelaw.com, reception@srwadelaw.com
- **Gerrick Warrington** gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On August 4, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy: Honorable Scott C. Clarkson, U.S. Bankruptcy Court, Ronald Reagan Federal Building, 411 W. Fourth St., Suite 5130, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 4, 2026 | Arlene Martin | */s/ Arlene Martin* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |