| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| KREDITOR BOLDUC RISBROUGH LLP<br>Paul Johnson Sievers (State Bar No. 156561)<br>psievers@kbrlawyer.com<br>3200 Park Center Drive, Suite 800<br>Costa Mesa, California 92626<br>Telephone: 949-788-8900; Facsimile: 949-788-8980<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Plaintiff, Karen Sue Naylor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re: | |
|---|---|
| FOOTHILL AND TOWNE, LLC<br><br>Debtor(s). | CASE NO.: 8:25-bk-10136 SC<br>CHAPTER: 7<br><br>**APPLICATION FOR PAYMENT OF:**<br>☐ **INTERIM FEES AND/OR EXPENSES (11 U.S.C. § 331)**<br>☒ **FINAL FEES AND/OR EXPENSES (11 U.S.C. § 330)**<br><br>DATE: To Be Set<br>TIME:<br>COURTROOM:<br>PLACE: |

1. Name of Applicant (*specify*): Kreditor Bolduc Risbrough LLP
2. Type of services rendered:
   a. ☒ Attorney for (*specify*): Karen Sue Naylor, Chapter 7 Trustee
   b. ☐ Accountant for (*specify*): _____
   c. ☐ Other professional (*specify*): _____
3. Date of filing of petition under chapter 7 of the Bankruptcy Code: 01/17/2025
4. Date of entry of Order Approving Applicant's Employment: 10/12/2025
5. Date of filing of last Fee and/or Expense Application: _____

6. Total fees allowed or paid to Applicant to date (including retainers and prior approved fee applications): $ 0.00

   a. Retainer received: $ 0.00

   b. Retainer remaining as of the date of this Application: $ 0.00

   c. Total amount requested in all prior applications: $ 0.00

   d. Total amount actually paid pursuant to prior approved applications: $ 0.00

   e. Total amount currently due but unpaid pursuant to prior approved applications: $ 0.00

   f. Total amount allowed but reserved pending final fee application: $ 0.00

7. **Summary of Requested Fees**: (*attach detailed supporting documentation to this Application*)

| Professional Person's Name | Hourly Rate | X | Total Hours this Person | = | Total Fees this Person |
|---|---|---|---|---|---|
| a. Paul J. Sievers | $ 200.00 | X | 73.8 | = | $ 14,760.00 |
| b. | $ | X | | = | $ |
| c. | $ | X | | = | $ |
| d. | $ | X | | = | $ |
| e. | $ | X | | = | $ |
| f. | $ | X | | = | $ |

g. ☐ Continued on attached page

8. The hourly rates above are the same rates charged by the above professionals for non-bankruptcy services except as follows: ☐ See attached page
   See attached declaration regarding the contingency portion of fees requested in the amount of $125,666.89

9. Bonus requested (final fee applications only): $ 0.00
   (*attach Declaration and Memorandum of Points and Authorities justifying bonus*)

10. **TOTAL FEES REQUESTED THIS APPLICATION**: $ 140,426.89

11. Total expenses paid to Applicant to date (including retainers and prior approved expense applications): $ 0.00

12. **Summary of Requested Expense Reimbursement**: (*attach detailed supporting documentation to this Application*)

| Type of Expense | Reimbursement Requested this Application |
|---|---|
| a. Photocopying | $ 21.75 |
| b. Federal Express | $ 43.80 |
| c. Postage | $ 4.34 |
| d. | $ |
| e. | $ |
| f. | $ |
| g. ☐ Continued on Attached Page | |

13. **TOTAL EXPENSE REIMBURSEMENT REQUESTED THIS APPLICATION:** $ 69.89

14. Applicant submits the following in support of the Application herein pursuant to LBR 2016-1 (*specify*):
Declaration of Paul J. Sievers

15. Total number of attached pages of supporting documentation: 33

16. Applicant declares under penalty of perjury under the laws of the United States that the foregoing Application and all attached supporting documentation are true and correct and accurately reflect services rendered and expenses incurred.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/02/2026 | Paul J. Sievers | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**DECLARATION OF PAUL J. SIEVERS**

I, Paul J. Sievers, declare as follows:

1. I am Of Counsel to the law firm of Kreditor Bolduc Risbrough, LLP[1] ("KBR" and/or the "Firm"), Special Litigation Counsel for Karen Sue Naylor, the duly appointed and acting Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of *In re Foothill and Towne LLC* (the "Debtor"). The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify as to the truth of the matters set forth herein, except those matters set forth on information and belief, as to which I am informed and believe they are true.

2. KBR is a limited liability partnership with offices in Costa Mesa, California. All attorneys who appear in this case are duly licensed to practice in the State of California and various United States District Courts, including the Central District of California.

3. On or about January 20, 2026, the Firm filed and served an *Application of Chapter 7 Trustee for Employment of Fitzgerald Kreditor Bolduc Risbrough, LLP, as Special Litigation Counsel, Memorandum of Points and Authorities and Declarations of Karen Sue Naylor and Paul J. Sievers in Support Thereof* (the "Employment Application") [Dkt. No. 125]. An order authorizing the employment of the Firm as Special Litigation Counsel for the Trustee was entered by the Court on February 18, 2026 [Dkt. No. 130].

4. This application is the first and final application for allowance of attorney's fees and reimbursement of costs submitted by KBR. This application covers the period beginning January 14, 2026 through September 30, 2026 (the "Application Period"). During the Application Period, R&S incurred fees in the amount of **$14,760.00** and costs in the amount of **$69.89, plus a contingency fee as described herein, resulting in total fees in the amount of $125,666.89**. Pursuant to the terms of the Employment Application, the Firm charged the Trustee a reduced hourly rate in return for a contingency fee equal to fifteen percent (15%) of any recovery achieved on behalf of the Estate, including any reduction in the amount of Proof of Claim No. 2-1 filed by Green Lotus Group, LLC ("Green Lotus"). Green Lotus, the defendant in

[1] Formerly known as Fitzgerald Kreditor Bolduc Risbrough, LLP.

the adversary proceeding prosecuted by the Firm, asserted Proof of Claim No. 2-1, a secured claim in the amount of $1,187,779.28, predicated on a pre-petition security interest in the primary asset of the Estate. Green Lotus' Proof of Claim No. 2-1 was reduced to an allowed unsecured claim of $350,000 as part of the Estate's settlement with Green Lotus reached at mediation. The Firm's contingency fee is calculated on $837,779.28 ($1,187,779.28 - $350,000) x 15%, for a total requested contingency fee of $125,666.89.

5. The Firm has not received any retainers in connection with its representation of the Trustee.

6. No understanding exists for sharing of compensation received or to be received by the Firm for services rendered in this case, except that the compensation received herein may be shared among the members and associates of the Firm.

**General Case and Adversary Information.**

**Background.**

7. I am informed and believe that on or about January 17, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

8. On July 1, 2025, the Court entered an *Order Converting Case to Chapter* 7 (the "Conversion Order" [Dkt. No. 68].

9. On July 2, 2025 Ms. Naylor was appointed as acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate") [Dkt. No. 72].

**The Disputed Green Lotus Claim**.

10. On June 5, 2025, Green Lotus filed Claim No. 2-1 against the Estate, asserting a secured claim against the Debtor's real property located at 700-704 Foothill Boulevard, Pomona, CA (the "Foothill Property") in the amount of $1,187,779.28 based upon "money loaned." Attached to Claim No. 2-1 are several documents, including a promissory note ("Note") and deed of trust ("Deed of Trust"). The Note contains the following language: **This Note is meant to serve as additional collateral for loans made to Minh Tuong Nguyen from Green Lotus Group LLC that are currently outstanding totaling $1,699,670.94. This Note is not a new**

**Loan. Lender will release this note as those outstanding loans are paid off.** (emphasis in the original).

11. As reflected in the Debtor's *Status Report* [Dkt. No. 67] (the "Status Report"), filed with the Court on June 20, 2025, the Debtor commenced litigation pre-petition against Green Lotus seeking a determination that the Note securing the Deed of Trust on the Foothill Property was not supported by consideration and otherwise unenforceable. The action entitled *Foothill and Towne, LLC v. Green Lotus Group, LLC, et al.*, was commenced in the Los Angeles Superior Court on June 18, 2024 by way of *Verified Complaint For: 1. Quiet Title; 2. Cancellation of Instruments; 3. Slander of Title; and, 4. Declaratory Relief*, Case No. 24STCV15235 (the "State Court Action"). The Debtor removed the LASC Action to this Court on April 15, 2025, commencing Adversary Proceeding No. 8:25-ap-01227-SC. On July 1, 2025, concurrently with entry of the Conversion Order, the Court entered its *Order Sua Sponte Abstaining, Remanding Action to State Court, and Vacating Hearing* [Adv. Dkt. No. 12].

**The Sale of the Foothill Property.**

12. Prior to the Trustee's appointment, on March 11, 2025, the Debtor filed its *Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* (the "Sale Motion") [Dkt. No. 34]. The Sale Motion relates to the Foothill Property.

13. The Sale Motion was opposed by, *inter alia*, Green Lotus [Dkt. No. 43], and heard by the Court on April 2, 2025, at which time the Sale Motion was granted. The *Order Granting Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* (the "Sale Order") was entered by the Court on April 29, 2025 [Dkt. No. 55]. The Sale Order provided for the sale of the Foothill Property free and clear of the disputed Green Lotus claim, with the proviso that the sum of $1,500,000 be segregated from the sale proceeds for

the benefit of Green Lotus pending a determination of the validity and priority of the disputed Green Lotus claim.

14. As of the time of the Trustee's appointment, escrow was pending regarding the proposed sale of the Foothill Property. Given changed circumstances relating to the Foothill Property and the Sale Order, on July 18, 2025 the Trustee caused to be filed a *Stipulation re: Amendment of Order Granting Motion to (1) Approve Sale of Real Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* [Dkt. No. 79], which stipulation was approved by way of order entered July 18, 2025 [Dkt. No. 83]. Escrow thereafter closed on July 24, 2025 (see, *Trustee's Report of Sale Pursuant to Federal Rules of Bankruptcy Procedure 6004(f)(1)* [Dkt. No. 94]), with the sum of $1,500,000 segregated by the Trustee from the sale proceeds for the benefit of disputed secured creditor Green Lotus.

15. Subsequent to the sale of the Foothill Property, the Trustee investigated the facts and circumstances regarding the disputed Green Lotus claim, and after many months of attempting to resolve the dispute consensually, determined that the Estate has valid claims against Green Lotus, including but not limited to pursuant to 11 U.S.C. Section 548 (the "Claims").

16. As indicated above, an order authorizing the employment of the Firm as Special Litigation Counsel for the Trustee to pursue the Estate's claims against Green Lotus was entered by the Court on February 18, 2026 [Dkt. No. 130].

**<u>The Adversary Proceeding</u>**.

17. Prior to the Petition Date, the Firm represented the Debtor in the State Court Action. I was the primary attorney at the Firm responsible for prosecuting the State Court Action. I attempted to conduct discovery and investigation regarding the disputed Green Lotus Claim, including the purported basis of the lien asserted by Green Lotus in proceeds from the sale of the Foothill Property.

18. Pre-petition in the State Court Action, I served a subpoena upon Green Lotus seeking any documentation evidencing amounts paid by Green Lotus to the Debtor as

consideration for the Note and Deed of Trust. In response to the subpoena served upon Green Lotus, I received approximately a hundred pages of emails and other communications purportedly evidencing a loan or loans by Green Lotus to a third party, Minh Tuong Nguyen, the individual referenced in the language contained in the Note as described in Paragraph 9, above.

19. Upon the Firm's employment as Special Litigation Counsel, I learned from counsel for Ms. Naylor, who had negotiated with Green Lotus as described in Paragraph 14, above, that the entire basis for Green Lotus' assertion of an interest in the Foothill Property and the subsequent sales proceeds, was a purported guarantee of Green Lotus' loan to Minh Tuong Nguyen.

20. Working in conjunction with general counsel for the Trustee, I prepared the *Complaint for Avoidance, Recovery And Preservation of Constructive Fraudulent Transfer; Recovery and Preservation of Avoided Transfer; Quiet Title; Slander of Title; and Disallowance of Claim*, filed on March 11, 2026 [Adv. Dkt. No. 1]. The majority of the Firm's work on the Complaint was focused on the factual and legal basis to avoid Green Lotus' lien and obtain affirmative recovery against Green Lotus for the damages caused by its cloud on the Foothill Property's title. Specifically, the Debtor, pre-petition, had negotiated a sale of the Foothill Property, a settlement with the City of Pomona to avoid a deed restriction on the Foothill Property, and a commitment from the City to advance changes in entitlements of the Foothill Property to benefit the prospective buyer.

21. This proposed transaction, towards which the Debtor had invested significant pre-petition funds to bring to the brink of fruition, was held hostage by Green Lotus, who had to be threatened to even provide a pay-off demand to escrow. Loss of the sale was avoided only by virtue of the Debtor's chapter 11 proceeding and the Sale Motion, both of which cost the Debtor/Estate substantial fees and expenses. In addition, the Sale was consummated only after delays and resulting costs. This included significant amounts paid to other secured creditors in the form of interest and penalties as a result of the Debtor's inability to close the sale of the Foothill Property as result of Green Lotus' cloud on title.

22. The Adversary Complaint contemplated not only that the Estate would avoid Green Lotus' lien on the sale proceeds and disallowance of the Green Lotus' Claim, but also affirmative recovery of $610,000 expended by the Debtor and the Estate to avoid the cloud on title caused by Green Lotus' Deed of Trust.

23. In conjunction with the drafting of the Adversary Complaint, I undertook legal research to ascertain the legal requirements Green Lotus would have to overcome to assert a lien on Estate assets by virtue of the Debtor's purported guarantee of Green Lotus' loan to Minh Tuong Nguyen. In particular, I determined that Green Lotus would be required to show not only a written guarantee of the debt by the Debtor, but also independent consideration paid to the Debtor for the guarantee. I reviewed the documents obtained by the Debtor pre-petition in the State Court Action and determined there was no evidence of either a written guaranty of the loan to Minh Tuong Nguyen by the Debtor or independent consideration paid to the Debtor for the purported guarantee. I also reviewed in detail the transaction documents for the Green Lotus "loan" to the Debtor, which appeared, for all respects (save the language in the Note) to be a cash-out refinancing. In other words, neither Green Lotus' own records nor the actual loan documents supported Green Lotus' "guaranty" theory.

24. Shortly after the filing of the Adversary Complaint, I began communicating with counsel for Green Lotus, Joshua Sheer, to discuss discovery and compliance with our respective pre-trial obligations. My primary concern on the Trustee's behalf in this regard was to document the non-existence of either a written guaranty executed by the Debtor or any consideration received by the Debtor for the Deed of Trust. Accordingly, I began a process of pressuring Green Lotus to produce some documentation supporting their "guaranty" theory. In addition, I began assembling documentation by which I intended to prove the damages the Debtor and Estate incurred as a result of the cloud on title represented by the Deed of Trust. The parties agreed upon a discovery plan, and I provided the Trustee's initial disclosures and compiled the documentation for those disclosures.

25. In April or May of 2026, the Trustee, in coordination with the Chapter 7 Bankruptcy Estate of Ashley Nguyen, a principal of the Debtor, commenced discussions that

resulted in a joint mediation with Green Lotus regarding the various claims it asserted in the two bankruptcies. I assisted in preparation of a Request for Assignment to Mediation and an Order on said Request. I drafted the Trustee's Mediation Brief and attended the entire day of Mediation on July 10, 2026.

26. A settlement was achieved with respect to Green Lotus' claims against the Estate and the Sales Proceeds. I assisted in negotiating the terms of the settlement agreement and pursuing the Trustee's Motion for Order Approving Compromise and Settlement With Green Lotus Group, LLC. I attended the hearing on the Motion to answer questions regarding the proposed settlement, which was approved by the Court. I then consummated one portion of the settlement by dismissing the State Court Action.

27. Copies of the Firm's billing statements for all services rendered during the Application Period are attached hereto collectively as Exhibit "1." The billing statements set forth in detail the time spent, and the specific professional services rendered by the Firm.

28. I have reviewed the requirements of Local Bankruptcy Rule 2016-1 and believe that this declaration complies with this rule.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed October 2, 2026 at Costa Mesa, California.

/s/ Paul J. Sievers
Paul J. Sievers

EXHIBIT 1

KREDITOR BOLDUC RISBROUGH LLP

ATTORNEYS AT LAW

3200 Park Center Drive, Suite 800
Costa Mesa, CA 92626
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Karen Sue Naylor, Chapter 7 Trustee
c/o Nanette D. Sanders
RINGSTAD
23101 Lake Center Driver, Suite 355
Lake Forest, CA 92630

Statement Date: February 28, 2026
Statement No. 2
Account No. 2026011-01 E
Page: 1

Attn: Nanette D. Sanders, RINGSTAD
RE: in re Foothill and Towne LLC
cc: nanette@ringstadlaw.com

**Payment Due Upon Receipt**

Fees

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 01/14/2026 | JSK | Prepare resume and communicate the same to P. Sievers re: real estate bankruptcy matter. | | 0.40 | n/c |
| 02/11/2026 | PJS | Telephone call with N. Sanders and S. Wade regarding adversary proceedings. Review documents provided by trustee's counsel in preparation of complaint. | | 1.00 | n/c |
| 02/25/2026 | PJS | Draft and revise complaint in adversary proceeding. Emails with trustee's counsel regarding same. Legal research regarding cause of action. | 200.00 | 0.70 | 140.00 |
| 02/26/2026 | PJS | Draft and revise adversary complaint. Legal research regarding state law causes of action. | 200.00 | 0.50 | 100.00 |
| | | For Current Services Rendered | | 1.20 | 240.00 |
| | | Total Non-billable Hours | | 1.40 | |

Recapitulation

| Timekeeper | Hours | Total |
|---|---|---|
| Paul J Sievers | 1.20 | $240.00 |

Total Current Work 240.00

**TOTAL AMOUNT DUE:** $240.00

KBR | KREDITOR BOLDUC RISBROUGH LLP

ATTORNEYS AT LAW

3200 Park Center Drive, Suite 800
Costa Mesa, CA 92626
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Karen Sue Naylor, Chapter 7 Trustee
c/o Nanette D. Sanders
RINGSTAD
23101 Lake Center Driver, Suite 355
Lake Forest, CA 92630

Statement Date: March 31, 2026
Statement No. 3
Account No. 2026011-01 E
Page: 1

Attn: Nanette D. Sanders, RINGSTAD
RE: in re Foothill and Towne LLC
cc: nanette@ringstadlaw.com

**Payment Due Upon Receipt**

Fees

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 03/02/2026 | PJS | Emails with Trustee's attorney and Trustee regarding status of draft complaint and related bankruptcy filing (0.2). Research, draft and revise adversary proceeding complaint (2.1). | 200.00 | 2.30 | 460.00 |
| 03/03/2026 | PJS | Emails with Trustee's counsel regarding related bankruptcy action (0.2). Review documents regarding same for assistance in case strategy (0.4). | 200.00 | 0.60 | 120.00 |
| 03/04/2026 | PJS | Emails with trustee's counsel regarding filing of adversary complaint (0.2). Direct filing of same (0.4). Email regarding related bankruptcy case (0.1). | 200.00 | 0.70 | 140.00 |
| 03/05/2026 | PJS | Emails regarding filing of complaint (0.2). | 200.00 | 0.20 | 40.00 |
| 03/06/2026 | PJS | Emails regarding filing of adversary complaint (0.2). Direct filing of same (0.2). | 200.00 | 0.40 | 80.00 |
| 03/09/2026 | PJS | Emails regarding filing of adversary complaint (0.3). | 200.00 | 0.30 | 60.00 |
| 03/10/2026 | PJS | Emails regarding adversary complaint (0.1). | 200.00 | 0.10 | 20.00 |
| 03/11/2026 | PJS | Emails regarding complaint filing and exhibits (0.2). Emails with trustee's counsel regarding service (0.1). Analysis regarding case strategy (0.3). | 200.00 | 0.60 | 120.00 |
| 03/12/2026 | PJS | Review emails from court regarding adversary calendaring (0.1). Calendar hearings (0.2). Emails with trustee's counsel regarding same (0.3). Legal research regarding service (0.3). Telephone call to opposing counsel regarding same (0.1). Direct service (0.1). Analysis | | | |

Karen Sue Naylor, Chapter 7 Trustee

Statement Date: March 31, 2026
Statement No. 3
Account No. 2026011-01 E

RE: in re Foothill and Towne LLC



| Date | | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| | | regarding strategy (0.5). | 200.00 | 1.60 | 320.00 |
| 03/13/2026 | PJS | Email to opposing counsel regarding documents served on defendant (0.1). | 200.00 | 0.10 | 20.00 |
| 03/17/2026 | PJS | Emails regarding strategy (0.1). | 200.00 | 0.10 | 20.00 |
| 03/18/2026 | PJS | Emails with Trustee's counsel regarding service and proof of service for adversary complaint (.3). Review motion by Green Lotus in A. Nguyen bankruptcy (.2). Review notices of filings in adversary proceeding (.2). Email from Trustee's counsel regarding M. Nguyen 341a transcript (.1). | 200.00 | 0.70 | 140.00 |
| 03/23/2026 | PJS | Review forensic analysis of note and loan agreement (0.1). | 200.00 | 0.10 | 20.00 |
| 03/25/2026 | PJS | Begin legal research regarding effect of dismissal of state court litigation (0.1). | 200.00 | 0.10 | 20.00 |
| 03/26/2026 | PJS | Legal research and document review regarding case strategy development and status of state court action (0.6). | 200.00 | 0.60 | 120.00 |
| 03/31/2026 | PJS | Review notice of withdrawal of claims in bankruptcy (0.1). Review notice of continuance of state court hearing (0.1). Email to trustee's counsel regarding same (0.2). Email to same regarding claims matrix and other issues (0.2). Emails with opposing counsel regarding scheduling call to discuss case (0.2). | 200.00 | 0.80 | 160.00 |
| | | For Current Services Rendered | | 9.30 | 1,860.00 |

Recapitulation

| Timekeeper | Hours | Total |
|---|---|---|
| Paul J Sievers | 9.30 | $1,860.00 |

<u>Expenses</u>

| | | |
|---|---|---|
| 03/31/2026 | Postage - March 2026 | 4.34 |
| | Total Expenses | 4.34 |
| | Total Current Work | 1,864.34 |
| | Previous Balance | $240.00 |
| | **<u>TOTAL AMOUNT DUE:</u>** | <u>$2,104.34</u> |

Your account is 30 days past due.

KBR | KREDITOR BOLDUC RISBROUGH LLP

ATTORNEYS AT LAW

3200 Park Center Drive, Suite 800
Costa Mesa, CA 92626

Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Karen Sue Naylor, Chapter 7 Trustee
c/o Nanette D. Sanders
RINGSTAD
23101 Lake Center Driver, Suite 355
Lake Forest, CA 92630

Statement Date: April 30, 2026
Statement No. 4
Account No. 2026011-01 E

Page: 1

Attn: Nanette D. Sanders, RINGSTAD
RE: in re Foothill and Towne LLC
cc: nanette@ringstadlaw.com

**Payment Due Upon Receipt**

Fees

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 04/01/2026 | PJS | Emails with opposing counsel regarding telephone call to discuss case (0.3). Emails with trustee's counsel regarding same and communications with debtor's former counsel (.3). | 200.00 | 0.60 | 120.00 |
| 04/02/2026 | PJS | Emails with opposing counsel regarding scheduling telephone call to discuss case and calendar same (0.4). | 200.00 | 0.40 | 80.00 |
| 04/03/2026 | PJS | Telephone call with opposing counsel regarding status, discovery and settlement. | 200.00 | 0.40 | 80.00 |
| 04/06/2026 | PJS | Emails with N. Sanders regarding results of early meeting of counsel and request by defendant for additional time to respond to complaint. | 200.00 | 0.20 | 40.00 |
| 04/07/2026 | PJS | Emails with N. Sanders regarding extension of time to respond. Emails with opposing counsel regarding same. | 200.00 | 0.40 | 80.00 |
| 04/08/2026 | PJS | Emails with opposing counsel regrding extension on responsive pleading. Review, execute and return stipulation regarding same. | 200.00 | 0.30 | 60.00 |
| 04/13/2026 | PJS | Review notice of entry of order from court and calendar new response date (0.1). Telephone call and email with counsel regarding status of case (0.2). | 200.00 | 0.30 | 60.00 |
| 04/16/2026 | PJS | Email from former counsel for estate regarding status of adversary. | 200.00 | 0.10 | 20.00 |
| 04/27/2026 | PJS | Review opposition filed by Green Lotus in other action. | 200.00 | 0.10 | 20.00 |
| 04/28/2026 | PJS | Emails with trustee's counsel regarding mediation. | 200.00 | 0.20 | 40.00 |

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 04/30/2026 | PJS | Emails with N. Sanders regarding upcoming events and strategy (.2). Analysis regarding same and next steps (.1). | 200.00 | 0.30 | 60.00 |
| | | For Current Services Rendered | | 3.30 | 660.00 |

Recapitulation

| Timekeeper | Hours | Total |
|---|---|---|
| Paul J Sievers | 3.30 | $660.00 |

| | |
|---|---|
| Total Current Work | 660.00 |
| Previous Balance | $2,104.34 |
| **TOTAL AMOUNT DUE:** | $2,764.34 |

Your account is 60 days past due.

KBR | KREDITOR BOLDUC RISBROUGH LLP

ATTORNEYS AT LAW

3200 Park Center Drive, Suite 800
Costa Mesa, CA 92626
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Karen Sue Naylor, Chapter 7 Trustee
c/o Nanette D. Sanders
RINGSTAD
23101 Lake Center Driver, Suite 355
Lake Forest, CA 92630

Statement Date: May 31, 2026
Statement No. 6
Account No. 2026011-01 E
Page: 1

Attn: Nanette D. Sanders, RINGSTAD
RE: in re Foothill and Towne LLC
cc: nanette@ringstadlaw.com

**Payment Due Upon Receipt**

Fees

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 05/04/2026 | PJS | Email with N. Sanders regarding upcoming deadlines (.1). Analysis regarding same and Defendant's Answer to Complaint (.6). Telephone call with N. Sanders regarding results of same, strategy, mediation and discovery (0.8). | 200.00 | 1.50 | 300.00 |
| 05/06/2026 | PJS | Review notices regarding motions to disallow claims. | 200.00 | 0.10 | 20.00 |
| 05/11/2026 | PJS | Review documents in preparation for Rule 7026 meet and confer (0.1) Telephone call to opposing counsel regarding meet and confer scheduling (0.1). Email to same regarding same (0.1). | 200.00 | 0.30 | 60.00 |
| 05/12/2026 | PJS | Emails with opposing counsel regarding Rule 7026-1 meet and confer (.2). Prepare for Rule 7026-1 meet and confer (.5). Telephone call with opposing counsel to conduct same (.6). | 200.00 | 1.30 | 260.00 |
| 05/19/2026 | PJS | Emails with opposing counsel regarding Joint Status Report (.3). Process change of address filing with court (.1). Draft and revise Joint Status Report (.7). Direct and confirm filing and service of Joint Status Report (.2). | 200.00 | 1.30 | 260.00 |
| 05/26/2026 | PJS | Emails with N. Sanders regarding case issues/mediation (.2). Telephone call with same regarding same (.4). | 200.00 | 0.60 | 120.00 |
| 05/28/2026 | PJS | Email regarding results of Minh 341a (0.1). Email to N. Sanders regarding same (0.1). | 200.00 | 0.20 | 40.00 |
| 05/31/2026 | PJS | Emails from S. Wade regarding mediation (0.1). Email from R. Beall regarding same (0.1). Email to N. Sanders regarding same (0.1). Email to all counsel regarding same (0.1). Emails with N. | | | |

Karen Sue Naylor, Chapter 7 Trustee

Statement Date: May 31, 2026
Statement No. 6
Account No. 2026011-01 E

RE: in re Foothill and Towne LLC



| | Rate | Hours | |
|---|---|---|---|
| Sanders regarding Court's tentative ruling (0.2). | 200.00 | 0.60 | 120.00 |
| For Current Services Rendered | | 5.90 | 1,180.00 |

Recapitulation

| Timekeeper | Hours | Total |
|---|---|---|
| Paul J Sievers | 5.90 | $1,180.00 |

Advances

| | | |
|---|---|---|
| 05/19/2026 | Federal Express Tracking #872004980010 Shipment on 05/19/2026 to Attn. Hon Scott Clarkson Santa Ana - BK Division Regan. | 10.95 |
| | Total Advances | 10.95 |
| | Total Current Work | 1,190.95 |
| | Previous Balance | $2,764.34 |
| | **TOTAL AMOUNT DUE:** | $3,955.29 |

Your account is 90 days past due.

KBR | KREDITOR BOLDUC RISBROUGH LLP

ATTORNEYS AT LAW

3200 Park Center Drive, Suite 800
Costa Mesa, CA 92626
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Karen Sue Naylor, Chapter 7 Trustee
c/o Nanette D. Sanders
RINGSTAD
23101 Lake Center Driver, Suite 355
Lake Forest, CA 92630

Statement Date: June 30, 2026
Statement No. 7
Account No. 2026011-01 E
Page: 1

Attn: Nanette D. Sanders, RINGSTAD
RE: in re Foothill and Towne LLC
cc: nanette@ringstadlaw.com

**Payment Due Upon Receipt**

## Fees

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 06/01/2026 | PJS | Emails with opposing counsel regarding tentative decision for status conference (0.3). Emails with N. Sanders regarding various issues (0.2). Telephone call with opposing counsel regarding status conference (0.1). Calendar and coordinate regarding status conference continued by court (0.3). | 200.00 | 0.90 | 180.00 |
| 06/02/2026 | PJS | Emails with team, opposing counsel and N. Sanders regarding rescheduling hearing. | 200.00 | 0.30 | 60.00 |
| 06/07/2026 | PJS | Emails with opposing counsel regarding Rule 9026 disclosure. | 200.00 | 0.20 | 40.00 |
| 06/10/2026 | PJS | Emails regarding mediation scheduling (0.4). Emails with N. Sanders regarding Rule 26 disclosures (0.3). | 200.00 | 0.70 | 140.00 |
| 06/12/2026 | PJS | Multiple emails with all counsel and with N. Sanders regarding mediation (0.5). Calendar mediation (0.1). | 200.00 | 0.60 | 120.00 |
| 06/13/2026 | PJS | Email from N. Sanders regarding mediation form (0.1). Review mediation form (0.1). | 200.00 | 0.20 | 40.00 |
| 06/15/2026 | PJS | Emails regarding Green Lotus proof of claim in A. Nguyen bankruptcy (0.1). Review proof of claim (0.1). Draft and revise initial disclosures (2.9). Review documents for disclosures (0.8). Telephone calls with N. Sanders regarding disclosures (0.2). Email to opposing counsel forwarding same (0.1). Review defendant's disclosures (0.2). Emails with N. Sanders regarding defendant's disclosures (0.1). | 200.00 | 4.50 | 900.00 |
| 06/16/2026 | PJS | Emails regarding disclosures (0.1). Further review | | | |

Karen Sue Naylor, Chapter 7 Trustee

RE: in re Foothill and Towne LLC

Statement Date: June 30, 2026
Statement No. 7
Account No. 2026011-01 E


| | | | Rate | Hours | |
|---|---|---|---|---|---|
| | | and analysis of defendant's disclosures (0.2). Email to opposing counsel regarding production of documents identified in disclosures (0.1). Analysis regarding discovery (0.4). Emails regarding mediation (0.2) Draft request for production of documents (0.1). Finalize request for assignment to mediation and forward to opposing counsel for signatures (0.3). | 200.00 | 1.40 | 280.00 |
| 06/17/2026 | PJS | Emails with opposing counsel regarding production of disclosed documents. | 200.00 | 0.10 | 20.00 |
| 06/18/2026 | PJS | Draft and revise request for production of documents. | 200.00 | 0.30 | 60.00 |
| 06/19/2026 | PJS | Draft and revise requests for production of documents. | 200.00 | 0.30 | 60.00 |
| 06/25/2026 | PJS | Emails regarding debtor contacts with defendant (0.4). Emails regarding mediation (0.4). Emails with N. Sanders regarding status conference and mediation brief (0.1). | 200.00 | 0.90 | 180.00 |
| 06/26/2026 | PJS | Work on request for assignment to mediation and order regarding same (0.4), Analysis of contacts between debtor and defendant (0.3). | 200.00 | 0.70 | 140.00 |
| 06/29/2026 | PJS | Emails with N. Sanders regarding mediation request and mediation brief (0.4). Emails with opposing counsel regarding order on mediation request and production of documents disclosed by defendant (0.4). Work on finalizing request for assignment to mediation and order thereon (0.2). Emails regarding request for mediation fees (0.1). | 200.00 | 1.10 | 220.00 |
| 06/30/2026 | PJS | Coordinate regarding filing of application for mediation and order thereon (0.5). Emails with N. Sanders regarding same (0.2). Draft and revise Joint Status Report and circulate to opposing counsel for review and execution (0.2). Finalize Joint Status Report and coordinate filing of same (0.1). Telephone call with N. Sanders regarding mediation and damages (0.5). Confirm filing of mediation application, or and joint status report (0.1). Email to opposing counsel regarding production of disclosed documents (0.3). | 200.00 | 1.90 | 380.00 |
| | | For Current Services Rendered | | 14.10 | 2,820.00 |

Recapitulation

| Timekeeper | Hours | Total |
|---|---|---|
| Paul J Sievers | 14.10 | $2,820.00 |

Karen Sue Naylor, Chapter 7 Trustee

RE: in re Foothill and Towne LLC

Statement Date: June 30, 2026
Statement No. 7
Account No. 2026011-01 E


## Expenses

| | | |
|---|---|---|
| 06/30/2026 | Document reproduction/photocopying costs incurred | 9.50 |
| | Total Expenses | 9.50 |
| | Total Current Work | 2,829.50 |
| | Previous Balance | $3,955.29 |
| | **TOTAL AMOUNT DUE:** | $6,784.79 |

Your account is 120 days past due.

KBR | KREDITOR BOLDUC RISBROUGH LLP

ATTORNEYS AT LAW

3200 Park Center Drive, Suite 800
Costa Mesa, CA 92626
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Karen Sue Naylor, Chapter 7 Trustee
c/o Nanette D. Sanders
RINGSTAD
23101 Lake Center Driver, Suite 355
Lake Forest, CA 92630

Statement Date: July 31, 2026
Statement No. 8
Account No. 2026011-01 E
Page: 1

Attn: Nanette D. Sanders, RINGSTAD
RE: in re Foothill and Towne LLC
cc: nanette@ringstadlaw.com

**Payment Due Upon Receipt**

Fees

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 07/01/2026 | PJS | Emails with N. Sanders regarding damage analysis for mediation brief (0.5). Draft and revise mediation brief (1.0). Telephone call with N. Sanders regarding mediation issues (0.2). | 200.00 | 1.70 | 340.00 |
| 07/02/2026 | PJS | Revise mediation brief (0.6). | 200.00 | 0.60 | 120.00 |
| 07/03/2026 | PJS | Review order from Court on mediation.. | 200.00 | 0.10 | 20.00 |
| 07/06/2026 | PJS | Draft and revise mediation brief (0.6). Telephone calls with opposing counsel regarding mediation (0.2). Telephone calls with N. Sanders regarding mediation issues (0.7). Emails regarding potential postponement of mediation (0.1) Finalize mediation brief and forward to mediator with confidentiality agreement (0.5). Email to opposing counsel forwarding brief (0.1). Review and revise confidential supplemental mediation statement and forward to N. Sanders (0.9). | 200.00 | 3.10 | 620.00 |
| 07/08/2026 | PJS | Emails with opposing counsel regarding mediation (0.1) Review confidential supplement to mediation brief (0.1). Review defendant's mediation brief (0.4). Email to N. Sanders regarding same (0.1). Telephone call with N. Sanders regarding same (0.4). Respond to Court inquiry regarding filing of Joint Status Report (0.3). Emails with N. Sanders regarding same (0.1). Email from Mediator regarding mediation briefs (0.1) | 200.00 | 1.60 | 320.00 |
| | PJS | Review A. Nguyen's mediation brief (0.1). Emails with client and N. Sanders regarding same (0.2). Process change of address (0.1). | 200.00 | 0.40 | 80.00 |
| 07/09/2026 | PJS | Emails regarding mediation (0.1). Review and analysis of report prepared by client for mediation | | | |

Karen Sue Naylor, Chapter 7 Trustee

Statement Date: July 31, 2026
Statement No. 8
Account No. 2026011-01 E

RE: in re Foothill and Towne LLC



| | | | Rate | Hours | |
|---|---|---|---|---|---|
| | | (0.4). Telephone call with client and N. Sanders regarding mediation preparation (0.9). | 200.00 | 1.40 | 280.00 |
| 07/11/2026 | PJS | Prepare for and attend mediation (7.8) Telephone calls with counsel for parties and mediator to begin to finalize settlement (0.4). | 200.00 | 8.20 | 1,640.00 |
| 07/13/2026 | PJS | Emails with client and N. Sanders regarding settlement agreement (0.9). Emails with opposing counsel regarding same (0.5). Telephone call with opposing counsel regarding same (0.4). Emails with client regarding settlement (0.1) Review client's redline of settlement agreement (0.1). Emails regarding status conference (0.3). Telephone call with N. Sanders regarding settlement issues (0.5). Emails regarding settlement (0.2). | 200.00 | 3.00 | 600.00 |
| 07/14/2026 | PJS | Emails with client and N. Sanders regarding settlement issues (0.5). Emails regarding settlement (0.1). Prepare for and attend status conference in adversary proceeding (0.3). Emails with opposing counsel regarding settlement (0.1). Telephone calls with opposing counsel regarding settlement (0.8). Emails with S. Wade regarding settlement (0.2). Telephone call with client and N. Sanders regarding settlement (0.5). | 200.00 | 2.50 | 500.00 |
| 07/15/2026 | PJS | Emails with opposing counsel regarding settlement (0.1). Emails with client and N. Sanders regarding same (0.5). | 200.00 | 0.60 | 120.00 |
| 07/16/2026 | PJS | Emails with client, N. Sanders and opposing party regarding settlement. | 200.00 | 0.20 | 40.00 |
| 07/17/2026 | PJS | Emails with N. Sanders regarding scheduling order (0.1). Work on preparing same (0.2). Emails with opposing counsel regarding settlement (0.1). | 200.00 | 0.40 | 80.00 |
| 07/21/2026 | PJS | Review and analysis of draft settlement agreement (0.2). Work on scheduling order to lodge with court (0.2). Emails regarding settlement agreement (0.1). Email from client regarding additional mediation fees (0.1). | 200.00 | 0.60 | 120.00 |
| 07/22/2026 | PJS | Emails regarding settlement agreement and suggested changes (0.3). Review revised drafts of settlement agreement (0.4). | 200.00 | 0.70 | 140.00 |
| 07/23/2026 | PJS | Emails with client and N. Sanders regarding settlement agreement. | 200.00 | 0.10 | 20.00 |

Karen Sue Naylor, Chapter 7 Trustee

RE: in re Foothill and Towne LLC

Statement Date: July 31, 2026
Statement No. 8
Account No. 2026011-01 E



| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 07/25/2026 | PJS | Emails regarding revised settlement agreement (0.3). Review and analysis of current draft (0.1). | 200.00 | 0.40 | 80.00 |
| 07/27/2026 | PJS | Emails regarding settlement agreement (0.1). Review notice regarding scheduling order (0.1). | 200.00 | 0.20 | 40.00 |
| 07/30/2026 | PJS | Review notices from court. | 200.00 | 0.10 | 20.00 |
| | | For Current Services Rendered | | 25.90 | 5,180.00 |

Recapitulation

| Timekeeper | Hours | Total |
|---|---|---|
| Paul J Sievers | 25.90 | $5,180.00 |

Expenses

| | | |
|---|---|---|
| 07/31/2026 | Document reproduction/photocopying costs incurred | 0.50 |
| | Total Expenses | 0.50 |

Advances

| | | |
|---|---|---|
| 07/01/2026 | Federal Express Tracking #873798385301 Shipment on 07/01/2026 to Attn. Hon. Scott C. Clarkson Santa Ana - BK Division Regan. | 10.95 |
| 07/01/2026 | Federal Express Tracking #873798410372 Shipment on 07/01/2026 to Attn. Hon. Scott C. Clarkson Santa Ana - BK Division Regan. | 10.95 |
| 07/08/2026 | Federal Express Tracking #874083482744 Shipment on 07/08/2026 to Attn. Hon Scott C. Clarkson Santa Ana - BK Division Regan. | 10.95 |
| | Total Advances | 32.85 |

| | |
|---|---|
| Total Current Work | 5,213.35 |
| Previous Balance | $6,784.79 |
| **TOTAL AMOUNT DUE:** | $11,998.14 |

Your account is 120 days past due.

KBR | KREDITOR BOLDUC RISBROUGH LLP

ATTORNEYS AT LAW

3200 Park Center Drive, Suite 800
Costa Mesa, CA 92626
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Karen Sue Naylor, Chapter 7 Trustee
c/o Nanette D. Sanders
RINGSTAD
23101 Lake Center Driver, Suite 355
Lake Forest, CA 92630

Statement Date: August 31, 2026
Statement No. 9
Account No. 2026011-01 E
Page: 1

Attn: Nanette D. Sanders, RINGSTAD
RE: in re Foothill and Towne LLC
cc: nanette@ringstadlaw.com

**Payment Due Upon Receipt**

Interim Statement

Fees

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 08/03/2026 | PJS | Emails with N. Sanders regarding settlement (0.2). Review and execute settlement agreement (0.1). | 200.00 | 0.30 | 60.00 |
| 08/04/2026 | PJS | Emails with N. Sanders regarding settlement (0.2). Telephone call with same regarding same (0.5). | 200.00 | 0.70 | 140.00 |
| 08/05/2026 | PJS | Review motion to approve compromise of claim (0.2). Emails with N. Sanders regarding same (0.4). Review motion to approve compromise in A. Nguyen estate (0.1). | 200.00 | 0.70 | 140.00 |
| 08/06/2026 | PJS | Calendar state court status conference and motion to approve compromise. | 200.00 | 0.20 | 40.00 |
| 08/12/2026 | PJS | Email regarding motion to approve settlement (0.1). | 200.00 | 0.10 | 20.00 |
| 08/14/2026 | PJS | Prepare for and attend status conference in state court action (1.0). Calendar follow-up hearing (0.2). Review opposition to trustee's motion to approve settlement (0.4). | 200.00 | 1.60 | 320.00 |
| 08/18/2026 | PJS | Email from N. Sanders regarding fee application (0.1). Review reply to A. Nguyen's opposition to motion to approve settlement (0.3). | 200.00 | 0.40 | 80.00 |
| 08/19/2026 | PJS | Review creditor's withdrawal of claim (0.1). Review notice of unpublished authorities filed by A. Nguyen's counsel (0.1). | 200.00 | 0.20 | 40.00 |
| 08/20/2026 | PJS | Review notice of withdrawal of claim by creditor. | 200.00 | 0.10 | 20.00 |
| 08/21/2026 | PJS | Review notice of withdrawal of claims (0.1). Draft and revise fee application (0.3). | 200.00 | 0.40 | 80.00 |
| 08/24/2026 | PJS | Draft and revise fee application (0.9). Review | | | |

Karen Sue Naylor, Chapter 7 Trustee

RE: in re Foothill and Towne LLC

Statement Date: August 31, 2026
Statement No. 9
Account No. 2026011-01 E
Page: 2

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| | | notice of claim withdrawal (0.1). | 200.00 | 1.00 | 200.00 |
| 08/25/2026 | PJS | Prepare for hearing on motion to approve settlement (0.1) Attend same (0.8). | 200.00 | 0.90 | 180.00 |
| 08/26/2026 | PJS | Emails with N. Sanders regarding fee application (0.2). | 200.00 | 0.20 | 40.00 |
| 08/31/2026 | PJS | Draft and revise fee application. | 200.00 | 0.70 | 140.00 |
| | | For Current Services Rendered | | 7.50 | 1,500.00 |

Recapitulation

| Timekeeper | Hours | Total |
|---|---|---|
| Paul J Sievers | 7.50 | $1,500.00 |

Expenses

| | | |
|---|---|---|
| 08/31/2026 | Document reproduction/photocopying costs incurred | 11.75 |
| | Total Expenses | 11.75 |
| | Total Current Work | 1,511.75 |
| | Previous Balance | $11,998.14 |
| | **TOTAL AMOUNT DUE:** | $13,509.89 |

Your account is 180 days past due.

KBR | KREDITOR BOLDUC RISBROUGH LLP

ATTORNEYS AT LAW

3200 Park Center Drive, Suite 800
Costa Mesa, CA 92626
Telephone: (949) 788-8900
Facsimile: (949) 788-8980

Karen Sue Naylor, Chapter 7 Trustee
c/o Nanette D. Sanders
RINGSTAD
23101 Lake Center Driver, Suite 355
Lake Forest, CA 92630

Statement Date: September 30, 2026
Statement No. 10
Account No. 2026011-01 E
Page: 1

Attn: Nanette D. Sanders, RINGSTAD
RE: in re Foothill and Towne LLC
cc: nanette@ringstadlaw.com

**Payment Due Upon Receipt**

Fees

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 09/01/2026 | PJS | Draft and revise fee application. | 200.00 | 0.20 | 40.00 |
| 09/02/2026 | PJS | Draft and revise fee application. | 200.00 | 0.40 | 80.00 |
| 09/03/2026 | PJS | Draft and revise fee application (2.2). Review proof of claim (0.1). Telephone calls with N. Sanders regarding fee application and winding up case (0.4) | 200.00 | 2.70 | 540.00 |
| 09/04/2026 | PJS | Draft and revise fee application. | 200.00 | 0.70 | 140.00 |
| 09/08/2026 | PJS | Draft and revise fee application. | 200.00 | 0.40 | 80.00 |
| 09/11/2026 | PJS | Emails with N. Sanders regarding timeline for potential appeal from settlement order. | 200.00 | 0.20 | 40.00 |
| 09/13/2026 | PJS | Email from client and N. Sanders regarding deadline to file fee applications. | 200.00 | 0.10 | 20.00 |
| 09/14/2026 | PJS | Review and file documents served by Trustee and Court regarding settlement and closing estate. | 200.00 | 0.20 | 40.00 |
| 09/15/2026 | PJS | Emails with N. Sanders regarding settlement, fee application and dismissal of state court action. | 200.00 | 0.20 | 40.00 |
| 09/16/2026 | PJS | Emails with N. Sanders and J. Scheer regarding dismissal of state court litigation (0.4). Review and analysis of settlement agreement concerning dismissal of state court actions (0.1). | 200.00 | 0.50 | 100.00 |
| 09/21/2026 | PJS | Draft and revise fee application (0.1). Direct dismissal of state court litigation (0.1). | 200.00 | 0.20 | 40.00 |
| 09/22/2026 | PJS | Telephone call to N. Sanders regarding fee application (0.1). Review and revise dismissal of state court litigation (0.1). | 200.00 | 0.20 | 40.00 |

Karen Sue Naylor, Chapter 7 Trustee

Statement Date: September 30, 2026
Statement No. 10
Account No. 2026011-01 E

RE: in re Foothill and Towne LLC



| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 09/23/2026 | PJS | Review and direct filing of dismissal of state court action. | 200.00 | 0.20 | 40.00 |
| 09/24/2026 | PJS | Confirm dismissal of state court litigation (0.1). Emails with opposing counsel regarding dismissal of action (0.2). | 200.00 | 0.30 | 60.00 |
| 09/29/2026 | PJS | Draft and revise fee application. | 200.00 | 0.10 | 20.00 |
| | | For Current Services Rendered | | 6.60 | 1,320.00 |

Recapitulation

| Timekeeper | Hours | Total |
|---|---|---|
| Paul J Sievers | 6.60 | $1,320.00 |

| | |
|---|---|
| Total Current Work | 1,320.00 |
| Previous Balance | $13,509.89 |
| **TOTAL AMOUNT DUE:** | $14,829.89 |

Your account is 180 days past due.

**ATTACHMENT TO ITEM 7g IN APPLICATION FOR PAYMENT OF FINAL FEES AND/OR EXPENSES**

Applicant was retained with agreed compensation at reduced hourly rates with a 15% contingency fee calculated by a measure of recovery to the estate consisting of the amount of the reduction of Green Lotus Proof of Claim No. 2-1. Copies of Applicant's Employment Application [Dkt. No. 125] and the Order Granting Application [Dkt. No. 130] are attached.

On September 4, 2026, this Court entered its Order Granting Motion of Chapter 7 Trustee for Order Approving Compromise and Settlement with Green Lotus Group, LLC [Dkt. 169]. Pursuant to point 3 of that Order, "Proof of Claim No. 2-1 filed by Green Lotus, is allowed as a nonpriority unsecured claim in the amount of $350,000[.]" A copy of the Court's order is also attached.

Proof of Claim No 2-1 was filed in the amount of $1,187,779.28. Less $350,000 is a reduction of $837,779.28. 15% of this reduction equals $125,666.89.

The contingency fee owed to Applicant pursuant its fee application approved by this Court equals **$125,666.89**.

Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Karen Sue Naylor,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>FOOTHILL AND TOWNE LLC,<br><br>Debtor. | Case No. 8:25-bk-10136 SC<br><br>Chapter 7 Proceeding<br><br>**APPLICATION OF CHAPTER 7 TRUSTEE FOR EMPLOYMENT OF FITZGERALD KREDITOR BOLDUC RISBROUGH, LLP, AS SPECIAL LITIGATION COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF KAREN SUE NAYLOR AND PAUL JOHNSON SIEVERS IN SUPPORT THEREOF**<br><br>(No Hearing Required)<br>[Local Bankruptcy Rule 2014-1(b)(1)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

Karen Sue Naylor, Chapter 7 Trustee (the "Trustee") in the above-captioned Chapter 7 bankruptcy proceeding of Foothill and Towne LLC (the "Debtor"), hereby submits her Application (the "Application") to Employ Fitzgerald Kreditor Bolduc Risbrough, LLP (the "Firm") to represent the bankruptcy estate as special litigation counsel pursuant to 11 U.S.C.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Section 327(e), and to be paid on a hybrid reduced hourly rate/contingency basis pursuant to Section 328, for the purpose of pursuing the estate's claims against Green Lotus Group, LLC ("Green Lotus"), arising out of, among other things, the disputed secured claim asserted by Green Lotus against the assets of the Estate.

This Application is based upon the attached Memorandum of Points and Authorities and supporting Declarations of Karen Sue Naylor and Paul Johnson Sievers, the Court's records and files in this bankruptcy proceeding, and on such other and further matters as the Court may allow.

PLEASE TAKE NOTICE that any response, opposition or request for hearing on the Application must be filed (with a duplicate copy) with the above-captioned Court located at 411 West Fourth Street, Suite 2030, Santa Ana, California 92701, and served on counsel for the Trustee at the address indicated in the upper-left hand corner of the first page of this document, as well as on all other parties entitled to service thereof, within fourteen (14) days of the date of service of the notice on the Application. Failure to timely file and serve an opposition, response or request for hearing may be deemed by the Court to be consent to the relief sought in the Application.

WHEREFORE, the Trustee respectfully requests that this Court enter an order authorizing the Trustee to employ the Firm pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, effective immediately; and for such other and further relief as the Court deems just and proper under the circumstances.

DATED: January 20, 2026 RINGSTAD & SANDERS LLP

By: *\/s/ Nanette D. Sanders*
Nanette D. Sanders
General Bankruptcy Counsel for Karen Sue Naylor,
Chapter 7 Trustee

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Case 8:25-bk-10136-SC Doc 123 Filed 01/07/26 Entered 01/07/26 13:56:37 Desc
Main Document Page 3 of 36

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A. Background.**

On or about January 17, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

On July 1, 2025, the Court entered an *Order Converting Case to Chapter* 7 (the "Conversion Order" [Dkt. No. 68].

On July 2, 2025, Karen Sue Naylor was appointed as acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate") [Dkt. No. 72].

**B. The Disputed Green Lotus Claim.**

On June 5, 2025, Green Lotus filed Claim No. 2-1 against the Estate, asserting a secured claim against the Debtor's real property located at 700-704 Foothill Boulevard, Pomona, CA (the "Foothill Property") in the amount of $1,187,779.28 based upon "money loaned." Attached to Claim No. 2-1 are several documents, including a Note and Deed of Trust. The Note contains the following language: **This Note is meant to serve as additional collateral for loans made to Minh Tuong Nguyen from Green Lotus Group LLC that are currently outstanding totaling $1,699,670.94. This Note is not a new Loan. Lender will release this note as those outstanding loans are paid off.** (emphasis in the original).

As reflected in the Debtor's *Status Report* [Dkt. No. 67] (the "Status Report"), filed with the Court on June 20, 2025, the Debtor commenced litigation pre-petition against Green Lotus seeking a determination that the note securing the deed of trust on the Foothill Property was not supported by consideration and otherwise unenforceable. The action entitled *Foothill and Towne, LLC v. Green Lotus Group, LLC, et al.*, was commenced in the Los Angeles Superior Court on June 18, 2024 by way of *Verified Complaint For: 1. Quiet Title; 2. Cancellation of Instruments; 3. Slander of Title; and, 4. Declaratory Relief*, Case No. 24STCV15235 (the "LASC Action"). The Debtor removed the LASC Action to this Court on April 15, 2025, commencing Adversary Proceeding No. 8:25-ap-01227-SC. On July 1, 2025, concurrently with entry of the Conversion

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Order, the Court entered its *Order Sua Sponte Abstaining, Remanding Action to State Court, and Vacating Hearing* [Adv. Dkt. No. 12].

**C. <u>The Sale of the Foothill Property</u>.**

Prior to the Trustee's appointment, on March 11, 2025, the Debtor filed its *Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* (the "Sale Motion") [Dkt. No. 34]. The Sale Motion relates to the Foothill Property.

The Sale Motion was opposed by RJS Financial [Dkt. No. 42], Green Lotus [Dkt. No. 43], and Val-Chris [Dkt. No. 44], and heard by the Court on April 2, 2025, at which time the Sale Motion was granted. The *Order Granting Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* (the "Sale Order") was entered by the Court on April 29, 2025 [Dkt. No. 55]. The Sale Order provided for the sale of the Foothill Property free and clear of the disputed Green Lotus claim, with the proviso that the sum of $1,500,000 be segregated from the sale proceeds for the benefit of Green Lotus pending a determination of the validity and priority of the disputed Green Lotus claim.

As of the time of the Trustee's appointment, escrow was pending regarding the proposed sale of the Foothill Property. Given changed circumstances relating to the Foothill Property and the Sale Order, on July 18, 2025 the Trustee caused to be filed a *Stipulation re: Amendment of Order Granting Motion to (1) Approve Sale of Real Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* [Dkt. No. 79], which stipulation was approved by way of order entered July 18, 2025 [Dkt. No. 83]. Escrow thereafter closed on July 24, 2025 (see, *Trustee's Report of Sale Pursuant to Federal Rules of Bankruptcy Procedure 6004(f)(1)* [Dkt. No.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

94]), with the sum of $1,500,000 segregated by the Trustee from the sale proceeds for the benefit of disputed secured creditor Green Lotus.

Subsequent to the sale of the Foothill Property, the Trustee has investigated the facts and circumstances regarding the disputed Green Lotus claim, and after many months of attempting to resolve the dispute consensually, has determined that the Estate has valid claims against Green Lotus, including but not limited to pursuant to 11 U.S.C. Section 548 (the "Claims").

**D. <u>Scope of Proposed Employment</u>.**

The Trustee seeks to employ the Firm to act as her special litigation counsel for the sole purpose of pursuing the Estate's Claims against Green Lotus.

As reflected in the Debtor's Status Report, the Debtor intended to retain the Firm as special counsel in the Chapter 11 proceeding, noting that the Firm represented the Debtor in the LASC Action, which action remains pending as of the date hereof. The Trustee intends to dismiss the LASC Action following commencement of an adversary proceeding to pursue the Estate's Claims.

To that end, the Trustee requires the Firm's assistance in performing, among other things, the following tasks:

1. Providing legal advice, representation, and counsel on all matters related to all Claims the Estate may have against Green Lotus for damages sustained by the Estate arising out of its wrongful recordation of a deed of trust against the Foothill Property, refusing to release same in order to facilitate a pre-petition sale, and continued assertion of an invalid secured claim which precipitated the Debtor's bankruptcy filing and has resulted in the segregation of substantial funds of the Estate which would otherwise have paid all claims in full and resulted in final administration of the Estate; and,

2. Commencing and prosecuting the necessary adversary proceeding to pursue the Estate's Claims against Green Lotus, and recover all damages sustained in connection therewith.

**E. <u>The Firm</u>.**

The Firm, located in Irvine, CA, is composed of attorneys who specialize in civil litigation, representing both plaintiffs and defendants. The Firm represents clients in state and

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

federal court as well as in arbitration and mediation to address a wide spectrum of disputes. Paul Johnson Sievers, Esq. is of counsel to the Firm through his APC, and is the attorney primarily responsible for prosecution of the Debtor's LASC Action against Green Lotus. As such, Mr. Sievers will be the primary attorney handling the prosecution of the Estate's claims, with a copy of his personal resume attached as Exhibit "1" to his declaration (the "Sievers Declaration") filed in support hereof.

Other than as set forth below, neither the Firm, nor any of the attorneys comprising or employed by it: (1) is an equity security holder, or insider of the Debtor; (2) is, or was within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor; or (3) has an interest materially adverse to the interest of the Estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, or connection with, or interest in, the Debtor, or for any other reason. The Firm is a pre-petition creditor of the Debtor given that it was engaged pre-petition to prosecute the LASC Action. As of the Petition Date, the Debtor had an unpaid balance with the Firm in the approximate amount of $41,000 (See, Proof of Claim 6, filed October 20, 2025). As set forth by the Debtor in the Status Report, it was the Debtor's intention to engage the Firm to continue prosecution of the LASC Action post-petition. Although it appears that the Firm performed services for the Debtor post-petition, the Debtor did not submit an employment application for the Firm prior to the Conversion Date. The Firm has advised the Trustee that post-petition fees were incurred in the approximate amount of $13,864.91, and it elected not to submit a claim for such services prior to the expiration of the December 15, 2025 administrative claims bar date given that an employment application was not filed by the Debtor.

In addition, other than as set forth below, neither the Firm nor any of the attorneys comprising or employed by it, holds or represents an interest adverse to the Estates since it does not: (1) possess or assert an economic interest that would tend to lessen the value of the Estate; (2) possess or assert an economic interest that would create either an actual or potential dispute in which the Estate is a rival claimant; or (3) possess a predisposition that creates a bias against the Estate. Here, Mr. Sievers previously represented Ashley Nguyen, the 100% member of the

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Debtor, and Don Nguyen, the ex-husband of Ms. Nguyen, in asserting claims against Minh Nguyen for monies loaned. Minh Nguyen is also known as Minh Tuong Nguyen, and is the individual referenced in the Green Lotus note (See, Section B hereinabove). In that representation, Mr. Sievers initiated litigation on behalf of the Nguyens, styled *Ashley Nguyen and Don Nguyen v. Minh Nguyen, et al.,* Case No. 30-2024-01413872-CU-CO-CJC, before the Orange County Superior Court. This action has been dismissed effective December 19, 2025.

The Trustee's general bankruptcy counsel, Ringstad & Sanders LLP ("R&S"), will work in conjunction with the Firm, providing bankruptcy related strategy and input on all filings.

**F. <u>Compensation</u>.**

The Firm proposes to render services to the Estate on a hybrid reduced hourly fee/contingency fee basis. The Trustee has agreed, subject to Court approval, to compensate the Firm as follows:

(a) $200.00 per hour for services rendered, plus costs advanced; plus $100.00 per hour for paralegals. Current hourly rates for attorneys of the Firm are $330 to $600, with paralegals charged at the rate of $175 per hour; and,

(b) FIFTEEN PERCENT (15%) of any recovery achieved on behalf of the Estate, including any portion of the Green Lotus disputed lien avoided.

The Firm will submit fee applications on an interim or final basis relating to services performed at the reduced hourly rate. Any request for the contingency fee portion of the proposed fee would be the subject of a motion to approve any settlement reached with regard to the Estate's Claims, or a final fee application following a successful prosecution of the Claims and avoidance of all or any portion of the disputed Green Lotus secured claim, and/or collection of any damages or other sums awarded by the Estate

**II.**

**<u>LEGAL AUTHORITY AND ARGUMENT</u>**

Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code" or the "Code") provides:

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons to represent or assist the trustee in carrying out the trustee's duties under this title.

Thus, under the Bankruptcy Code, a professional may be employed so long as such professional does not (1) hold or represent an interest adverse to the estate, and (2) is a "disinterested person."

The term "disinterested person" is defined by Section 101(14) of the Bankruptcy Code as follows:

> The term 'disinterested person' means a person that – (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

As set forth above and in the supporting Naylor and Siever Declarations, the Firm and its attorneys are disinterested persons as that term is defined by the Bankruptcy Code. The Firm and its attorneys are insiders of the Debtor, are and were not employees of the Debtor, and do not have any interest materially adverse to the interests of the Estate or any class of creditors or equity security holders. The Firm holds a pre-petition unsecured claim for services rendered to the Debtor in prosecuting the LASC Action. Given that the holding of a pre-petition claim does not disqualify proposed counsel from acting in the capacity of special counsel, versus general counsel, the Trustee submits that this pre-petition claim does not constitute an adverse interest that would disqualify the Firm from representing the Estate in pursuing the Claims against Green Lotus.

In the Ninth Circuit, the definition of "adverse interest" is as follows:

> A generally accepted definition of "adverse interest" is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate.

*Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 845 (9th Cir. 2008).

As set forth above and in the supporting declarations, neither the Firm nor its attorneys hold or represent any interest that would either tend to lessen the value of the Estate or would create an actual or potential dispute with the Estate. Neither the Firm nor its attorneys possess a predisposition that creates any bias against the Estate.

The Trustee proposes to pay a hybrid reduced hourly rate for services rendered, and if the Firm is successful in prosecuting the Estate's Claims, a contingency fee of 15% of any recovery as described above. This payment structure is allowed by § 328(a), which provides that "[t]he trustee … with the court's approval, may employ … a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including … on a fixed percentage basis, or on a contingent fee basis." Here, employment on a hybrid reduced hourly rate, plus a contingent fee is appropriate as recovery is uncertain and a contingent fee payment pursuant to § 328 will limit the risk to the Estate from an unfavorable outcome.

To be clear and unambiguous, the Trustee is proposing to compensate the Firm pursuant to 11 U.S.C. § 328. The Trustee is not seeking to compensate the Firm pursuant to 11 U.S.C. § 330.

**III.**

**CONCLUSION**

Based upon the foregoing, the Declarations of Karen Sue Naylor and Paul Sievers, and the exhibits attached to the declarations, the Trustee requests that the Court authorize employment of the Firm on the terms and conditions set forth herein, with such employment effective January 1, 2026, and for such other and further relief as the Court deems just and proper.

Dated: January 20, 2026

Respectfully Submitted,
RINGSTAD & SANDERS LLP

By: */s/ Nanette D. Sanders*
Nanette D. Sanders
General Bankruptcy Counsel for
Karen Sue Naylor, Chapter 7 Trustee

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**DECLARATION OF KAREN SUE NAYLOR**

I, Karen Sue Naylor, declare as follows:

1. I am an adult over the age of eighteen years. I am the duly appointed and acting interim Chapter 7 Trustee for the bankruptcy estate (the "Estate") of *Foothill and Towne LLC* (the "Debtor"). The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify thereto. I submit this declaration in support of my application for authority to employ Fitzgerald Kreditor Bolduc Risbrough, LLP (the "Firm") as special litigation counsel to represent the bankruptcy estate in the litigation described below.

**Background.**

2. I am informed and believe that on or about January 17, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

3. On July 1, 2025, the Court entered an *Order Converting Case to Chapter* 7 (the "Conversion Order" [Dkt. No. 68].

4. On July 2, 2025 I was appointed as acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate") [Dkt. No. 72].

**The Disputed Green Lotus Claim.**

5. Based upon my review of the claims register maintain in this case by the Clerk of the Court, I am informed and believe that on June 5, 2025, Green Lotus Group, LLC ("Green Lotus"), filed Claim No. 2-1 against the Estate, asserting a secured claim against the Debtor's real property located at 700-704 Foothill Boulevard, Pomona, CA (the "Foothill Property") in the amount of $1,187,779.28 based upon "money loaned." Attached to Claim No. 2-1 are several documents, including a Note and Deed of Trust. The Note contains the following language: **This Note is meant to serve as additional collateral for loans made to Minh Tuong Nguyen from Green Lotus Group LLC that are currently outstanding totaling $1,699,670.94. This Note is not a new Loan. Lender will release this note as those outstanding loans are paid off.** (emphasis in the original).

6. As reflected in the Debtor's *Status Report* [Dkt. No. 67] (the "Status Report"), filed with the Court on June 20, 2025, the Debtor commenced litigation pre-petition against

Green Lotus seeking a determination that the note securing the deed of trust on the Foothill Property was not supported by consideration and otherwise unenforceable. The action entitled *Foothill and Towne, LLC v. Green Lotus Group, LLC, et al.*, was commenced in the Los Angeles Superior Court on June 18, 2024 by way of *Verified Complaint For: 1. Quiet Title; 2. Cancellation of Instruments; 3. Slander of Title; and, 4. Declaratory Relief*, Case No. 24STCV15235 (the "LASC Action"). The case docket reflects that the Debtor removed the LASC Action to this Court on April 15, 2025, commencing Adversary Proceeding No. 8:25-ap-01227-SC. On July 1, 2025, concurrently with entry of the Conversion Order, the Court entered its *Order Sua Sponte Abstaining, Remanding Action to State Court, and Vacating Hearing* [Adv. Dkt. No. 12].

**The Sale of the Foothill Property.**

7. Prior to my appointment, on March 11, 2025, the Debtor filed its *Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* (the "Sale Motion") [Dkt. No. 34]. The Sale Motion relates to the Foothill Property.

8. The case docket reflects that the Sale Motion was opposed by RJS Financial [Dkt. No. 42], Green Lotus [Dkt. No. 43], and Val-Chris [Dkt. No. 44], and heard by the Court on April 2, 2025, at which time the Sale Motion was granted. The *Order Granting Motion to (1) Approve Sale of Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine That Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* (the "Sale Order") was entered by the Court on April 29, 2025 [Dkt. No. 55]. The Sale Order provided for the sale of the Foothill Property free and clear of the disputed Green Lotus claim, with the proviso that the sum of $1,500,000 be segregated from the sale proceeds for the benefit of Green Lotus pending a determination of the validity and priority of the disputed Green Lotus claim.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

9. As of the time of my appointment, escrow was pending regarding the proposed sale of the Foothill Property. Given changed circumstances relating to the Foothill Property and the Sale Order, on July 18, 2025 I caused to be filed a *Stipulation re: Amendment of Order Granting Motion to (1) Approve Sale of Real Property Free and Clear of Disputed Lien with Such Lien to Attach to the Proceeds Pursuant to 11 U.S.C. 363(b) and (f); (2) Approve Sale Without Overbid or Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. 363(m)* [Dkt. No. 79], which stipulation was approved by way of order entered July 18, 2025 [Dkt. No. 83]. Escrow thereafter closed on July 24, 2025 (see, *Trustee's Report of Sale Pursuant to Federal Rules of Bankruptcy Procedure 6004(f)(1)* [Dkt. No. 94]), with the sum of $1,500,000 segregated by me from the sale proceeds for the benefit of disputed secured creditor Green Lotus.

10. Subsequent to the sale of the Foothill Property, I have investigated the facts and circumstances regarding the disputed Green Lotus claim, and after many months of attempting to resolve the dispute consensually, have determined that the Estate has valid claims against Green Lotus, including but not limited to pursuant to 11 U.S.C. Section 548 (the "Claims").

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**<u>Scope of Proposed Employment</u>.**

11. By this application, I seek authorization from the Court to employ the Firm to act as my special litigation counsel for the sole purpose of pursuing the Estate's Claims against Green Lotus. As reflected in the Debtor's Status Report, the Debtor intended to retain the Firm as special counsel in the Chapter 11 proceeding, noting that the Firm represented the Debtor in the LASC Action, which action remains pending as of the date hereof. I intend to dismiss the LASC Action following commencement of an adversary proceeding to pursue the Estate's Claims. To that end, I require the Firm's assistance in performing, among other things, the following tasks:

(a) Providing legal advice, representation, and counsel on all matters related to all Claims the Estate may have against Green Lotus for damages sustained by the Estate arising out of its wrongful recordation of a deed of trust against the Foothill Property, refusing to release same in order to facilitate a pre-petition sale, and continued assertion of an invalid secured claim which precipitated the Debtor's

bankruptcy filing and has resulted in the segregation of substantial funds of the Estate which would otherwise have paid all claims in full and resulted in final administration of the Estate; and,

(b) Commencing and prosecuting the necessary adversary proceeding to pursue the Estate's Claims against Green Lotus, and recover all damages sustained in connection therewith.

12. My general bankruptcy counsel, Ringstad & Sanders LLP ("R&S"), will work in conjunction with the Firm, providing bankruptcy related strategy and input on all filings.

**The Firm**.

13. I am informed and believe that the Firm, located in Irvine, CA, is composed of attorneys who specialize in civil litigation, representing both plaintiffs and defendants. The Firm represents clients in state and federal court as well as in arbitration and mediation to address a wide spectrum of disputes. I am further informed and believe that Paul Johnson Sievers, Esq. is associated with the Firm through his APC, and is the attorney primarily responsible for prosecution of the Debtor's LASC Action against Green Lotus. As such, Mr. Sievers will be the primary attorney handling the prosecution of the Estate's claims.

**Compensation.**

14. The Firm proposes to render services to the Estate on a hybrid reduced hourly fee/contingency fee basis. I have agreed, subject to Court approval, to compensate the Firm as follows:

(a) $200.00 per hour for services rendered, plus costs advanced; plus $100.00 per hour for paralegals. I am informed that current hourly rates for attorneys of the Firm are $330 to $600, with paralegals charged at the rate of $175 per hour; and,

(b) FIFTEEN PERCENT (15%) of any recovery achieved on behalf of the Estate, including any portion of the Green Lotus disputed lien avoided.

The Firm will submit fee applications on an interim or final basis relating to services performed at the reduced hourly rate. Any request for the contingency fee portion of the proposed fee would be the subject of a motion to approve any settlement reached with regard to the Estate's Claims,

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

or a final fee application following a successful prosecution of the Claims and avoidance of all or any portion of the disputed Green Lotus secured claim, and/or collection of any damages or other sums awarded by the Estate

15. To the best of my knowledge, the Firm does not represent or hold any interest adverse to the Debtor or the Estate.

16. I believe that the employment of the Firm to represent the Estate to pursue its Claims against Green Lotus, on the terms and conditions set forth herein, is in the best interests of creditors and the Estate.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of January, 2026, at Lake Forest, California.

Karen Sue Naylor Trustee

Karen Sue Naylor

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**DECLARATION OF PAUL JOHNSON SIEVERS/STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER RULE 2014, FEDERAL RULES OF BANKRUPTCY PROCEDURE**

I, Paul Johnson Sievers, in conformity with Official Form F 2014-1, declare:

1. I am an attorney at law licensed to practice before all the Courts of the State of California and before the United States District Court for the Central District of California. By and through my firm Paul Sievers, APC, I am of counsel to and affiliated with Fitzgerald Kreditor Bolduc Risbrough, LLP (collectively, the "Firm"), proposed special litigation counsel for the Trustee as described in the foregoing Application. I am authorized to make this Declaration on behalf of the Firm. All capitalized terms used herein are as defined in the foregoing Application.

2. This declaration is made in support of the foregoing Application by Karen Sue Naylor, the duly appointed and acting chapter 7 trustee (the "Applicant" or the "Trustee") of the above-captioned debtor (the "Debtor"), to retain the Firm as the Trustee's special litigation counsel, effective as of January 1, 2026. All capitalized terms used herein shall have the same meaning as in the foregoing Application.

3. The Firm, its members, associates, of counsel, and affiliated attorneys are well-qualified to represent the Trustee in this matter, as can be seen from the biographical information of the Firm's lawyers. A true and correct copy of my resume is attached hereto as Exhibit "1," and true and correct copies of the attorneys and paralegals of the Firm expected to work with me are attached hereto as Exhibits "2" and "3."

4. Pursuant to the Application, the Firm has agreed to render services to the Trustee as special litigation counsel relating to the Estate's Claims against Green Lotus on the terms and conditions set forth in the Application. The proposed $200 reduced hourly rate is substantially below the standard hourly rate I charge of $475, and the range of rates charged by those attorneys expected to assist me with this representation of $330 to $600. Any paralegals utilized in the proposed representation will be charged at the rate of $100, rather than their standard hourly rate of $175.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

5. It is contemplated that the Firm will seek interim or final compensation, and reimbursement of costs advanced in representing the Estate pursuant to section 328 of the Bankruptcy Code.

6. The Firm has not been paid a monetary retainer in connection with the proposed representation.

7. The Firm has carefully reviewed its files and determined that no conflict exists in connection with this matter, and further that the Firm neither holds nor represents a claim against the Debtor or the Estate other than as described below and in the Application. The Firm will pursue the Claims against Green Lotus on behalf of the Estate with the understanding that the Trustee's general counsel, Ringstad & Sanders, will provide bankruptcy substantive and procedural advice.

8. The Firm represents no creditor or other party in interest in this Chapter 7 case other than as described above and in the Application. The Firm does not represent and has not represented any creditor or other party in interest in this Chapter 7 case, except as noted herein. Therefore, to the best of my knowledge, information and belief, the Firm is a disinterested party in the within Chapter 7 case as that term is defined by the Bankruptcy Code.

9. The following is a complete description of the Firm's connections with the Debtor, its creditors, any other party in interest:

(a) The Firm is a pre-petition creditor of the Debtor given that it was engaged pre-petition to prosecute the LASC Action. As of the Petition Date, the Debtor had an unpaid balance with the Firm in the approximate amount of $41,000 (See, Proof of Claim 6, filed October 20, 2025). As set forth by the Debtor in the Status Report, it was the Debtor's intention to engage the Firm to continue prosecution of the LASC Action post-petition. Although the Firm performed services for the Debtor post-petition, the Debtor did not submit an employment application for the Firm prior to the Conversion Date. The Firm incurred post-petition fees in the approximate amount of $13,864.91, and it elected not to submit a claim for such services prior to the expiration of the

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

December 15, 2025 administrative claims bar date given that an employment application was not filed by the Debtor.

(b) I previously represented Ashley Nguyen, the 100% member of the Debtor, and Don Nguyen, the ex-husband of Ms. Nguyen, in asserting claims against Minh Nguyen for monies loaned. Minh Nguyen is also known as Minh Tuong Nguyen, and is the individual referenced in the Green Lotus note (See, Section B of the Application). In that representation, I initiated litigation on behalf of the Nguyens, styled *Ashley Nguyen and Don Nguyen v. Minh Nguyen, et al.,* Case No. 30-2024-01413872-CU-CO-CJC, before the LASC. This action has been dismissed effective December 19, 2025.

10. The Firm is not an equity security holder or an insider of the Debtor other than as set forth in the Application.

11. The Firm is not and was not an investment banker for any outstanding security of the Debtor.

12. The Firm is and was not, within three years before the date of the filing of the Petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

13. The Firm is not and was not, within two years before the date of filing of the Petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

14. The Firm neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, for reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, the Chapter 7 Trustee, or an investment banker for any security of the Debtor, or for any other reason, except as set forth in the Application.

15. The Firm's business address is 2 Park Plaza, Suite 850, Irvine, California 92614; telephone (949) 788-8900; facsimile (949) 788-8980.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

16. The members, associates and paralegals of the Firm are not relatives or employees of any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee. I am familiar and will comply with the Bankruptcy Code and the Bankruptcy Rules, the Local Bankruptcy Rules and the Guidelines of the Office of the United States Trustee. I understand that a notice of the proposed employment of the Firm is to be served on all parties pursuant to Local Bankruptcy Rule 2014-1(b)(2).

After conducting the investigation described herein, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except for those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed this 15th day of January, 2026, at Mission Viejo, California.

Paul Sievers

Paul Johnson Sievers

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

PAUL J. SIEVERS
25108 Marguerite Parkway, Suite A
Mission Viejo, CA 92692

Phone: 949-257-2270
Email: psievers@psieversapc.com

---

VITAE:

Mr. Sievers brings to bear nearly thirty-four years of litigation, appellate and transactional experience gleaned in diverse settings, but he specializes in representing and counseling insurance policy holders, parties in commercial litigation and transactions, and real estate owners, lenders and lessees in both transactional and litigation representations. He has developed considerable experience in insurance coverages, real estate title issues, including title insurance, appellate practice, and secured lending.

Mr. Sievers has spoken at continuing legal education programs and trade conferences on diverse topics, including secured lending disputes, title insurance, insurance, insolvency, commercial law and ethics.

EXPERIENCE:

February 2024 to Present, Paul J. Sievers, APC, Mission Viejo, California. Sole general practitioner representing businesses, professionals and individuals in a diverse litigation and transactional practice.

March 2020 to February 2024, Excelerate Capital, Newport Beach, California. As general counsel of Excelerate, a large QM and Non-QM residential loan originator, Mr. Sievers was responsible for supervising and managing all legal aspects of the Company's real estate lending business. Mr. Sievers managed the legal relationships between Excelerate and its loan purchasers and vendors, supervised legal compliance with State and Federal lending regulations, oversaw the legal aspects of human resources, and coordinated the handling of legal claims and problem loans.

December 2015 to March 2020, Geraci Legal Corporation, Irvine, California. Mr. Sievers managed the litigation team at a firm specializing in non-bank real estate lending and finance. He and his team of attorneys counseled and represented real estate lenders, brokers, servicers, investors and other professionals through various real property, finance, title and compliance disputes. In addition to these responsibilities, Mr. Sievers served as the firm's general counsel.

March 2006 to December 2015, Manly, Stewart & Finaldi, Irvine, California. Mr. Sievers managed his own practice, specializing in commercial real estate lending, multi-family housing, real estate development and title and casualty insurance. He also served as the firm's general counsel.

From 1991 to 2006, Rutan & Tucker, LLP, in Costa Mesa, California. As an associate and then a partner at Orange County's largest law firm, Mr. Sievers specialized in representing real estate lenders, developers, lessors and title insurers in a diverse real estate litigation practice.

EDUCATION:

Mr. Sievers received his Juris Doctor, Loyola Law School, Los Angeles, California, Order of the Coif, Cum Laude in 1991.

In 1986, Mr. Sievers received a Masters in Public Administration, University of Southern California, Los Angeles, California.

In 1983, Mr. Sievers received his Bachelor of Arts, University of California, Irvine, California.

REPRESENTATIVE CASES:

Consulted with counsel for plaintiffs on insurance coverage issues in countless cases ranging from sexual molestation, products liability and construction defects.

Represented real estate developer in obtaining policy benefits for hillside collapse. Succeeded in obtaining over $12 million toward settlement of homeowners' claims.

Represented officer of bankrupt corporation against claims of malfeasance by creditors. Succeeded in settling claims with debtor's policy benefits at no cost to client.

Represented manufacturer in action against insurer for policy benefits owing as a result of environmental contamination. Succeeded in obtaining complete funding for clean-up.

Represented officer and shareholder of dissolved corporation against claim by large multi-national lender on pre-dissolution debt. Obtained dismissal of action and payment of all fees. Upheld on appeal.

Represented intellectual property law firm in enforcing unperfected lien for fees in bankruptcy against debtor's intellectual property. Obtained substantial payment as secured creditor.

Represented commercial lessor in bankruptcy. Successfully terminated tenancy, prevented assignment to third party, and obtained sanctions against debtor's counsel and litigation consultant.

Represented tenant on long-term ground lease in action brought by lessor to adjust rent. Succeeded in obtaining complete judgment for client and award of fees. Judgment and fee award upheld on appeal.

Represented public corporation and its officers against claims for malfeasance by former director and controlling shareholder. After bankruptcy of claimant, succeeded in converting claimant's proceeding to chapter 7 and then settling the claims with the bankruptcy trustee with clients' policy benefits at no cost to client. Settlement upheld on appeal in Ninth Circuit.

Represented homeowners in claim against insurer for water-related subsidence damages. Obtained complete settlement for clients in excess of policy limits.

Represented joint tenant against quiet title and partition action brought by co-tenant. Obtained judgment of dismissal for client.

Represented certified financial planner against claims of malfeasance and breach of fiduciary duty by former client in conjunction with tax-free exchange. Obtained dismissal in conjunction with nuisance-value settlement.

Represented large multi-family developer in claim against title insurer for breach of contract and bad faith in denial of claim for Mello-Roos fees incurred as a result of undisclosed community facilities district. Obtained payment of the majority of the claimed damages.

Represented insurance broker in action for fraud and breach of contract. Obtained dismissal of claims.

<u>REPRESENTATIVE APPEALS</u>:

*Rabobank Heerlen v. Purewater Int'l.* – Obtained affirmance of judgment and fee award in client's favor.

*In re Milden* – Obtained affirmance of Bankruptcy and District Courts' rulings.

*Comerica Bank v. Reid* – Obtained reversal of judgment setting aside client's security interest.

*Irvine Retail Properties v. McIntosh* – Obtained affirmance of summary judgment in client's favor.

*Jet Source Charter, Inc. v. Doherty* – Obtained affirmance, in part, of judgment for fraud.

*Leeds v. Reino & Iida* – Obtained reversal of judgment of dismissal on demurrer.

*Ghee v. Pleasant* – Obtained affirmance of partition and quiet title judgment in client's favor.

<u>REPRESENTATIVE TRANSACTIONS</u>:

Negotiated and closed purchase of supermarket real property from discount store bankruptcy.

Negotiated and closed dozens of service and subscription contracts for security vendor.

Negotiated and closed multiple construction contracts for large contractor.

Negotiated and documented dozens of mortgage loan purchase agreements with mortgage investors.

Negotiated and closed $2 million private investment in public entity.

Negotiated and drafted loan documents for $1.9 million loan by Texas lender secured by real property.

Converted multi-million dollar equipment lessor from limited partnership to limited liability company.

Negotiated and revised documents for lease with national retailer for retail portion of multi-use project including language to accommodate requirements of public financing.

Drafted and revised rental and property management agreements for resort owner and agent.

Organized and formed limited liability company client and then negotiated and closed purchase by client of real property from bankruptcy estate worth $2 million.

Negotiated numerous acquisitions and sales of commercial, residential and agricultural properties.

<u>TRIAL EXPERIENCE</u>:

16 trials – 2 by jury.

# JULIO SOTO-KIM

Orange County • Los Angeles • (213) 477-4497 • Jsotokim@fkbrlegal.com

## LEGAL EXPERIENCE

**Fitzgerald Kreditor Bolduc Risbrough LLP,** Irvine, CA 07/2025 – Present
*Associate Attorney*

- Representing clients in all stages of litigation and transactional matters in the areas of real estate, construction, business, corporate governance, intellectual property, and employment.

**Gomez Law, APC,** Los Angeles, CA 10/2023 – 06/2025
*Senior Associate Attorney*

- Representing clients in all stages of litigation and transactional matters in the areas of real estate, business, and construction including, but not limited to, admin, marketing, and operational support.

**The Law Office of Vito P. Loverde and Program Productions, Inc.,** North America 09/2022 – 12/2023
*Corporate Counsel*

- Direct assistance to the General Counsel and Chief Legal Officer in providing legal support and research for corporate clients and staff including participating in weekly Employee Relations meetings.

**Uplift Law PC,** Placentia, CA 11/2022 – 10/2023
*Associate Attorney*

- Represented clients in all stages of litigation and transactional matters including, but not limited to, law and motion practice, court appearances, discovery, contract review/drafting, mediation, settlement, and trial prep.

**Plante Lebovic LLP,** Irvine, CA 09/2021 – 09/2022
*Associate Attorney*

- Represented builders and clients in the areas of construction, real estate, and general business.

**The Darvish Firm APC,** Los Angeles, CA 04/2021 – 09/2021
*Associate Attorney*

- Represented clients in all stages of litigation and transactional matters in the areas of business, real estate, construction, and trusts.

## LEADERSHIP AND VOLUNTEER EXPERIENCE

**California State Guard – Legal Support Command (JAG),** Los Alamitos, CA 08/2020 – Present
*Judge Advocate (previously State Military Police, 06/2013 – 08/2020)*

- Serving as a voluntary Judge Advocate officer at the rank of Captain (O-3) for the California Military Department in support of soldiers in the California National Guard and State Guard.
- Former duties include Battalion Adjutant, S-1 Administrative Officer in Charge, and Platoon Leader.
- Officer Candidate School Graduate (CSG), (August 2014)

## EDUCATION

**Southwestern Law School,** Los Angeles, CA
*Juris Doctorate*, Four-Year Evening Program (Property, Business, I.P., Entertainment, Public Service), May 2019

**California State University, Los Angeles**
*Bachelor of Arts*, Political Science (Global Politics Emphasis - Asia & Latin American Regions), September 2010

## LICENSES & ADMISSIONS

California State Bar License, # 335946 (includes admission in U.S. Central District Court of California)
California Real Estate Broker License, # 01788082
California General Building Contractor License, # 1003012

# Ji H. Park

9333 Ethel Street, Cypress, CA 90630
(714) 880-5031
JPark@ParkCapitalInvestments.com


---

**February 2022 - Present**
FitzGerald Kreditor Bolduc Risbrough LLP

Propound and respond to discovery; Review discovery and subpoena relevant records; conduct all aspects of trial preparation. Case manager for all insurance defense matters.

**August 2020 - February 2022 - Realtor**
Park Capital Investments - Cypress

Execute all aspects of wholesale residential real estate transactions.

**May 2019 - August 2020 - Operations Analyst**
Cubework.com, Inc. - City of Industry

Managed and stabilized all aspects of Operations for 20 shared warehouse facilities nationwide; Managed all associate, maintenance and janitorial staff; Negotiated with and maintained relationships with all third party vendors; maintained all local build material inventory and responsible for local and national distribution; created and implemented company protocol and procedures for operations; Worked closely with all necessary professionals, including legal counsel, architects, engineers and governmental agencies; Created and maintained all internal warehouse structure in compliance with all local regulations; maintained all necessary licensing, permits and regulatory requirements;

**2014-April 2019 -** Realtor/Investor - Managed all aspects of real estate transactions from offers to close of escrow; ensured all transactional documents were appropriately completed and signed; oversaw inspections, and appraisals; heavy contact with clients and prospective clients; valuation, purchase and sale of wholesale properties; conducted Broker Price Opinions; experienced with all aspects of residential property sales. Primary focus was on wholesale residential property transactions

**2012-2014 - Freelance Paralegal work; Real Estate Licensing;**

**2006-2011 - Restaurant General Manager**
Soot Bull Jeep (Sold 2011) - Los Angeles, CA
Managed all aspects of day-to-day restaurant operations; ordered supplies and maintained relationships with all vendors; maintained records of all expenditures and income; managed employee schedules and payroll; implemented marketing strategies as needed; attended on-site health inspections and effectuated any necessary procedural changes; maintained all aspects of property and building management; and remained on-site or on-call during all hours of operation. Awarded: Los Angeles Magazine's Best of LA 2010.

**2001-2006 - Litigation Paralegal - Insurance Defense**
Weston Herzog LLP - Glendale, CA
Conducted witness interviews; extensively ordered, compiled, reviewed and summarized medical records; reviewed and documented all physical evidence; reviewed and summarized deposition transcripts; propounded and responded to discovery requests; conducted all aspects of trial preparation; and assisted IT personnel with on-site computers and network maintenance and repair.

**1994-2001- Litigation Paralegal - Plaintiff Personal Injury**
Comroe, Effres & Bryman; Eugene W. Comroe LLC; Perry H. Rausher LLC - Woodland Hills, CA
Conducted initial client interviews; obtained photographic evidence related to property damage and/or location of incident; obtained witness statements; ordered, compiled and reviewed medical records and billing statements; maintained positive relations with clients; drafted insurance demand letters; drafted and filed summons and complaints; propounded and responded to discovery requests; conducted all aspects of trial preparation; and assisted IT personnel with on-site computer and network maintenance and repair.

**1989-1993 - Mess Management Specialist - Honorably Discharged**

U.S. Navy (E.O.D. MU3; U.S.S. Merrill DD-976; PacFleet Supply Development)

Maintained all records for supplies; produced quarter and annual accounting reports; managed galley support crew of 20; individually managed graveyard galley operations; and assisted in the development of supply inventory software system utilized by the Pacific Fleet; recipient of SouthWest Asia Service medal for participation in Desert Storm.

**Software and computer proficiency**: Comfortable in both Windows and Apple environments; extensive experience with MSOffice, WordPerfect, TimeSlips, Westlaw and multiple scanning and OCR software; CRMLS, DocuSign, DigitalInk, extremely comfortable and efficient in learning new software programs.

**Certification**:

Paralegal Certification - Catherine College, Panorama City, CA - 1994
Associate's degree - Los Angeles Valley College - 2000
Real Estate License - 2014

**Hobbies and Volunteer Work:**

1999-2001: Board Member for the Los Angeles Paralegal Association;
Lifetime Member of Veterans of Foreign War of the United States of America;
Volunteer at VFW Youth Group of Orange County;
USAPA Pickleball Ambassador for Cypress, CA; and
Avid photographer and Pickleball player.

(References and salary requirements available upon request)

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
23101 Lake Center Drive, Suite 355, Lake Forest, CA 92630

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF CHAPTER 7 TRUSTEE FOR EMPLOYMENT OF FITZGERALD KREDITOR BOLDUC RISBROUGH, LLP, AS SPECIAL LITIGATION COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF KAREN SUE NAYLOR AND PAUL JOHNSON SIEVERS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 20, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jess R Bressi** jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **David I Brownstein** david@brownsteinfirm.com
- **Arnold L Graff** agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net
- **Kristin T Mihelic** kristin.t.mihelic@usdoj.gov
- **Karen S Naylor (TR)** alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **Nanette D Sanders** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Joshua L Scheer** jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Stephen R Wade** srw@srwadelaw.com, reception@srwadelaw.com
- **Gerrick Warrington** gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On January 20, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Attn: Paul Johnson Sievers
FitzGerald Kreditor Bolduc Risbrough LLP
2 Park Plaza, Suite 850
Irvine, CA 92614

Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth St., Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 20, 2026 | Arlene Martin | /s/ Arlene Martin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case 8:25-bk-10136-SC Doc 182 Filed 02/18/26 Entered 02/18/26 15:54:28 Desc
Main Document Page 1 of 6

Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Karen Sue Naylor,
Chapter 7 Trustee

FILED & ENTERED

FEB 18 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte DEPUTY CLERK

CHANGES MADE BY COURT

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

In re

FOOTHILL AND TOWNE LLC,

Debtor.

Case No. 8:25-bk-10136 SC

Chapter 7 Proceeding

**ORDER GRANTING APPLICATION OF CHAPTER 7 TRUSTEE FOR EMPLOYMENT OF FITZGERALD KREDITOR BOLDUC RISBROUGH, LLP, AS SPECIAL LITIGATION COUNSEL**

(No Hearing Required)
[Local Bankruptcy Rule 2014-1(b)(1)]

The Court, having read and considered the *Application of Chapter 7 Trustee for Employment of Fitzgerald Kreditor Bolduc Risbrough, LLP, as Special Litigation Counsel*, and the supporting Declarations of Karen Sue Naylor and Paul Sievers and the exhibits attached thereto [filed on January 20, 2026, as Dkt. No. 125] (collectively the "Application"), the separate Notice of Application served on all creditors and interested parties [filed on January 20, 2026, as Dkt. No. 126], and finding that notice of the Application was proper, and noting that no opposition to the Application has been filed [Declaration of Non-Opposition filed on February 10, 2026, as Dkt. No. 129], and good cause appearing therefor,

///

**IT IS ORDERED** that the Application is granted and Chapter 7 Trustee, Karen Sue Naylor, is authorized to employ Fitzgerald Kreditor Bolduc Risbrough, LLP, pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, effective immediately, for the purposes set forth in the Application and according to the terms and conditions set forth in the Application, with compensation to be paid on a hybrid reduced hourly rate/contingency basis pursuant to §328 as described in the Application.

For purposes of clarity, the special counsel shall be subject to fee application review, with respect to the reduced hourly rates, based upon the normal analyses under § 327 (requiring timesheets and descriptions of services rendered), with compensation approved pursuant to § 330. The 15% contingency shall be calculated by a measure of recovery to the estate consisting of the amount of the reduction of Claim No. 2-1, filed on June 5, 2025.

**IT IS SO ORDERED.**

###

Date: February 18, 2026

Scott C. Clarkson
United States Bankruptcy Judge

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS, LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: (949) 851-7450
Facsimile: (949) 851-6926

General Bankruptcy Counsel for
Karen Sue Naylor, Chapter 7 Trustee

FILED & ENTERED

SEP 04 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

FOOTHILL AND TOWNE, LLC,

Debtor.

Case No. 8:25-bk-10136-SC

Chapter 7 Proceeding

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING COMPROMISE AND SETTLEMENT WITH GREEN LOTUS GROUP, LLC**

Hearing:

Date: August 25, 2026
Time: 11:00 a.m.
Ctrm: Courtroom 5C (Via ZoomGov)
411 West Fourth Street
Santa Ana, California 92701

The Motion of Karen Sue Naylor, Chapter 7 Trustee (the "Trustee"), for the bankruptcy estate of *In re Foothill and Towne, LLC* (the "Debtor"), for *Order Approving Compromise and Settlement with Green Lotus Group, LLC* (the "Motion") [Dkt. No. 155], came on for hearing on August 25, 2026 at 11:00 a.m. in Courtroom 5C of the above-entitled Court, utilizing the Court's ZoomGov audio and video procedures. Appearances were made as reflected in the record.

Ringstad & Sanders L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

The Court, having read and considered the Motion, the Declaration of Karen Sue Naylor in support of the Motion, the exhibit attached to such declaration, the separate *Notice of the Motion* [Dkt. No. 156], the *Combined Response to Related Motions to Approve Compromise Filed by Chapter 7 Trustees in Foothill & Towne, LLC and Ashley Nguyen Bankruptcy Cases; Request for Continuance* filed by Ashley Nguyen [Dkt. No. 158], the *Reply to Ashley Nguyen's Combined Response to Motions to Approve Compromise Filed by Chapter 7 Trustees in Foothill & Towne, LLC and Ashley Nguyen Bankruptcy Cases; Request for Continuance* filed by the Trustee [Dkt. No. 159] and supporting declarations, as well as the *Notice of Unpublished Authorities in Support of Combined Response to Related Motions to Approve Compromise Filed by Chapter 7 Trustees in Foothill & Towne, LLC and Ashley Nguyen Bankruptcy Cases; Request for Continuance* separate *Supplemental Declaration Regarding Service of the Motion* filed by Ashley Nguyen [Dkt. No. 160], issued a tentative ruling in advance of the hearing on the Motion.

Having now considered the arguments of counsel in support of and in opposition to the Motion, the Court adopts its tentative ruling with respect to the analysis of the factors established by *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986), which factors support approval of the Motion.

Based upon oral argument and findings made by the Court on the record, including that the *A&C Properties* factors support granting the Motion, finding that notice of the Motion was proper, and good cause appearing,

IT IS ORDERED:

1. The Motion is granted in its entirety, as clarified on the record;
2. The Proposed Settlement[1] is approved and the Trustee is authorized pursuant to Federal Rule of Bankruptcy Procedure 9019(a) to execute such documents as are reasonably necessary, if any, to effectuate the Proposed Settlement, including the Settlement Agreement attached to the Motion as Exhibit 1;
3. Proof of Claim No. 2-1 filed by Green Lotus, is allowed as a nonpriority unsecured claim in the amount of $350,000, to be paid according to 11 U.S.C. § 726;

[1] Defined terms are as set forth in the Motion.

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

4. Pursuant to Paragraph 3(d) of the Settlement Agreement, the lien of Green Lotus asserted against the $1,500,000 of Segregated Funds held by the Trustee is deemed released, with such funds determined to be unencumbered assets of the Estate; and,

5. This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order and the Settlement Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith.

###

Ringstad & Sanders
L.L.P.
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
949.851.7450

Date: September 4, 2026

Scott C. Clarkson
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3200 Park Center Drive, Ste 800 Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled: **APPLICATION FOR PAYMENT OF INTERIM (11 U.S.C. § 331)/FINAL FEES AND/OR EXPENSES (11 U.S.C. § 330)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/7/26 10/02/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karen S Naylor (TR) alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
Nanette D Sanders becky@ringstadlaw.com, arlene@ringstadlaw.com
Paul J. Sievers psievers@psieversapc.com, psievers@fkbrlegal.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ___________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/07/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Attn: Hon Scott C. Clarkson
SANTA ANA DIVISION - US Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/07/2026 | Jennie Gutierrez | Jennie Gutierrez |
| *Date* | *Printed Name* | *Signature* |